```
1  LINDA B. OLIVER (SBN 166720)
   loliver@maynardcooper.com
2  MAYNARD, COOPER & GALE, LLP
   600 Montgomery Street, Suite 2600
3  San Francisco, CA 94111
   Telephone: (415) 646-4700
4  Facsimile:  (205) 254-1999

5  Attorney for Defendant
   METROPOLITAN PROPERTY and
6  CASUALTY INSURANCE COMPANY
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ERIC CISNEY, KERRI CISNEY, | ) Case No. |
|---|---|
| Plaintiffs, | ) |
| v. | ) **NOTICE OF REMOVAL OF ACTION** |
| METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Rhode Island corporation, | ) **(removed from the Superior Court for Riverside County, California, Case No. PSC 1604367)** |
| Defendant. | ) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO THE PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Metropolitan Property and Casualty Insurance Company ("Met P&C") hereby removes to this Court the state court action

- 1 -
NOTICE OF REMOVAL OF ACTION

described herein on the grounds set forth below.

This breach of contract and bad faith action involves a disputed over underinsured motorist ("UIM") benefits. Plaintiffs seek all UIM benefits available under an Alabama automobile insurance policy in addition to punitive damages on their bad faith claim.

This Court has subject matter jurisdiction over the instant case under 28 U.S.C. § 1332. Complete diversity of citizenship exists because Plaintiffs and Met P&C are citizens of different states. The amount in controversy is easily satisfied as Plaintiffs seek a judgment well in excess of $75,000. Met P&C timely removed this action in accordance with 28 U.S.C. § 1446. Accordingly, jurisdiction in this Court is proper.

**BASIS FOR REMOVAL**

Pursuant to 28 U.S.C. § 1332, this action could have been filed in this Court because there is complete diversity of citizenship between Plaintiffs and Met P&C, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**I.   This Removal Is Timely Under 28 U.S.C. § 1446(b).**

1.   Met P&C was served with this action on September 14, 2016. (Exhibit B, at p.5) The initial pleading, however, was not removable because it named Jesus Rosales as a defendant and indicated that Mr. Rosales was a citizen of the State of California. (Compl. at ¶ 5); *see also* 28 U.S.C. § 1441(b)(2). The initial pleading

also named the State Compensation Insurance Fund as a party defendant and indicated that it was a citizen of the State of California.

2.   On February 9, 2017, all causes of action against State Compensation Insurance Fund were dismissed without prejudice. (Exhibit C).

3.   On February 24, 2017, all causes of action against Jesus Rosales were dismissed with prejudice. (Exhibit D).

4.   28 U.S.C. § 1446(b) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446.

5.   Here, while the initial pleading was not removable, it became removable when Mr. Rosales was dismissed from the case on February 24, 2017. As demonstrated below, the remaining parties to the case are completely diverse and the amount in controversy satisfies the jurisdictional threshold. This Notice of Removal is filed within 30 days of February 24, 2017.

**II.   Complete Diversity Of Citizenship Exists**.

6.   Defendant Met P&C is incorporated under the laws of the State of Rhode Island, with its principal place of business in Rhode Island. Pursuant to 28 U.S.C. § 1332(c)(1), Met P&C is a citizen of Rhode Island.

7.   Plaintiff Eric Cisney is domiciled in Madison County, Alabama and is a citizen of the State of Alabama.

8.   Plaintiff Kerri Cisney is domiciled in Madison County, Alabama and is a citizen of the State of Alabama.

9.   Although the Plaintiffs have asserted claims against fictitious defendants, the citizenship of fictitious defendants should be disregarded. *See* 28 U.S.C. § 1441 ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

10.  Because Mr. Rosales and the State Compensation Insurance Fund have been dismissed from this action, their citizenship may also be disregarded.

11.  Given that Plaintiffs are citizens of a different state than Met P&C, and no other parties are relevant to the diversity analysis, complete diversity of citizenship exists.

**III.   The Amount in Controversy Exceeds $75,000.**

12.  In addition to establishing diversity of citizenship among the parties, the removing party must also prove that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." *See* 28 U.S.C. § 1332(a)(1). It is clear on the face of Plaintiffs' Complaint that the amount in controversy exceeds $75,000.

13.     Plaintiffs allege that the Met P&C policy provides $500,000 in UIM benefits.  (Complaint at ¶ 11).  They also allege that they demanded in excess of $200,000 in UIM benefits from Met P&C.[1]  (Complaint at ¶ 17.)  Plaintiffs contend that Met P&C breached the policy by failing to pay these UIM benefits.  (Complaint at ¶ 44).  Plaintiffs, therefore, seek at least $200,000 in compensatory damages on their breach of contract claim.  In addition, Plaintiffs also seek punitive damages on their bad faith claim against Met P&C.  Accordingly, the amount in controversy is easily met.

**IV.     All Other Removal Prerequisites Have Been Satisfied.**

14.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within the required thirty days of the date on which it could first be ascertained that the case was removable.  Attached as Exhibit A are copies of all pleadings and documents contained in the state court file, along with a copy of the civil docket sheet.

15.     Defendant seeks no similar relief with respect to this matter.

16.     Venue is proper in this district under 28 U.S.C. § 1446(a), because this district and division embrace the place in which the removed action has been pending.

17.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

---

[1] In a related action, Plaintiffs have identified their damages from the automobile accident described in the Complaint as totaling in excess of $975,000.

- 5 -

NOTICE OF REMOVAL OF ACTION

18. A Notice of Filing Notice of Removal, with a copy of the Notice of Removal attached, will be filed with the Court Clerk for the Superior Court of Riverside County.

19. Written notice of the filing of the Notice of Removal was given to the adverse parties as required by law.

20. The allegations of this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Central District of California and this cause is removable to the United States District Court for the Central District of California.

21. If any questions arise with regard to the propriety of the removal of this action, Defendant requests the opportunity to present a brief, oral argument, and/or conduct jurisdictional discovery in support of its position that this case is removable.

Respectfully submitted this 1st day of March 2017.

MAYNARD, COOPER & GALE, LLP

By: */s/ Linda B. Oliver*
Linda B. Oliver

Attorney for Defendant
METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY

# PROOF OF SERVICE

STATE OF CALIFORNIA            )
COUNTY OF SAN FRANCISCO        )

I am employed in the County of San Francisco, State of California. I am over the age of 21 and am not a party to the within action. My business address is Maynard, Cooper & Gale, LLP, 600 Montgomery Street, Suite 2600, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

## NOTICE OF REMOVAL OF ACTION

on the interested parties in this action by placing: [ ] the original document - OR- [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

Robert Grey Johnson, Jr., Esq.
27136 Paseo Espada B-1123
San Juan Capistrano, CA 92675

Attorneys for Plaintiffs
Eric Cisney and Kerri Cisney

[X] **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed above on the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 1, 2017, in San Francisco, California.

_____
Claudia Wu

- 7 -

NOTICE OF REMOVAL OF ACTION