# Exhibit A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
3255 E. Tahquitz Cyn Way
Palm Springs, CA 92262
www.riverside.courts.ca.gov

MUS
SEP 2 2016

NOTICE OF DEPARTMENT ASSIGNMENT FOR ALL PURPOSES

CISNEY VS. METROPLITAN PROPERTY

CASE NO. PSC1604367

This case is assigned to the Honorable Judge David M. Chapman in Department PS2 for all purposes.

The Case Management Conference is scheduled for 03/01/17 at 8:30 in Department PS2.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 09/02/16

by: M. Martinez

MAGGIE MARTINEZ, Deputy Clerk

ORIGINAL

Robert Grey Johnson, Jr., Esq. (SBN #64248)
LAW OFFICES OF ROBERT G. JOHNSON, JR.
27136 Paseo Espada, B-1123
San Juan Capistrano, CA 92675
(949) 234-1100; (949) 234-1101

Attorney for Plaintiffs, Eric Cisney and Kerri Cisney

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
SEP 02 2016
By M. Martinez, Deputy

SEP 06 2016

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF RIVERSIDE

ERIC CISNEY, an individual; KERRI CISNEY, an individual;

Plaintiffs,

vs.

METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Delaware Corporation; STATE COMPENSATION INSURANCE FUND, a California Corporation; JESUS ROSALES, an individual; and DOES 1-50, Inclusive,

Defendants.

Case No. PSC 1604367

**COMPLAINT FOR:**

**1. TORTIOUS BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**
**2. BREACH OF CONTRACT**
**3. NEGLIGENCE**
**4. VIOLATION OF BUSINESS & PROFESSIONS CODE 17200**
**5. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**6. ELDER ABUSE, WELFARE & INSTITUTIONS CODE 15610.30**
**7. DECLARATORY RELIEF**

**(COMPENSATORY AND PUNITIVE DAMAGES)**
**DEMAND FOR JURY TRIAL**

BY FAX

Plaintiffs, Eric Cisney and Kerri Cisney, for causes of action against the Defendants Metropolitan Property and Casualty Insurance Company (hereinafter sometimes "Metropolitan"), State Compensation Insurance Fund (hereinafter sometimes "SCIF"), Jesus Rosales, and Does 1-50, and each of them, complain and allege upon information and belief as follows:

**JURISDICTION & VENUE**

1. This action is brought pursuant to 28 U.S.C. Section 1332, the diversity of citizenship statute. The amount in controversy exceeds $25,000, exclusive of interest and costs,

and is between ERIC CISNEY and KERRI CISNEY, citizens of the State of Alabama, and Defendant METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a citizen of the State Rhode Island; STATE COMPENSATION INSURANCE FUND, a citizen of the State of California, and JESUS ROSALES, an individual, a citizen of the State of California pursuant to section 28 U.S.C. section 1332.

      2.      Venue is proper in the Superior Court of the State of California, County of Riverside, because the automobile accident in question occurred in the Unincorporated Community of Thermal, County of Riverside. Further, defendant, Jesus Rosales, resides at 1541 4th St., Coachella, CA, also in the County of Riverside. Defendants, Metropolitan Property and Casualty Insurance Company, and State Compensation Insurance Fund, are insurers, duly licensed to sell Property and Casualty insurance policies, and Workers Compensation insurance Policies for the insured's and employees respectively, in California, and at the time of this incident had insurance policies in full force and effect covering these individuals whom they both insured within the State of California at the time of this incident. In addition to other places, a substantial part of the events giving rise to this claim occurred in the County of Riverside, where first responders, medical personnel, and various witnesses to this occurrence provided substantial care and services for the injuries of plaintiffs from the automobile accident that is the subject of this complaint. As such, this is the most convenient forum for the parties to proceed in the prosecution and defense of these claims.

## PARTIES

      3.      Plaintiff ERIC CISNEY, an individual, is an Alabama citizen and resides in the County of Madison, State of Alabama.

      4.      Plaintiff KERRI CISNEY, an individual, is an Alabama citizen and resides in the County of Madison, State of Alabama.

      5.      Defendant, Jesus Rosales, an individual, is a California citizen and resides in the

City of Coachella, California, County of Riverside, and State of California.

6. Defendant METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY (hereinafter sometimes "Metropolitan"), is and was an insurance company authorized to transact and transacting the business of insurance in the State of California. Defendant is and was at all relevant times herein, a Rhode Island corporation with its principal place of business in Warwick, R.I. Defendant STATE COMPENSATION INSURANCE FUND (hereinafter sometimes "SCIF") is and was at all relevant times herein, a California corporation, with its principal place of business in Pleasanton, CA. As such, it has conducted a substantial amount of business and insured many of the employees of the Department of Forestry, Cal-Fire for Workers Compensation injuries incurred in the act of employment and within the course of employment ("AOE/CEO"), including plaintiff, Eric Cisney, who was employed by the Department of Forestry, Cal-Fire, at the time of his injuries. In administering said policies of insurance, and indemnifying their insured's for losses so incurred in California, including in the Cities of Riverside, Coachella, Thermal and Indio in the State of California, said defendants have purposefully availed themselves of the benefits and protections of the laws of the State of California.

7. Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as DOES 1-50, inclusive, and therefore sue these defendants by such fictitious names. Wherever in this Complaint it refers to "Defendants," such reference shall include each expressly named defendant and all DOE Defendants. Plaintiff will seek leave of this Court to amend this Complaint to set forth the true names of the fictitiously named Defendants when their true identities become known. Plaintiffs are informed and believe and based thereon allege, that each of the fictitiously named defendants is negligently responsible in some manner for the occurrences herein alleged, and that plaintiffs' injuries as herein alleged were proximately caused by that negligence.

8. Plaintiffs are informed and believe and thereon allege that at all times herein

mentioned each of the defendants was the agent and employee of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## GENERAL ALLEGATIONS

9. Plaintiffs incorporate by this reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

10. At all times relevant, Plaintiffs were insured under a policy of automobile liability insurance issued by Metropolitan Property and Casualty Insurance Company for their automobile use, which included underinsurance motorist coverage, and State Compensation Insurance Fund of the State of California for injuries incurred in the course and scope of plaintiff Eric Cisney's employment with the Department of Forestry, Cal-Fire. Defendant Metropolitan Property and Casualty Insurance Company had an automobile insurance policy in full force and effect at the time Eric Cisney was injured in a catastrophic auto vs. auto accident, which included underinsured motorist coverage along with other declarations of coverage.

11. The policy provided for $500,000 in underinsured motorist coverage, exclusive of certain credits aand setoffs, for both Eric Cisney and Kerri Cisney combined.

12. On or about July 17, 2015, at approximately 11:30 p.m., Plaintiffs sustained losses compensable under the policy. Plaintiff Eric Cisney was injured in the subject automobile accident caused by the negligence of an underinsured driver, defendant Jesus Rosales, in an unincorporated area of Riverside County, near the city of Indio, while he was a front seated passenger in a Riverside County Fire Department fire truck driven by another Department of Forestry – CAL Fire employee, Nicholas Groff. At that time and place, the firefighters were responding to a fire call for a medical emergency. Plaintiff Eric Cisney was severely injured and required and/or will require multiple surgeries. Plaintiff Kerri Cisney, wife of Eric Cisney, has experienced the loss of love, affection, society, companionship, more support, and household services, as a result of her husband

being severely injured and disabled as a result of this collision. As such, Eric Cisney's wife, Kerri Cisney, has suffered, among other things, from loss of consortium as a result of the incident.

13. Defendant Jesus Rosales caused this collision by driving his vehicle, a 2014 Ford Focus, in violation of CA Motor Vehicle Code Section 22450 (a), which states: "The driver of any vehicle approaching a stop sign at the entrance to, or with, an intersection shall stop at the limit line, if marked, otherwise before entering the crosswalk on the near side of the intersection."

14. Defendant Jesus Rosales was insured by Foremost (Bristol West) Insurance, and had a bodily injury declaration, which provided coverage for each person up to a limit of $50,000, and for each occurrence up to a limit of $100,000. Foremost conceded liability on behalf of its insured. Plaintiff, Eric Cisney, then settled his claims against this defendant for the policy limits of $50,000, and signed a Release of All Claims, returning it to Rosales' insurer, in exchange for a $50,000 settlement check, which he has been unable to cash. The Settlement Agreement, Release of All Claims, did not contain the name of his wife, Kerri Cisney, and made no mention of her releasing anything or anyone in the body of the document. Though plaintiff Kerri Cisney did not settle her own personal injury claim against defendant Jesus Rosales, she did witness the signature of her husband on the settlement document of her husband, and it was returned as such to the defendant's insurer, Foremost Insurance (Bristol West). Foremost sent the settlement draft to Cisney's attorney, at the Law Offices of Robert Grey Johnson, in San Juan Capistrano, CA. It has not been cashed. Plaintiff requested the permission of defendant SCIF to allow his attorney to deposit the funds in his "Client Trust Account," pending the resolution of SCIF's subrogation lien, for Temporary Disability benefits ("TTD"), and past medicals incurred. SCIF has refused such permission, and continues to refuse, to allow plaintiff to cash the check. It has claimed that it is entitled "to all the settlement proceeds," by virtue of its Workers Compensation lien in an amount of over $60,000. SCIF also refuses to allow plaintiff's attorney to recover his attorney fees and costs incurred in the prosecution of his civil claims against defendant Jesus Rosales. SCIF did not

participate in the efforts of Mr. Cisney's attorney to obtain this settlement, and did not pursue any efforts of its own to obtain the subject settlement with Mr. Rosales.

15. California law provides that in order to recovery any attorney fees and costs from the plaintiff's recovery of a third party claim, it "must have participated in the claim recovery efforts and/or any lawsuit that was filed against the defendant tortfeasor." In this instance, SCIF participated in neither. Plaintiff's attorney sent a letter to the lead counsel of SCIF explaining this position to him, and quoting the applicable Supreme Court case which is directly on point in the matter. [Attached hereto as Exhibit "A" a true and correct copy of the letter from plaintiff's attorney, Robert Grey Johnson, to SCIF attorney, Pedro Ruiz]. SCIF and its attorney have ignored the letter, and refused to allow the check to be deposited into attorney Johnson's Trust Account. Attorney Johnson offered to allow attorney Ruiz to deposit the check into his own Trust Account, pending resolution of SCIF's subrogation claim. Mr. Ruiz responded, "I do not have a Client Trust Account."

16. In California, it is necessary to exhaust any and all insurance by tortfeasors responsible for the losses incurred by the plaintiff, prior to submitting a claim to one's own insurer to recover any and all applicable underinsurance "UIM" benefits available under the policy. So it was in this instance, and Eric Cisney received a settlement draft in the amount of the policy limits of defendant Jesus Rosales' applicable insurance for the maximum allowable proceeds from the Foremost policy indemnifying him. Defendant, State Compensation Insurance Fund, requested that it be made an "additional payee" on the settlement, and Mr. Cisney's attorney complied with that request, and SCIF was made any additional payee on the settlement draft.

17. Accordingly, plaintiff Eric Cisney made a written demand to his insurance company, Metropolitan Property and Casualty Insurance Company, for the applicable underinsurance coverage limits available under the policy. On May 9, 2016, by and through his attorney, Eric Cisney demanded what he thought were the policy limits of $250,000, less a credit of

$50,000 for the underlying policy limits payable by Foremost Insurance (Bristol West) on behalf on its insured, defendant Jesus Rosales.  In making his demand for Underinsured Motorist Coverage (UIM"), plaintiff provided his insurer, defendant Metropolitan Property and Casualty Insurance Company with a true and correct copy of his Release of All Claims and a copy of the Settlement Draft, which named plaintiff Eric Cisney, and State Compensation Insurance Fund, SCIF, on the draft. [Attached hereto as Exhibit "B" a true and correct copy of the Foremost Insurance settlement draft for $50,000.]

18.    Defendant Metropolitan Property and Casualty Insurance Company, immediately denied the claim, and asserted a defense that its insured, plaintiff, Eric Cisney, failed to request and obtain its permission to "settle his bodily injury claim" with Mr. Rosales, thereby voiding the coverage.  After informing plaintiff of their action, it further stated that it was taking the claim "Under a Reservation of Rights," and filed a Declaratory Judgment Action in Federal Court of the Northern District of Alabama, Northeastern Division, Case No. 5:16-cv-00973-HGD, on June 14, 2016.  [See attached hereto as Exhibit "C" a true and correct copy of that filing and incorporated by reference herein.]

19.    In support of its denial of coverage under the above stated Exclusion, defendant Metropolitan Property and Casualty Insurance Company provided plaintiff with a copy of its policy under the section titled "UNINSURED/UNDERINSURANCE MOTORIST COVERAGE ENDORSEMENT" labeled as "Endorsement AE40AL 0513" consisting of four pages.  In the text of that Endorsement, it relies upon the language under the heading at the bottom of page 1, "Insuring Agreement," and its language which carries over onto page 2 under "EXCLUSIONS" para. A. which states as follows:  "A. **We** do not cover any person who settles a **BI** claim with any liable party and the settlement is without **our** consent."  [See attached hereto as Exhibit "D and Exhibit "E" are true and correct copies of the applicable insurance policy endorsements, AE40AL 0515, and AP6100 0513, respectively.]  Metropolitan never gave plaintiff "Notice" of this

requirement for "permission to settle" with a third party BI defendant as a predicate to making an Underinsurance Motorist claim. Furthermore, Metropolitan has been asked on multiple occasions to articulate any "damages" or "prejudice" that it has incurred, or expects to incur, as a result of its insured failing to seek it permission to settle his underlying third party case with defendant Jesus Rosales.

20. Plaintiff, Eric Cisney, did not know of the above recited "Exclusion," thinking that he had to follow California law with regard to "fully exhausting" any and all insurance coverage in the underlying third party liability claim, including tortfeasor, Jesus Rosales, as a predicate to making the "underinsurance claim" to his own insurance carrier, Metropolitan, and he did not notify Metropolitan of the 3rd party settlement. Metropolitan has suffered no prejudice nor incurred any damages as a result of its insured failing to notify it of his 3rd party settlement.

21. In addition, Metropolitan had received a Letter of Representation from plaintiff Cisney's attorney in September, 2015, notifying it of the actual occurrence itself, and Metropolitan, knowing that there was the potential for a UIM claim, due to the severity and catastrophic nature of the injuries sustained by its injured, never notified its insured that it needed their permission to resolve his 3rd party Bodily Injury claim against defendant, Jesus Rosales. As such, Metropolitan was in a superior position to recognize and acknowledge the policy provisions which would be applicable to its insured's claim, yet it failed to notify him of its disqualifying requirement. In reality, its requirement to notify it prior to settlement of his Bodily Injury claim was contained in the paragraph heading "Uninsured/Underinsured Motorist" and was more than likely placed there inasmuch as it normally pertains only to "Uninsured Motorist" provisions, which traditionally is the only declaration to which the "right of subrogation" normally applies in automobile accident cases. Alabama law even sets forth the requirement that the implementation of any "consent provision" requires it to have been prejudiced and/or having incurred "additional losses" as a result of its insured's oversight.

22.    It was apparent to plaintiff that the only reason that Metropolitan had language written into its "Insuring Agreement" under the Uninsured Motorist Section of its Endorsement AE40AL 0513, was for the purposes of "subrogating" benefits paid out in "Uninsured Motorist" cases, and not "Underinsured Motorist" cases. Reason being, the insurer pays 100% of its insured's losses up to its declaration limits in a pure "Uninsured Motorist" claim scenario, and it is permitted both in Alabama and in California to recover those benefits paid to its insured for damages sustained by an "Uninsured Motorist." However, in an "Underinsurance" claim scenario, it has paid zero benefits to the defendant tortfeasor, since he had "some" insurance, but not "enough" to extinguish the claims of plaintiffs. Consequently, there is nothing to "subrogate" in the "Underinsurance" claim scenario. [See attached as Exhibit "F" a true and correct copy of the letter from plaintiff's attorney, Robert Johnson, to attorney John Little, counsel for defendant, Metropolitan, dated July 27, 2016.]

23.    California has a statute for insurance carriers to obtain subrogation for "Uninsured Motorists" policy benefits paid to its insured's for their injuries, when the third party tortfeasor is without insurance to indemnify him or her for negligence in causing injuries to its insured's. However, there is no statutory authority for an insurance carrier in California or Alabama to subrogate its payments to its insured's for "Underinsurance Benefits" paid to them which exceeds the underlying recovery that has already been paid by the defendant third party tortfeasor. Any subrogation which defendant Metropolitan would choose to employ against defendant Jesus Rosales, would necessarily have to be made in the form of a lawsuit, filed in California, and under the existing laws of this state. California does not recognize nor authorize the subrogation of any prospective "Underinsured Motorist" claims by the insurers of its own insureds. Metropolitan has been asked by plaintiff to articulate any other reasons that it "would require the permission of its insured" in a bodily injury liability scenario like the one in this particular case, and it failed to do so.

24.     In California, Uninsured/Underinsured Motorist claims are subject to Arbitration. Following the settlement of the underlying bodily injury claims against defendant Jesus Rosales, Eric Cisney and Kerri Cisney became eligible to submit a claim to Metropolitan for Underinsured Motorist ("UIM") benefits under their own automobile insurance policy.  On or about August 17, 2016, Plaintiffs demanded arbitration pursuant to their policy of insurance.  On or about August 26, 2016, Defendant, Metropolitan and DOES 1-50, through its agents, acknowledged receipt of the claim.  However, it denied the claim and has refused to participate in any Arbitration proceedings, as required by California law.  [See attached hereto as Exhibit "G" a true and correct copy of Metropolitan's denial letter dated August 26, 2016.]

25.     Thereafter, Plaintiffs repeatedly demanded payment of Plaintiffs' underinsured policy benefits and/or prompt arbitration.

26.     Defendants have continued to refuse to pay UIM policy benefits.

27.     As a result of Defendant's and DOES 1-50's (collectively, "Defendants") refusal to pay Plaintiffs' policy benefits, Plaintiffs are forced to initiate an arbitration proceeding against Defendants, or to file suit in Superior Court of the State of California.  Metropolitan maintains that its "Underinsurance Motorist" benefits contain provisions that make the arbitration of such claims "voluntary" and/or subject to mutual agreement among the parties.  Hence, it has refused to participate in any such "Underinsured Motorist" Arbitration in this matter, or to fairly accept and to adjust the claim itself, even though it knew that it had an obligation to do so on plaintiffs' behalf.

28.     In addition to the prolonged delay in payment and adjusting the Underinsurance Motorist claims of Plaintiffs' policy benefits:

  a.   Defendants have failed to conduct a prompt, fair, reasonable and adequate investigation of the UIM claim of Eric Cisney and his wife, Kerri Cisney;

  b.   Defendants unreasonably denied benefits and failed to pay policy benefits when Defendant knew that Plaintiffs were entitled to said payments under the terms of the policy;

c. Defendants unreasonably delayed payment of policy benefits and forced Plaintiffs to prosecute an unnecessary arbitration hearing, incurring unnecessary delay, costs and emotional distress, and/or file suit in the Superior Courts of this state to obtain redress;

d. Defendants attempted to delay the arbitration notwithstanding receiving benefits of an agreement setting the arbitration date and direction from the arbitrator to proceed and engaged in unfair and oppressive tactics and gamesmanship to distract Plaintiffs from preparing for arbitration;

e. Defendants refusal to pay undisputed losses, is forcing Plaintiffs to incur additional expert witness costs and fees and additional delay in order to recover the full benefits allowed under their UIM policy;

f. Defendants failed to provide information to Plaintiffs in a timely fashion as required by California law, to show any prejudice or additional losses that it has incurred, or will in the future incur, as a result of its insured's to request and to obtain its permission as a predicate to making its UIM claim.

g. For over 13 months since the time of the accident in question, and nearly 5 months from the acceptance of a settlement of $50,000 in the underlying 3rd party claim, plaintiffs have suffered extreme hardship at the hands of both defendants, Metropolitan and SCIF, by virtue of their unlawful delays and refusals to assist plaintiff from obtaining the benefits to which they dearly need. Defendants have unreasonably withheld benefits and failed to pay them, or allow plaintiff to accept the 3rd party underlying settlement, despite liability being clear and the severe nature of the injuries to Mr. Cisney, whose independent surgeon hired by worker's compensation, opined the need for immediate surgery and whose damages had become reasonably clear and/or failed to act promptly to obtain accurate information bearing upon Plaintiffs' claims;

h. Defendants failed to acknowledge and respond reasonably and/or promptly to communications from its insured with respect to Plaintiffs' claims;

i. Defendants failed to evaluate the damages sustained by Eric Cisney and Kerri Cisney objectively, and have relied upon an incidental and trivial provision in the Underinsured/Underinsurance Motorist provisions of their automobile policy to deny them benefits of their policy, a provision which has caused no losses to Metropolitan;

j. Defendants did not attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claims for benefits; and

k. Plaintiffs are informed and believe and thereon allege that Defendants have breached the duties of fair dealing and good faith owed to Plaintiffs by other acts or omissions of which Plaintiffs are presently unaware. Plaintiffs will seek leave of court to amend this complaint at such time as Plaintiffs discover the other acts or omissions of said Defendants constituting such breach.

29. At all relevant times herein, Plaintiffs performed all of Plaintiffs' obligations under the policy of insurance issued by Defendant.

**FIRST CAUSE OF ACTION – TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**(Against Defendants METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, STATE COMPENSATION INSURANCE FUND and DOES 1-50)**

30. Plaintiffs incorporate by reference each and every allegation as though fully set forth herein at length. These initial paragraphs of this cause of action pertain to the conduct of Metropolitan, unless and until specifically addressed as to SCIF.. The claims related to the underlying 3rd party action of plaintiff apply to the subrogation rights of SCIF, and the claims related to the UIM benefits being withheld from plaintiffs generally apply to their auto insurance policy and are directed toward defendant Metropolitan.

31. Defendants Metropolitan and SCIF breached the implied covenant of good faith and fair dealing arising out of their policies of insurance issued by Defendants by reason of, among other things, the acts alleged in the foregoing paragraphs, including unreasonably denying benefits, unreasonably delaying payment of benefits, and unreasonably withholding benefits that were due under their policies of insurance. SCIF refuses to allow plaintiffs to cash the underlying settlement

proceeds of $50,000 issued by Foremost in order to resolve plaintiff's claims against third party tortfeasor, Jesus Rosales, who caused this accident.

32. As a direct and proximate result of the breach of the covenant of good faith and fair dealing, Plaintiffs have suffered and incurred, and will continue to suffer and incur, general and/or special damages including, inter alia, without limitation:

       a. Lost interest on the monies payable under the policy:

       b. Attorney's fees and costs incurred to obtain policy benefits; and

       c. General damages including, without limitation, mental and emotional distress, anxiety, worry, and other incidental damages and out of pocket expenses in an amount to be proved at time of trial.

33. The amount of Plaintiffs' damages will be determined at the time of trial but exceed a sum of $25,000.

34. Plaintiffs are informed and thereon allege that Defendants intentionally engaged in a course of conduct intended to oppress and harm Plaintiffs and to dissuade Plaintiffs from seeking the benefits due under the policy of insurance.

35. The refusal of Defendants to carry out their obligations under the insurance policy to investigate and pay the Plaintiffs' claims were done with a conscious disregard of the rights of Plaintiffs to receive the benefits due plaintiff under their policies of insurance issued by Defendants.

36. Defendants engaged in the acts alleged herein with malice, oppression, and fraud. Defendants acts were despicable in nature, were done willfully and/or consciously in disregard of Plaintiffs' rights, or subjected Plaintiffs' to cruel and unjust hardship in conscious disregard of their rights, or were caused by intentional misrepresentation, deceit, or concealment of a material fact known to Defendants with the intention on the part of Defendants of thereby consciously depriving Plaintiffs of property or legal rights or otherwise causing injury. Defendants are liable for punitive damages pursuant to subdivision (a) of California Civil Code, section 3294, based upon their wrongful conduct, including the conduct of their officers, directors and managing agents, and the wrongful conduct of their respective employees and agents, including Metropolitan claims adjuster, John Bryant, who unlawfully denied the benefits under the Underinsurance Motorist declarations in the subject policy; and Kathy Kamei, and her attorney for SCIF, Pedro Ruiz, who works in the

"subrogation department" of SCIF, and who will not allow plaintiffs to obtain the fair and reasonable proceeds from the third party settlement.

37.  Plaintiff was forced to "settle around" SCIF, since it did not participate in the claims process in the claim against Jesus Rosales. Consequently, under the Supreme Court decision in *Draper vs. Aceto (2001) 26 Cal. 4th 1086*, and the Appellate Court decision in *Gapusan v. Jay (1998) 66 Cal. App. 4th 734*, SCIF is not permitted to assert a lien against the Cisney's settlement portion allocated to the attorney fees and costs which were expended to obtain the underlying third party settlement on behalf of plaintiffs.  Nonetheless, SCIF, and its employees have refused, and continue to refuse, to allow plaintiffs to receive such benefits, particularly, Kerri Cisney, who as a significant Loss of Consortium claim, and is entitled to her share of the settlement proceeds separate and apart from those of her husband's Workers Compensation claim. Notwithstanding this fact, SCIF continues to oppress plaintiffs by insisting, without property authority, that it is entitled to "all of the proceeds" of the underlying settlement.

38.  Plaintiffs have also provided SCIF with authority that their lien for "future medical" credits will necessarily not apply to that portion of the underlying third party settlement that are reduced for "employer negligence" under the Supreme Court decision in *Witt vs. Jackson (1961) 57 Cal. 2d 57*.  The actual police report in the collision investigation even attributes substantial negligence to the driver of the fire truck in which plaintiff was a passenger, such negligence being imputed to the plaintiff's employer through the *Doctrine of Respondent Superior*, and thus will diminish any recovery sought in any subrogation action against plaintiff Eric Cisney's recovery in his 3rd party action against defendant Jesus Rosales. Plaintiff have also made this case law available to SCIF's attorney, Pedro Ruiz, in order to persuade him to make such an allocation, and allow plaintiff to negotiate the Foremost settlement check on $50,000, and retaining the balance in his attorney's Client Trust Account.  On behalf of SCIF, attorney Ruiz has ignored this request, and continues to maintain that his client is entitled to "all the settlement proceeds."  Plaintiff's have suffered extreme hardship due to plaintiff Eric Cisney remaining off  work for about the past 13 months, and loss of substantial earnings, including but not limited to, overtime pay benefits, which are not compensable under Workers Compensation wage and hour claims for Temporary Disability payment for injured workers.

39. Defendants, both Metropolitan and SCIF, had advance knowledge of the unfitness of said employees and/or agents and employed such employees with conscious disregard of the rights and safety of others or ratified their wrongful conduct with respect to maintaining their refusal to grant benefits to plaintiffs. Such benefits were desperately needed by plaintiffs to ensure that they had enough funds in which to pay for household living expenses during the time that Mr. Eric Cisney has been totally disabled, and without his full employment compensation. Said wrongful conduct was done with conscious disregard of the rights and benefits of Plaintiffs under both claims, the Underinsurance Motorist claim against Metropolitan, and the third party insurance proceeds in the underlying negligence claim against tortfeasor Jesus Rosales. Defendants authorized or ratified the wrongful conduct of their employees as set forth herein by and through their officers, directors and managing agents who are personally guilty of malice, oppression and/or fraud. Defendants' acts constitute malice, oppression or fraud under California Civil Code § 3294, thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish or set an example of Defendants.

**SECOND CAUSE OF ACTION –BREACH OF CONTRACT**

**(Against Defendants METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, STATE COMPENSATION INSURANCE FUND and DOES 1-50)**

40. Plaintiffs incorporate by reference each and every allegation as though fully set forth herein at length.

41. Defendants breached its obligations under the policy of insurance issued by Defendant to Plaintiffs by reason of, inter alia, the acts alleged herein.

42. Plaintiff entered into a contract of insurance with Metropolitan which provided for auto insurance coverage for bodily injury, uninsured/underinsurance, and medical payments for the period of time that he was working in California, "on loan" from Alabama to work for the California Department of Forestry "CAL-FIRE". He had been working in California and living in Alabama for about a year when the subject accident occurred. He thought that he had purchased a policy of insurance for his automobile that would cover him for benefits in the event that he was injured while operating or as a passenger in his or another vehicle during the time he was in

California, and for which provisions in his automobile policy covered such losses.

43. At the same time, plaintiff was covered under his employer's Workers Compensation insurance policy for medical bills, disability injuries, and future medical benefits, in the event that he was injured on the job. His employer, CAL-FIRE, had purchased insurance and paid the premiums for his benefit with SCIF to cover any such losses due to injuries in the Act of Employment or the Course of Employment during the entire time that he was in California.

44. Plaintiffs allege that both Metropolitan and SCIF, and each of them, breached their contract, on or about June 1, 2016, by failing to pay benefits and recognize the losses incurred by plaintiffs as a result of the catastrophic injuries incurred by Eric Cisney in the subject auto vs. fire truck accident, and for which their respective insurance policies had benefits which covered these losses.

45. Defendant SCIF refuses to allow plaintiff to cash the settlement check, and to retain enough funds to satisfy the subrogation claims of his employer, and to pay his attorney for his work in obtaining the settlement without the assistance of the employer.

46. Defendant Metropolitan refuses to adjust plaintiff's claim for UIM benefits which are available for losses under its policy that exceed the underlying 3rd party settlement with defendant, Jesus Rosales.

47. Defendants materially breached the terms and provisions of their respective insurance contract by failing to make available benefits reserved under them to fairly and reasonably compensate plaintiffs for their losses.

48. As a direct and proximate result of the breaches by Defendants, Plaintiffs have been damaged. The damages include, without limitation:

a. Lost interest on the monies payable under the policy;

b. Attorney's fees and/or costs incurred to obtain policy benefits; and

c. Consequential damages in an amount to be proved at time of trial.

**THIRD CAUSE OF ACTION –NEGLIGENCE**

**(Against Defendant JESUS ROSALES and DOES 1-50)**

49. Plaintiffs incorporate by reference each and every allegation as though fully set forth herein at length.

50. Defendant Jesus Rosales owed plaintiff a duty of care in the operation of his motor vehicle by operating it in a safe and reasonable manner upon the highways of the State of California.

51. On July 17, 2015, defendant failed to stop for a stop sign at the corner of 62nd Ave. and Van Buren Street in an unincorporated area of Riverside County, near the City of Indio, CA at 2330 hours. Defendant collided with a Fire Truck carrying three passengers, including plaintiff, Eric Cisney, and caused severe injuries to him as a result of the impact of the two vehicles. Defendant breached his duty of care by failing to stop at the stop signal and caused the collision by driving in violation of Section 22450 (a) of the California Motor Vehicle Code, which states: *"The driver of any vehicle approaching a stop sign at the entrance to, or with, an intersection shall stop at the limit line, if marked, otherwise before entering the crosswalk on the near side of the intersection."*

52. As a result of the conduct of Defendants, and each of them, Plaintiff has been damaged in an amount according to proof at time of trial. Plaintiff Eric Cisney has settled his claim against defendant Rosales, but his wife, Kerri Cisney, did not settle her claim for Loss of Consortium. Her name was not mentioned in the body of the Release of Claims, which only referred to that claims of her husband, Eric Cisney, and she signed the Release only as a witness for her husband's signature. Therefore, her claim for Loss of Consortium remains viable.

53. As a result of the conduct of Defendant, Plaintiff Kerri Cisney was damaged in an amount according to proof at time of trial.

**FOURTH CAUSE OF ACTION –VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**

**(Against Defendants METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, STATE COMPENSATION INSURANCE FUND and DOES 1-50)**

54. Plaintiffs incorporate by reference each and every allegation as though fully set forth herein at length.

55. By and through the conduct described above, Defendants, and each of them, have violated various statutes, regulations, Codes and standards, by continuing to deny insurance benefits to plaintiffs, and relying upon provisions in their policies that have no meaningful use, and have no part of the UIM process. Furthermore, Metropolitan has not been damaged in anyway by the failure of plaintiff's to obtain their consent to settle their 3rd party negligence case against defendant Jesus Rosales. They have ignored the California laws that strictly preclude them from subrogating any losses payable to plaintiffs under their UIM declarations, all to the prejudice to them. Such losses, if allowed through the process of subrogation, would necessarily have to be made in the State of California, which strictly preclude their use of the courts in this state for such purpose. In doing so, they have prevented plaintiffs from receiving benefits under their insurance policy which would make them whole for this loss.

56. Defendants' conduct as alleged herein constitutes unlawful, unfair and/or fraudulent business acts or practices in violation of Business and Professions Code Section 17200, et. seq. Pursuant to Business and Professions Code Section 17203, Plaintiff seeks orders for restitution to disgorge profits which Defendants have acquired from their business enterprise by means of the above-described unfair, unlawful and/or fraudulent business practices.

57. Pursuant to Business and Professions Code Section 17204, Plaintiff seeks an order permanently enjoining Defendants from engaging in the unfair, unlawful and/or fraudulent

business acts and/or practices alleged herein, including without limitation:

a. Metropolitan selling insurance policies which preclude its insured's from making a claim for UIM benefits, who knowingly or unknowingly fail to obtain the permission of their insurer to any underlying 3rd party settlement in a bodily injury automobile case;

b. SCIF denying the employee the right to hire and pay an attorney to settle his/her underlying 3rd party negligence claim, one in which it seeks to subrogate payments made for past and future medical bills, temporary disability payments, and permanent partial disability ratings, and refusing to permit its insured to negotiate such settlement checks and pay its attorneys for their fees and costs in the process;

c. Failure to follow the laws in the state where the accident occurs, and filing Declaratory Relief actions in a foreign jurisdiction making it costly and more difficult for their insured's to obtain counsel to represent them in the defense of such actions;

d. For injunctive relief according to proof at time of trial.

58. Pursuant to Civil Code Section 1021.5, Plaintiff requests that Defendants, and each of them, be ordered to pay Plaintiff's attorney fees in this action.

**FIFTH CAUSE OF ACTION –INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**(Against Defendants METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, STATE COMPENSATION INSURANCE FUND and DOES 1-50)**

59. Plaintiffs incorporate by reference each and every allegation as though fully set forth herein at length.

60. In doing the things that are complained about in this action, Defendants have intentionally engaged in conduct which was designed to prevent plaintiffs from gaining the benefit of their bargain with Defendants, and lost benefits accordingly. Defendant SCIF has prevented plaintiffs from being about to pay his attorney for his attorney fees and costs, as well as his wife's

share of the underlying settlement, despite the fact that it did not engage in any efforts of any kind to obtain the settlement of the 3rd party negligence claim against Defendant Jesus Rosales.

61. Defendant Metropolitan has willfully and intentionally precluded plaintiffs from gaining access to its UIM declarations by purposefully denying their claims by virtue of an innocuous and irrelevant provision in this UIM declaration that mistakenly, unlawfully and oppressively requires its approval for the settlement. At the same time, it maintains that it is damaged by this absurd provision, yet it refuses to provide any verifiable damages to support its position. It has none. In doing so, it has cost its insured's several hundred thousand dollars in policy benefits by its conduct, with the intent to damage its insured's, rather than fairly compensate them as provided in the UIM declarations in their policy.

62. As a result of the conduct of Defendants, and each of them, Plaintiffs have been damaged in an amount according to proof at time of trial.

**SIXTH CAUSE OF ACTION –ELDER ABUSE, WELFARE & INSTITUTIONS CODE SECTION 15610.3 NEGLIGENCE**

(Against Defendants METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, STATE COMPENSATION INSURANCE FUND and DOES 1-50)

63. Plaintiffs incorporate by reference each and every allegation as though fully set forth herein at length.

64. At the time of plaintiff Eric Cisney's injuries, he was totally disabled, and remains totally disabled to this day, without the ability to return to work and seek gainful employment. His injuries are so catastrophic that he must retire early from his 17 year career with the Department of Forestry- CAL Fire where he was injured responding to a fire. As such, plaintiff is an injured worker, and considered an Elder citizen within the meaning of California Welfare and Institutions Code, and is afforded the rights and benefits of an Elder citizen, as if over the age of 65.

65. Plaintiff alleges that Defendants, and each of them, in doing the acts set forth above,

violated the Elder Abuse Act, as outline below.  This legislation is designed to offer extra

protection to a particularly vulnerable segment of the society, to which Plaintiff is a member, by

virtue of his disability.

66.    Plaintiff alleges that Defendants had, at all times relevant, identified him to be at

risk for being totally disabled, and would necessarily have needed the use of financial benefits

which would have been afforded to him by virtue of being a covered employee under the California

Workers Compensation Act as well as his own automobile insurance policy which contained UIM

declarations to cover his losses.  While being injured in the course and scope of his employment, as

well as being able to access benefits contained in his insurance policy which provided UIM

benefits, Plaintiff necessarily had to rely upon such benefits in the event that the defendant

tortfeasor, Jesus Rosales, did not have enough insured in his own automobile policy to satisfy his

losses for past and future medical bills, past and future loss of earnings and loss of earnings

capacity, and pain and suffering and loss of enjoyment of life for the catastrophic injuries which he

suffered in this tragic event.  Defendants, and each of them, knew of this fact, yet denied him

access to these benefits.

67.    Plaintiff further alleges that Defendants, and each of them, maintain a policy,

procedure and/or custom and practice of routinely denying such financial benefits to injured and

disabled workers and insured's, so as to make them obtain attorneys to sue them, and for which

they would be economically disadvantaged, and might abandon their claims for lack of adequate

resources.  Defendants took advantage of their opportunity to wage a high cost and protracted

litigation battle with their insured's, all of which was designed to avoid paying their claims.

68.    By engaging in the foregoing acts and omissions, Defendants, and each of them,

perpetrated neglect in that they exposed Plaintiff to extremely high financial losses, ones which

would become a detriment to their financial survival, and constituted Financial Elder Abuse within

the meaning of the Welfare and Institutions Code.  Their acts were intentional, and made with a

distinct attempt to take advantage of their insured's who they knew would not have the financial wherewithal to mount a defense to their actions, and level their playing field. Plaintiff is informed and believes and based upon such information and belief alleges that he will necessarily and by reason of his catastrophic injuries, which have led to his early retirement from CAL-FIRE, cause him to suffer extraordinary financial losses now and for an indefinite time in the future. Plaintiff will ask the court for leave to amend this allegation, once said amounts have been ascertained.

69. Defendants, and each of them, have engaged in conduct willfully caused or permitted Plaintiff to be placed in a situation such that his health will be damaged by his future inability to care for his lifelong injuries and future medical costs.

70. Defendants, and each of them, created circumstances or conditions by their conduct likely to produce conditions likely to produce great bodily harm and detrimental financial consequences to plaintiff and his wife and defendants willfully have cause or permitted Plaintiff to suffer, or have inflicted upon him, unjustifiable pain and mental suffering, and uncertainty about his future financial condition.

71. By virtue of the aforesaid conduct, Defendants, and each of them, acted in conscious disregard to the probability of Plaintiff's injuries and financial risk, which is consistent with its them policy of depriving its insured's of financial benefits under their insurance policies. Defendants' acts and omissions were despicable and as such, subjected Plaintiff to unjust hardship in conscious disregard to his rights and safety. Defendants, and each of them, acted with recklessness, oppression and malice, and punitive damages should be assessed against Defendants, and each of them, in a sum according to proof at time of trial. Plaintiff also seeks an award of attorney's fees under the applicable statute of the California Welfare and Institutions Code.

**SEVENTH CAUSE OF ACTION –DECLARTORY RELIEF**

**(Against Defendants METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, STATE COMPENSATION INSURANCE FUND and DOES 1-50)**

72. Plaintiffs incorporate by reference each and every allegation as though fully set forth herein at length.

73. Pursuant to the terms of the insurance policies in question, Plaintiff contends that he was at all times permanently disabled from his insured occupations, as well as being eligible for UIM benefits from his own automobile insurance policy, and therefore, entitled to financial benefits from both the underlying 3rd party settlement with defendant, Jesus Rosales, as well as his Metropolitan auto and casualty policy which afforded benefits in excess or those otherwise recoverable in the underlying Foremost policy which covered defendant Jesus Rosales for bodily injury liability. Plaintiff has submitted all necessary documentation to both defendants to support his right to proceeds for each, and the required claim documentation, executed Release of All Claims with Foremost, as well as a verifiable copy of the 3rd party settlement draft containing plaintiffs as well as SCIF as an additional payee.

74. An actual controversy exists between Plaintiffs on the one hand, and Metropolitan on the other, in that Plaintiff contends that he was wrongfully denied UIM benefits, though he was eligible for such benefits under the policy of insurance. Furthermore, Plaintiff contends that a controversy exists between Plaintiffs on the one hand, and SCIF on the other, as to the amount SCIF contends it is entitled to have to "satisfy its subrogation" claim for payments made to Plaintiff, Eric Cisney, for past medical losses, as well as Temporary Total Disability, and the amount of its entitlement, if any. Plaintiff's counsel is holding the $50,000 settlement check from Foremost, insurer of defendant, Jesus Rosales, pending a determination by the Court as to SCIF's entitlement to those funds, if any, and the exact amount.

75. Plaintiff request a judicial declaration of the rights of both parties to these two controversies, Eric Cisney and Kerri Cisney, on the one hand, and the two defendant insurance

carriers on the other, Metropolitan and SCIF pursuant to the terms and conditions of the insurance policies in question. Plaintiffs further request a judicial declaration that Plaintiff is entitled to benefits under the terms of the insurance policies in question.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them as follows:

**ON THE FIRST CAUSE OF ACTION**

**(Against Defendants METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, STATE COMPENSATION INSURANCE FUND and DOES 1-50)**

1. For compensatory damages according to proof at trial;
2. For attorneys' fees and costs of suit incurred in obtaining the benefits owed under the subject insurance policy, pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, according to proof;
3. For punitive and exemplary damages according to proof;
4. For costs of suit, according to proof.

**ON THE SECOND CAUSE OF ACTION**

**(Against Defendants METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, STATE COMPENSATION INSURANCE FUND and DOES 1-50)**

1. For compensatory damages according to proof at trial;
2. For attorneys' fees and costs of suit incurred in obtaining the benefits owed under the subject insurance policy, pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, according to proof;
3. For costs of suit, according to proof.

**ON THE THIRD CAUSE OF ACTION**

**(Against Defendant, Jesus Rosales)**

1. For general damages, according to proof at trial;

2. For special damages, according to proof at trial.

**ON THE FOURTH CAUSE OF ACTION**

**(Against Defendants METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, STATE COMPENSATION INSURANCE FUND and DOES 1-50)**

1. For a permanent injunction prohibiting and enjoining Defendants from issuing insurance policies in California to insureds when it has no intention of funding a defense of its insureds when they are sued; and

2. For a permanent injunction prohibiting and enjoining Defendants from issuing insurance policies in California to insureds when it has no intention of paying benefit obligations on behalf of its insureds for covered damages; and

3. For an order by this Court enjoining Defendants from continuing to conduct business through the unlawful, unfair and fraudulent business practices and acts described in this Complaint; and from failing to fully disclose the true nature of their business practices in this State.

**ON THE FIFTH CAUSE OF ACTION**

**(Against Defendants METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, STATE COMPENSATION INSURANCE FUND and DOES 1-50)**

1. For compensatory damages according to proof at trial;

2. For punitive and exemplary damages according to proof; and

3. For costs of suit, according to proof.

**ON THE SIXTH CAUSE OF ACTION**

**(Against Defendants METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, STATE COMPENSATION INSURANCE FUND and DOES 1-50)**

1. For general and special damages, according to proof at trial;

2. For costs of suit and attorney's fees pursuant to Welfare and Institutions Code

section 15657;

3. For punitive and exemplary damages pursuant to Welfare and Institutions Code 15657.5 and California Civil Code 3294, according to proof.

**ON THE SEVENTH CAUSE OF ACTION**

**(Against Defendants METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, STATE COMPENSATION INSURANCE FUND and DOES 1-50)**

1. For declaratory judgment by the Court outlining the rights and obligations related to the controversies outlined in this Complaint, pursuant to the terms and conditions in the relevant policies of insurance;

2. A judicial declaration that Plaintiff is entitled to benefits according to proof at time of trial for Underinsured Motorist coverage in excess of the monies collected from Foremost Insurance Company for the settlement of the policy limits of the underlying 3rd party liability policy of defendant, Jesus Rosales;

3. For a declaratory judgment by the Court that each Defendant must reimburse Plaintiffs for the legal fees and costs incurred in this action.

**ON ALL CAUSES OF ACTION**

**(Against All Defendants)**

1. For such other and further relief as the court deems just and proper.

**JURY DEMAND**

**Plaintiffs demand a jury trial on all triable issues.**

Dated: September 1, 2016

LAW OFFICES OF ROBERT G. JOHNSON, JR.

By: Robert G. Johnson, Jr.

Robert G. Johnson, Jr.
Attorney for Plaintiffs, Eric Cisney and Kerri Cisney

# EXHIBIT A

LAW OFFICES
ROBERT GREY JOHNSON, JR.
27136 Paseo Espada, Suite B-1123
San Juan Capistrano, California 92675

ROBERT G. JOHNSON, JR., ESQ.*
ROBERT K. RANKIN, ESQ..

*ALSO LICENSED IN MONTANA

Telephone: (949) 234-1100
Facsimile: (949) 234-1101
rjohnson@robertgreyjohnson.com

May 26, 2016

**Via Facsimile (323) 266-5273; E-Mail; US Mail**

Pedro G. Ruiz, Esq.
State Compensation Insurance Fund
900 Corporate Center Drive Suite 300
Monterey Park, CA 91754

Re: Our Client: Eric Cisney
Date of Loss: 07/17/2015
Claim Number: 06118016
Third Party Claim No.: 3003921875-1-8

Dear Mr. Ruiz:

As you may know, our client, Eric Cisney, has pursued and settled his third-party claim for damages suffered as a result of the above-referenced matter, including pain and suffering, lost earnings, and lost earning capacity. We have reached a settlement in this matter, signed a Release of All Claims, and received the Settlement check in the amount of $50,000.00, the policy limits of the defendant driver's automobile liability insurance policy. We represented Mr. Cisney by ourselves, without the assistance of SCIF, or any of its legal department. A copy of the Settlement check is attached, showing the name of my office, my client, and State Compensation Insurance Fund.

When we spoke on Friday, May 13, 2016, we discussed the issue of how to divide the insurance proceeds, and the resolution of your client's Workers Compensation lien. Prior to speaking with you, I had extensive discussions with the claim's subrogation adjusters, Ms. Kathy Kamei, and her supervisor, Ms. Tricia Russell. During our discussions with these two subrogation adjusters, they asserted a lien in the amount of the entire settlement, and were not willing to reduce the amount of the SCIF lien, with respect to the comparative fault of the employer vis a vis the holding in *Witt vs. Jackson (1961) 57 Cal. 2d 57.* The police report apportions the fault on a 50%-50% basis for the driver of the Cal. Fire truck, and the defendant driver, Jesus Rosales.

**Re: Eric Cisney vs. Jesus Rosales**

I informed the adjusters that the gross recovery for Mr. Cisney was $25,000.00, and the recovery for his wife, Kerri Cisney, was also $25,000.00. We feel that this is a fair and equitable allocation of the losses in this case. Mr. Cisney suffered catastrophic injuries in the accident, including a torn rotator cuff, neck, back and knee injuries. He has since undergone rotator cuff repair surgery, and has been off from work for the past ten (10) months. It is now becoming quite possible that he may not be able to return to work with the Department of Forestry, Cal. Fire.

In our discussions, I offered to place in Trust the portion of the settlement proceeds, which would be applicable to Mr. Cisney's recovery, after subtracting our attorney fees and costs. That would be the gross amount of $16,666.66, less $300.00 in costs. You rejected that proposal, and asserted your right to litigate the matter in the WCAB. We have an ongoing claim in that matter, and a AME appointment for Mr. Cisney on June 1, 2016.

You then referred me to two cases which you suggest support the claim of SCIF for the entire amount of the recovery. It is my understanding that you have asserted a lien for about $44,000.00 in payments for medical bills and/or TTD. The cases you cited to me were *Peggy M. Draper (2001) 26 Cal. 4th 1086; and Gapusan v. Jay (1998) 66 Cal. App. 4th 734.* Unfortunately, we do not believe these cases support the claim for SCIF for the entire amount of the SCIF lien. We base this opinion of our reading of these two cases.

You will notice that the *Draper* decision distinguishes situations wherein the attorneys for both SCIF and the injured employee use a coordinated effort to obtain funds from the tortfeasor, from our case. In such cases, both the employer and the employee are represented in the underlying third party action. In that case, the fees and recovery for their services are based upon the efforts of each in effecting the settlement for their respective clients.

Our case scenario is completely different. Here, there was no joint effort among the attorneys for the two clients. My office was solely responsible for effectuating the settlement. Whether or not SCIF is entitled to any portion of that settlement to satisfy its lien, is not relevant at this point in time. My office is entitled under the holdings in both decisions to be paid its full attorney fees and costs, prior to the resolution of the SCIF lien claim. "If the action against a third party tortfeasor is prosecuted by the employee alone, a reasonable attorney's fee based upon 'the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer' is allowed, and shall be first paid from the judgment. The [workers'

**Re: Eric Cisney vs. Jesus Rosales**

compensation] carrier's lien is to be satisfied only after such payment.*(see Draper at 1092); see also Labor Code Section 3856, subd. (B); and see Branscum vs. State Comp. Ins. Fund, 232 Cal. App. 2d 352.* Like provision is made for allowance and priority of fees of the employer's attorney if the action is prosecuted by the employer alone (*Labor Code Section 3856, subd. (a)*).

Consequently, we do not feel it is proper for SCIF to delay the cashing of the check. At your request, we had the third party insurance carrier, Foremost Insurance Group, include the name of SCIF as a payee on the draft. I offered to allow SCIF to place the disputed amount in your Client Trust Account. You indicated in our telephone conversation on May 13th that you do not have such a Trust Account available to you. Consequently, I asked if you would consider allowing me to cash the check and deposit the funds into the account. You declined that suggestion.

I informed you that Mr. Cisney has had to exhaust a significant amount of his credit card line for his expenses for having been off of work for the past 10 months. He has incurred a significant amount of debt, which is being held at 23.99% APR by his credit card account. He would like to allow his wife's portion to be able to reduce his outstanding balance. Our office would like to have our attorney fees and costs reimbursed to us for the time expended in obtaining the settlement, which will inure to the benefit of your client.

I am asking for your permission to negotiate the Settlement Check on your behalf, and retain the amount of $16,666.66 on behalf of State Fund in my Client Trust Account while we litigate the entitlement of the parties to those funds. If you would give me the favor of your reply within the next three business days, I would greatly appreciate it.

In the event that we cannot work out a resolution to this issue, we can then approach the WCAB in Riverside with a Motion for a decision and an adjudication of future credits. If you wish to discuss this matter further, I am available at anytime. You may also use my cell phone at (949) 683-0545. I left two messages for you last week, but did not receive a return call.

It is my intention to hopefully resolve this matter with you without the use of court intervention. However, I do understand that it is quite possible that if we have to resort to court intervention to resolve this matter, Mr. Cisney could be awarded his attorney fees and costs in obtaining such a court order to compel SCIF to allow me to deposit the settlement check into my Client Trust Account. (Please see Labor Code Section

**Re: Eric Cisney vs. Jesus Rosales**

5813). If you have an alternative proposal of how to negotiate the third party settlement check, or employ a different procedure from your past experience in such case, I would appreciate having you share that proposal with me.

In the meantime, please consider the foregoing, and let me know how you would like to proceed. I look forward to hearing from you at your earliest opportunity. Mr. Cisney has suffered great hardship as a result of this major injury and time off of work, and wishes to conclude this matter as soon as possible. Thank you for your immediate attention to his request.

Best personal regards,

ROBERT G. JOHNSON, JR.

RGJ:ll

Enclosure (1) Settlement Check

# EXHIBIT B

BW SOUTHERN CA

Check Number: 1613250756
Date: 05/13/2016

PAY NON-NEGOTIABLE NON-NEGOTIABLE NON-NEGOTIABLE NON-NEGOTIABLE NON-NEGOTIABLE NON-NEGOTIABLE NON-NEGOTIABLE NON-NEGOTIABLE $50,000.00***

To the order of
Eric Cisney & State Comp. Ins. Fund &
Law Office Of Robert G Johnson
27136-B PASEO ESPADA STE 1121
SAN JUAN CAPISTRANO, CA, 92675

| | |
|---|---|
| Claimant/Patient: | Eric Cisney |
| Insured: | Jesus Rosales |
| Date of Loss: | 07/17/2015 |
| Claim Unit Number: | 3003921875-1-8 |
| Check Number: | 1613250756 |
| Payment Under Insured's: | Bodily Injury |
| Correspondence Reference: | 8604MPKM |
| Reference Number | undefined |
| Print Date | 05/16/2016 06:41 AM |
| Requested By | Todd C Filley |

Full and final settlement of all claims, including State Compensation Insurance Fund Workers Compensation lien satisfaction

PLEASE FOLD AND DETACH CHECK ON RED LINE BELOW

FOREMOST INSURANCE GROUP

THIS DOCUMENT CONTAINS VOID TEXT THAT WILL APPEAR WHEN PHOTOCOPIED.

62-20/311

COAST NATIONAL INSURANCE COMPANY
BW SOUTHERN CA
NATIONAL DOCUMENT CENTER PO BOX 268994
OKLAHOMA CITY OK 73126

Claim Unit #
300392-875-1-8

Check No. 1613250756
Date: 05/13/2016

PAY Fifty Thousand Dollars And No Cents $50,000.00***

NOT GOOD AFTER SIX MONTHS

FARMERS INSURANCE

To the order of
Eric Cisney & State Comp. Ins. Fund &
Law Office Of Robert G Johnson
27136-B PASEO ESPADA STE 1121
SAN JUAN CAPISTRANO, CA, 92675

Citibank N.A. - One Penns Way - New Castle, DE 19720

THE ORIGINAL DOCUMENT HAS A REFLECTIVE WATERMARK ON THE BACK. HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.

# EXHIBIT C

IN THE UNITED STATED DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY;

Plaintiff,

v.

ERIC CISNEY and KERRI CISNEY,

Defendants.

CASE NO.: ____________

COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Metropolitan Property and Casualty Insurance Company ("Met P&C"), by and through its undersigned counsel, hereby files this Complaint for Declaratory Judgment against Eric Cisney and Kerri Cisney pursuant to Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201. In support, Met P&C alleges as follows:

NATURE OF ACTION

1. Met P&C brings this action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 for a declaration regarding the parties' rights and obligations in connection with an automobile insurance policy issued by Met P&C that provided Uninsured/Underinsured Motorists ("UIM")

Coverage. Eric Cisney was involved in an automobile accident and the Cisneys have released their claims against the alleged tortfeasors arising from that accident in exchange for $50,000. Eric Cisney, through counsel, then demanded $200,000 in UIM coverage from Met P&C. Met P&C denies that it has any duty to pay UIM benefits because the Cisneys failed to give prior notice of the proposed settlement or receive Met P&C's consent as required by the Policy and Alabama law. Met P&C, therefore, seeks a declaratory judgment that the Policy does not provide UIM coverage for the accident.

## THE PARTIES

2. Plaintiff, Met P&C, is a company organized under the laws of the State of Rhode Island with its principal place of business in Rhode Island.

3. Defendant, Eric Cisney, is a resident and citizen of the State of Alabama.

4. Defendant, Kerri Cisney, is a resident and citizen of the State of Alabama.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, as this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Jurisdiction is further appropriate because this is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, and an actual case or controversy of a justiciable nature exists between the parties involving the rights and liabilities under an insurance policy.

7. This Court is a proper venue for this declaratory judgment action pursuant to 28 U.S.C. § 1391(b) because Defendants reside, and a substantial part of the events, acts, and/or omissions giving rise to this controversy occurred in, Madison County, Alabama, which is in the Northern District of Alabama, Northeastern Division pursuant to 28 U.S.C. § 81(a).

## FACTUAL BACKGROUND

### A. The Automobile Accident and Settlement

8. On July 17, 2015, Mr. Cisney was a passenger in a fire engine that was struck by a vehicle driven by Nestor Jacobo Rosales (the "Accident").

9. Mr. Cisney sustained injuries in the accident that required medical treatment and forced Mr. Cisney to take leave from work.

10. Thus, in addition to his medical expenses resulting from the accident, Mr. Cisney has suffered lost earnings approaching $50,000.

11. On April 15, 2016, Eric Cisney and Kerri Cisney executed a "Release in Full of All Claims and Rights" in favor of Jesus R. Ramirez and Nestor Jacobo

Rosales for all claims arising out of bodily injuries resulting from the July 17, 2015 accident.

12. The release stated that Jesus R. Ramirez and Nestor Jacobo Rosales were released and forever discharged "from any and all rights, claims, demands, causes of action, and damages of any kind, known or unknown, existing or arising in the future, resulting from or related to bodily injury arising from an accident that occurred on or about July 17, 2015 at or near Thermal, CA."

13. In exchange for this settlement and release, Eric Cisney and Kerri Cisney acknowledged receipt of the sum of $50,000.

14. On information and belief, Eric Cisney and Kerri Cisney were represented by counsel at the time they signed the release.

15. Met P&C was not notified of the Cisney's settlement discussions with Mr. Rosales nor did it consent to the release.

B. The Policy

16. Met P&C issued Auto Insurance Policy number 6572549330, which identified Eric Cisney and Kerri Cisney as the Named Insureds. A true and correct copy of the Policy is attached hereto as Exhibit 1.

17. The Policy provided coverage for the period from February 18, 2015 to February 18, 2016.

18. The Policy was issued and delivered to the Cisneys at their home in Huntsville, Alabama.

19. The Policy insures automobiles registered in Alabama.

20. On information and belief, the Policy insures vehicles principally garaged in Alabama.

21. The Policy was issued with an Alabama Uninsured/Underinsured Motorists Coverage Endorsement that states in pertinent part:

> **We** will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** for **BI**:
>
> A. sustained by an **insured**; and
> B. caused by an accident arising out of owning, maintaining, or the use of an **uninsured motor vehicle**.
>
> **EXCLUSIONS**
> A. **We** do not cover any person who settles a **BI** claim with any liable party and the settlement is without **our** consent.
>
> . . .
>
> **ADDITIONAL DUTIES AFTER A LOSS**
> All **insureds** must cooperate with **us** in investigating an accident.
>
> **We** may require the **insured** to take appropriate action to preserve the **insured's** right to recover damages from any other person responsible for the accident or **BI**. In any lawsuit against **us**, **we** may require the **insured** to join the responsible person as a defendant.
>
> An **insured** must report an accident involving an **uninsured motor vehicle** within 24 hours to law enforcement authorities.
>
> All other policy terms and conditions apply.

(*See* Policy, Ex. 1).

C. <u>The UIM Claim</u>

22. On May 9, 2016, Robert K. Rankin, counsel for Mr. Cisney, submitted a $200,000 demand for UIM benefits allegedly owed under the Policy.

23. Mr. Rankin asserted that as a result of the Accident, Mr. Cisney incurred medical expenses, lost earnings, and pain and suffering that exceeded Mr. Cisney's $50,000 settlement and justified a $200,000 demand.

24. Met P&C denied Mr. Cisney's claim for UIM coverage because Mr. Cisney failed to notify Met P&C of its settlement discussions and Met P&C did not consent to the settlement and release of Mr. Cisney's claims arising out of the Accident.

**ACTUAL CONTROVERSY AND RIPENESS**

25. This is an actual, ripe, and live controversy between the parties regarding Met P&C's rights and obligations to provide UIM coverage.

26. Mr. Cisney has sought Met P&C's acknowledgement of its duty to provide UIM coverage in connection with the Accident.

27. Met P&C, however, denies that it has any duty to provide UIM coverage.

## COUNT ONE – DECLARATORY JUDGMENT

28.    Met P&C adopts and incorporates by reference the allegations in Paragraphs 1 through 27 as if set forth herein in full.

29.    The Policy states that Met P&C does not provide UIM coverage for any person who settles a BI claim with the liable party when the settlement is made without Met P&C's consent.

30.    The Cisneys, however, fully released the individual liable for Mr. Cisney's injuries without notifying Met P&C of the proposed settlement or receiving Met P&C's consent.

31.    Met P&C was prejudiced by the Cisneys' failure to notify Met P&C before they settled with Mr. Rosales.

32.    As a result, Met P&C has no obligation to provide UIM benefits in connection with the Accident. Met P&C, therefore, seeks and is entitled to a judicial declaration that it has no duty to provide UIM benefits in connection with the accident.

33.    The issuance of declaratory relief by this Court will terminate some or all of the existing controversies between the Parties.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Met P&C respectfully asks for the following relief:

A. A declaration that there is no UIM coverage for Mr. Cisney under the Policy arising out of the Accident;

B. Such other, further, or different relief to which Met P&C may be entitled.

Respectfully submitted this 14th day of June, 2016.

Respectfully submitted,

*/s/ Edward M. Holt*
Edward M. Holt
John A. Little
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1900 Sixth Avenue North
Birmingham, AL 35203
Telephone: 205.254.1000
Facsimile: 205.254.1999
tholt@maynardcooper.com
jlittle@maynardcooper.com

*Attorneys for Plaintiff Metropolitan Property and Casualty Insurance Company*

# EXHIBIT D

# ALABAMA
# UNINSURED/UNDERINSURED MOTORISTS COVERAGE ENDORSEMENT

The following is added:

## UNINSURED/UNDERINSURED MOTORISTS COVERAGE

### ADDITIONAL DEFINITIONS FOR THIS COVERAGE

**A.** The following **GENERAL DEFINITIONS** are changed for this coverage only:

**INSURED** means:

1. **you** or any **relative.**
2. any other person **occupying your covered auto.**
3. any person for damages that person is entitled to recover because of **BI** to which this coverage applies sustained by a person in **1.** or **2.** above.

**B.** The following definition is added for this coverage only:

**UNINSURED MOTOR VEHICLE** means:

1. a **motor vehicle** for which:
   a. no bodily injury liability insurance policy or bond applies at the time of the accident.
   b. a bodily injury liability insurance policy or bond is in effect at the time of the accident, but:
      i. the sum of the limits of liability available under all valid and collectible insurance policies, bonds and securities applicable to **BI** is less than the applicable limits of uninsured motorists coverage provided under the policy against which the claim is made; or
      ii. the company writing such policy or bond denies coverage, or which is, or becomes, insolvent.
2. a hit and run **motor vehicle** which causes **BI** to a person covered under this section as the result of striking that person or a **motor vehicle** which that person is **occupying** at the time of the accident, if:
   a. the identity of the driver and the owner of the hit and run vehicle is unknown;
   b. the accident is reported within 24 hours to law enforcement authorities;
   c. the injured person or someone on their behalf files with **us** within 30 days of the accident a statement under oath that the injured person or their legal representative has a cause of action due to the accident for damages against someone whose identity is unknown; and
   d. the injured person or their legal representative makes available for inspection by **us**, when requested, the **motor vehicle occupied** by that person at the time of the accident.

The term **uninsured motor vehicle** does not include a **motor vehicle:**

1. owned by, leased to, regularly furnished or available for the use of **you** or any **relative;**
2. owned or operated by a self-insurer as defined in the applicable **motor vehicle** law;
3. owned by a governmental unit or agency.

### INSURING AGREEMENT

This coverage is provided only if it is indicated in the Declarations.

We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** for **BI**:

**A.** sustained by an **insured**; and

**B.** caused by an accident arising out of owning, maintaining, or the use of an **uninsured motor vehicle**.

EXCLUSIONS

**A.** **We** do not cover any person who settles a **BI** claim with any liable party and the settlement is without **our** consent.

**B.** **We** do not cover any claim which would benefit any insurer or self-insurer under any workers' compensation, disability benefits, or similar law.

**C.** **We** do not cover **BI** sustained while a **covered auto** is:

1. rented to any person or organization in any fashion; or
2. leased to any person or organization in any fashion.

This exclusion does not apply:

1. while the **auto** is rented or leased to or for **your** or a **relative's** use;
2. while the **auto** is used in a shared expense car pool; or
3. while the **auto** is being used for volunteer or charitable purposes for which reimbursement for normal operating expenses may be paid to **you** or a **relative**.

**D.** **We** do not cover **BI** sustained while a **covered auto** is being used to carry persons for a charge. This exclusion does not apply while the **auto**:

1. is used in a shared expense car pool; or
2. is being used for volunteer or charitable purposes for which reimbursement for normal operating expenses may be paid to **you** or a **relative**.

**E.** **We** do not cover a **relative** who owns, leases or has available for their regular use, an **auto** which is insured for uninsured or underinsured motorists coverage on a primary basis under any other policy.

**F.** **We** do not cover any person using a **motor vehicle** without a reasonable belief they are entitled to do so. This exclusion does not apply to **you** or a **relative** using a **covered auto**.

SETTLEMENT

**A.** Whether any person is legally entitled to collect damages under this section, and the amount to which such person is entitled, will be determined by agreement between that person and **us**. Upon written consent of both parties, any disagreement will be settled by arbitration.

**B. ARBITRATION**

1. **THE ARBITRATION PROVISION WILL NOT APPLY IF LEGAL ACTION HAS BEEN COMMENCED BY THE INSURED AGAINST THE OWNER OR OPERATOR OF AN UNINSURED MOTOR VEHICLE.**
2. **THE ARBITRATION PROVISION APPLIES AS FOLLOWS:**
   a. **IF WE AND A COVERED PERSON DO NOT AGREE:**
      i. **WHETHER THAT COVERED PERSON IS LEGALLY ENTITLED TO RECOVER DAMAGES; OR**
      ii. **AS TO THE AMOUNT OF DAMAGES WHICH ARE RECOVERABLE BY THAT COVERED PERSON;**

**FROM THE OWNER OR OPERATOR OF AN UNINSURED MOTOR VEHICLE THEN THE MATTER MAY BE ARBITRATED. HOWEVER, DISPUTES CONCERNING COVERAGE UNDER THIS PART MAY NOT BE ARBITRATED.**

**BOTH PARTIES MUST AGREE TO ARBITRATION. IF SO AGREED, EACH PARTY WILL SELECT AN ARBITRATOR. THE TWO ARBITRATORS WILL SELECT A THIRD. IF THEY CANNOT AGREE WITHIN 30 DAYS, EITHER MAY REQUEST**

THAT SELECTION BE MADE BY A JUDGE OF A COURT HAVING JURISDICTION.

THE ARBITRATION PROCEEDINGS SHALL COMMENCE WITHIN ONE YEAR AFTER THE DATE BOTH PARTIES AGREE TO SETTLE A DISPUTE BY ARBITRATION.

b. EACH PARTY WILL:
   i. PAY THE EXPENSES IT INCURS; AND
   ii. BEAR THE EXPENSES OF THE THIRD ARBITRATOR EQUALLY.

c. UNLESS BOTH PARTIES AGREE OTHERWISE, ARBITRATION WILL TAKE PLACE IN THE COUNTY IN WHICH THE COVERED PERSON LIVES. LOCAL RULES OF LAW AS TO PROCEDURE AND EVIDENCE WILL APPLY. A DECISION AGREED TO BY AT LEAST TWO OF THE ARBITRATORS WILL BE BINDING AS TO:
   i. WHETHER THE COVERED PERSON IS LEGALLY ENTITLED TO RECOVER DAMAGES; AND
   ii. THE AMOUNT OF DAMAGES. THIS APPLIES ONLY IF THE AMOUNT DOES NOT EXCEED THE MINIMUM LIMIT FOR BODILY INJURY SPECIFIED BY THE FINANCIAL RESPONSIBILITY LAW OF ALABAMA. IF THE AMOUNT EXCEEDS THAT LIMIT, EITHER PARTY MAY DEMAND THE RIGHT TO A TRIAL. THIS DEMAND MUST BE MADE WITHIN 60 DAYS OF THE ARBITRATORS' DECISION. IF THIS DEMAND IS NOT MADE, THE AMOUNT OF DAMAGES AGREED TO BY THE ARBITRATORS WILL BE BINDING.

**C** If a person seeking coverage files a suit against the owner or driver of the **uninsured motor vehicle,** copies of suit papers must be forwarded to **us** and **we** have the right to defend on the issues of the legal liability of, and the damages owed by, such owner or driver. However, **we** are not bound by any judgment against any person or organization obtained without **our** written consent.

**LIMIT OF LIABILITY**

**Our** maximum limit of liability for all damages resulting from any one accident is:

**A.** the limit of liability for Uninsured Motorists Coverage stated in the Declarations applicable to the **covered auto** when there is only one **covered auto**; or

**B.** when there is more than one **covered auto:**

1. the limit of liability for Uninsured Motorists Coverage stated in the Declaration applicable to the **covered auto** the insured was **occupying** at the time of the accident, plus the sum of the highest limits of liability for Uninsured Motorists Coverage stated in the Declarations applicable to any other of the **covered autos** up to a maximum of two additional limits; or
2. if the **insured** was not **occupying** one of the **covered autos** at the time of the accident, the sum of the highest limits of liability for Uninsured Motorists Coverage stated in the Declarations as applicable to any of the **covered autos** up to a maximum of three limits.

This is the most **we** will pay regardless of the number of:

**a.** covered persons;

**b.** claims made; or

c. vehicles involved in the accident.

EXCEPTION: No one will be entitled to duplicate payments for the same **loss** as a result of the application of this provision.

**REDUCTIONS**

The lesser of the limits of this insurance or the amount payable under this coverage will be reduced by any amount:

**A.** paid by or on behalf of any liable parties.
**B.** paid or payable under any workers' compensation, disability benefits or similar laws.
**C.** paid or payable under the **AUTOMOBILE LIABILITY** section of this policy.

If the total damages the covered person is legally allowed to recover exceeds the total of all payments received from all other sources, the amount payable under this coverage shall not be less than the statutory minimum limits applicable to Uninsured Motorists Coverage. However, any payment under this coverage shall not exceed the total of all unpaid damages. **We** will not make a duplicate payment under this coverage for any element of damages for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**OTHER INSURANCE**

If there is other similar insurance, **we** will pay only **our** fair share. **Our** fair share is the portion that **our** limit bears to the total of all applicable limits.

However, with respect to a **non-owned auto** or a **substitute auto**, this insurance will be excess over any other similar insurance but only in the amount by which the limit of liability of this policy exceeds the limits of liability of the other available insurance. If there is other excess or contingent insurance, **we** will pay **our** fair share.

**We** will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payments, judgments, or settlements.

**ADDITIONAL DUTIES AFTER A LOSS**

All **insureds** must cooperate with **us** in investigating an accident.

**We** may require the **insured** to take appropriate action to preserve the **insured's** right to recover damages from any other person responsible for the accident or **BI**. In any lawsuit against **us**, **we** may require the **insured** to join the responsible person as a defendant.

An **insured** must report an accident involving an **uninsured motor vehicle** within 24 hours to law enforcement authorities.

All other policy terms and conditions apply.

# EXHIBIT E

# AUTO INSURANCE POLICY

## INSURANCE AGREEMENT AND DECLARATIONS

In return for the payment of premium, **we** agree to insure **you** for the coverages and applicable limits of insurance shown in the Declarations. The coverages provided are subject to all the terms, conditions, and limitations of this policy. The policy consists of the policy contract, the Declarations, and all endorsements that apply.

When **you** accept this policy, **you** agree that the representations made by **you** or on **your** behalf for this insurance are true. **We** provide this insurance based upon those truths. This policy contains all agreements between **you** and **us.**

## GENERAL DEFINITIONS

Certain words and phrases are defined for use in this policy. These words and phrases have the same meaning whether in singular, plural, or any other form. Each coverage may define words and phrases that are used only with that coverage. Defined words and phrases appear in boldface type.

**A. ACTUAL CASH VALUE** means the amount that it would cost to repair or replace the damaged property, minus the amount for any physical deterioration and depreciation.

**B. AUTO** means a land **motor vehicle** of the private passenger, pick-up truck, low speed vehicle, or van type which is designed and intended for use mainly on public roads. Golf carts which are registered for use on public roads are **autos**.

**C. AUTO BUSINESS** means the business or occupation of:

1. selling;
2. leasing;
3. repairing;
4. servicing;
5. storing;
6. parking;
7. delivering; or
8. testing;

**motor vehicles** or **trailers.**

**D. BODILY INJURY** (referred to as "BI") means any physical injury to a person and any resulting sickness, disease or death.

**E. COLLISION** means the contact of an **auto** with another object, vehicle, or the road bed. This includes the overturning of an **auto.**

**F. COVERED AUTO** means:

1. any **auto** or **trailer** which is shown in the Declarations and is owned by, registered to, or leased by **you** or a **relative**;
2. any **auto** or **trailer** which is shown in the Declarations and which is furnished to **you** or a **relative** for **your** regular use, but is not owned by or leased to **you** or a **relative;**
3. a camper that is designed to be mounted on a pickup truck. The camper must be shown in the Declarations;
4. a **substitute auto;**
5. an **auto** which is newly acquired by **you**. **You** must ask **us** to add it to **your** policy within 30 days of acquisition and pay any additional premium due.
   If the newly acquired **auto**:
   a. replaces an **auto** shown in the Declarations then the coverages and limits applicable to the replaced **auto** shall apply to the newly acquired **auto.**

   b. does not replace an **auto** shown in the Declarations, then the broadest coverages and limits applicable to any **auto** shall apply to the newly acquired **auto.** If Comprehensive or Collision Coverage does not apply to any **auto** shown in the Declarations, **we** will provide Comprehensive and Collision Coverages subject to a $500 deductible for the newly acquired **auto.**

An **auto, trailer** or camper is no longer a **covered auto** on the date it is no longer owned by, leased to, or available for regular use by **you** or a **relative.**

G. **DEDUCTIBLE** means the amount of **loss** to be paid by **you.**

H. **FUNGUS AND MOLD** means inhalation, ingestion, the existence of or exposure to any fungi, mold, mushrooms, bacteria, mildew, wet rot or dry rot and any mycotoxins, spores, scents, or by-products produced by any of these.

I. **INSURED** means:
   1. with respect to a **covered auto:**
      a. **you;**
      b. any **relative**; or
      c. any other person using it with **your** or a **relative's** permission. The use must be within the scope of the permission given by **you** or a **relative.**
   2. with respect to a **non-owned auto, you** or any **relative.** The use must be within the scope of the permission given to **you** or a **relative.**
   3. any other person or organization if liable due to the acts or omissions of any person described in **1.** or **2.** above. This provision does not apply:
      a. if the vehicle is a **non-owned auto** owned or hired by the person or organization.
      b. to the United States of America or any of its agencies.

J. **LOSS** means direct, sudden and accidental damage or total or partial theft. **Loss** does not include any actual or perceived reduction in market or resale value.

K. **MEDICAL SERVICES** means necessary medical treatments, procedures, products, services, and supplies which:
   1. are provided by licensed hospitals, physicians, clinics or other medical or healthcare providers, if the provider is required to be licensed by law; and
      a. is within the legally authorized scope of the provider's practice or service;
      b. are commonly and customarily recognized as the standard of care and treatment throughout the medical and dental professions and within the United States of America as appropriate for the **BI**;
      c. serve a medical purpose or are for a medical reason;
      d. are not experimental in nature; and
      e. are not for research or testing purposes;
   2. includes ambulance or medical transportation services;
   3. includes professional nursing services;
   4. includes the costs of pharmaceuticals prescribed by a licensed medical provider, eyeglasses, hearing aids, orthopedics and prosthetic devices; or
   5. are due to common funeral or burial services or practices.

L. **MEDICAL EXPENSE** means the **reasonable expenses** incurred for any **medical services.**

M. **MOTORCYCLE** means a two-wheeled or three-wheeled motorized vehicle of the motorcycle, motorbike, moped or registered motor scooter type, including, if attached, a sidecar or **trailer.**

N. **MOTOR VEHICLE** means a land motor vehicle designed for use mainly on public roads other than:
   1. a farm type tractor or farm equipment designed for use mainly off public roads, while not upon public roads;
   2. a vehicle operated on rails or crawler-treads;

   3. a self-propelled steam or traction engine;
4. a compactor type engineering vehicle used for the construction of roads or foundations; or
5. a vehicle used primarily as a residence, dwelling, premises, or place of business.

**O. NON-OWNED AUTO** means:
1. an **auto** being used by **you** or a **relative** with the owner's permission. The **auto** must not be owned by, furnished to, or made available for regular use by **you**, or any **relative**. However, an **auto** owned by, furnished to, or made available for regular use by a **relative** shall be a **non-owned auto** when it is used by:
   a. **you**; or
   b. any other **relative**.
2. a commercially rented **auto**, or truck which has a Gross Vehicle Weight Rating of under 26,000 lbs., used by **you** or a **relative** on a temporary basis.

**P. NUCLEAR ACTION** means nuclear reaction, nuclear discharge, radiation or radioactive contamination including any cleanup, decontamination or containment activities regardless of how the reaction, discharge or contamination occurred.

**Q. OCCUPYING** means in, on, entering, or exiting.

**R. PROPERTY DAMAGE** (referred to as **"PD"**) means physical damage to, destruction of, or loss of use of tangible property.

**S. RACING** means preparing, practicing, competing or driving in any organized or prearranged:
1. race;
2. speed contest;
3. high speed driving;
4. stunting;
5. demolition; or
6. other similar organized exhibition or demonstration,

on a closed course.

**T. REASONABLE EXPENSES** means the least of:
1. the reasonable, usual and customary fees charged by a majority of healthcare providers who provide similar **medical services** in the geographical area in which the fees were incurred. The fee may be established by a database, survey or any other means which identifies the amounts charged by healthcare providers within the same or a similar geographical area in which the fees were incurred;
2. the fee specified in any fee schedule which is authorized or prescribed by law to apply to medical payments coverage, no-fault coverage, or personal injury protection coverage included in an auto liability policy issued in the state where the **medical services** were provided;
3. the fees agreed to by both the healthcare provider and **us**; or
4. the fees agreed to by the healthcare provider and a third party or a network.

**U. RELATIVE** means a person, other than **you**, who is a resident of **your** household, and is related to **you** by blood, marriage, civil union, registered domestic partnership, or adoption. This includes a ward, stepchild, foster-child, and **your** children that are residents of **your** household who are living elsewhere. **We** may require reasonable proof of residency in **your** household.

**V. SUBSTITUTE AUTO** means an **auto** or **trailer** which is not owned by **you** or any **relative**, and which is used with the owner's permission to replace a **covered auto** for a short time. The **covered auto** has to be out of normal use due to:
1. breakdown;
2. destruction;
3. **loss**;

4. repair; or
5. servicing.

**W. TOTAL LOSS** means a **loss** in which the cost to repair the vehicle to its pre-**loss** condition plus the salvage value, equals or exceeds the **actual cash value**.

**X. TRAILER** means a trailer designed to be towed by an **auto** and which is not used as an office, store, display, or passenger trailer. A farm wagon or farm implement is a **trailer** while being towed by an **auto**.

**Y. War** means a state of conflict including:
1. war, declared or undeclared;
2. civil war;
3. insurrection;
4. rebellion;
5. revolution; or
6. warlike actions by a military force or personnel.

**Z. WE, US, OUR** and **COMPANY** mean the company named in the Declarations.

**AA. YOU** and **YOUR** mean the named insured or named insureds shown in the Declarations. If a named insured shown in the Declarations is a person, then **you** and **your** includes that person's:
1. spouse; or
2. partner in a civil union, registered domestic partnership or other similar union.

The spouse or partner must be a resident of the same household as the named insured. The marriage, civil union or domestic partnership must have been validly entered into under the laws of a state, municipality, or territory of the United States or any other country.

## LIABILITY COVERAGE

Coverage is provided when the coverage is shown as applying in the Declarations.

### INSURING AGREEMENT

**We** will pay damages for **BI** and **PD** to others for which the law holds an **insured** responsible because of a **loss** resulting from owning, maintaining, or using a **covered auto** or **non-owned auto**, including a **trailer**, mounted camper unit, attached cap, topper, or canopy which is being used with either. Damages include prejudgment interest awarded against an **insured**. The most **we** will pay for all damages shall not be more than the amount determined by the **LIMIT OF LIABILITY**.

**We** will defend an **insured**, at **our** expense against any suit or claim seeking these damages. **We** may use attorneys of **our** choice in any suit or claim. **We** may investigate, negotiate or settle any such suit or claim. **Our** duty to defend ends when **we** deposit in court or pay any amount due under this coverage. **We** have no duty to defend an **insured** for any suit or settle any claim not covered under this policy.

### SUPPLEMENTAL PAYMENTS

In addition to the limits of liability, **we** will pay the following expenses incurred by an **insured** due to a claim or suit covered under this policy:

**A.** Premiums on the following bonds:
1. Appeal bonds in any suit **we** defend.
2. Bonds to release attachments in any suit **we** defend. The total amount of the bonds must not exceed **our** limit of liability.
3. Up to $250 for any bail bond needed because of an accident or traffic violation(s) from owning, maintaining or using a **covered auto**.

**We** have no duty to furnish or apply for any bonds.

B. Court costs charged to an **insured.**
C. Costs paid by an **insured** to give first aid to others at the time of a **loss** involving a **covered auto** or **non-owned auto**.
D. Wages an **insured** loses while attending a hearing or trial at **our** request. The most **we** will pay to any **insured** is up to $250 per day. **We** will not pay for loss of other income.
E. Other reasonable expenses incurred at **our** request.

**EXCLUSIONS**

A. **We** do not cover **BI** to any employee of an **insured** from his or her employment except domestic employees who are not covered or not required to be covered under any workers' compensation law.
B. **We** do not cover **BI** to a fellow employee of an **insured** while on the job and in the business of his employers. This exclusion does not apply to **you** or any **relatives**.
C. **We** do not cover **BI** or **PD** arising out of an **auto business**. This exclusion does not apply when a **covered auto** is used by **you**, a **relative**, or by any other person in any **auto business** in which **you** have an interest as owner or partner.
D. **We** do not cover any **BI** or **PD** which is covered under an atomic or nuclear energy liability insurance policy, or that would have been covered had that policy not been terminated upon exhaustion of its limit of liability.
E. **We** do not cover any **BI** or **PD** due to a **nuclear action.**
F. **We** do not cover **BI** or **PD** caused by or resulting from an **auto** while it is:
   1. rented to any person or organization in any fashion; or
   2. leased to any person or organization in any fashion.

   This exclusion does not apply:
   1. while the **auto** is rented or leased to or for **your** or a **relative's** use;
   2. while the **auto** is used in a shared expense car pool; or
   3. while the **auto** is being used for volunteer or charitable purposes for which reimbursement for normal operating expenses may be paid to **you** or a **relative.**
G. **We** do not cover **BI** or **PD** caused by or resulting from an **auto** while it is being used to carry persons for a charge. This exclusion does not apply while the **auto:**
   1. is used in a shared expense car pool; or
   2. is being used for volunteer or charitable purposes for which reimbursement for normal operating expenses may be paid to **you** or a **relative.**
H. **We** do not cover **PD** caused by any **insured** to:
   1. an **auto** that is owned by, rented to, operated by, or in the care of that **insured**; or
   2. any other property that is owned by, rented to, or in the care of any **insured**. This exclusion does not apply to a rented dwelling or private garage.
I. **We** do not cover any awards or judgments designated as punitive, exemplary, statutory multiple, or delay damages or awards.
J. **We** do not cover **BI** or **PD** from an intentional act caused by or at the direction of an **insured.** This exclusion applies even if the actual injury or damage is different than that which was intended or expected.
K. **We** do not cover **BI** or **PD** caused by or resulting from any **auto** while **racing.**
L. **We** do not cover **BI** or **PD** from the use of an **auto** for which the provisions of the Federal Tort Claims Act apply.
M. **We** do not cover any **BI** or **PD** directly or indirectly caused by **fungus and mold.**
N. **We** do not cover **BI** or **PD** from **occupying** or using an **auto** while:
   1. it is being used as an aircraft; or
   2. it is being used as a watercraft.
O. **We** do not cover **BI** or **PD** caused by anyone **occupying** or using an **auto** without the owner's permission or a reasonable belief that the person is entitled to **occupy** or use the **auto**. This exclusion does not apply to **you** or a **relative occupying** or using a **covered auto** or **non-owned auto.**

**LIMIT OF LIABILITY**

The limit of liability shown for Bodily Injury in the Declarations for "each person" is the most **we** will pay for all damages, including prejudgment and post-judgment interest, due to **BI** to any one person as the result of any one accident. This includes all damages sustained by any other person as a result of that **BI.**

Subject to this limit for "each person", the Bodily Injury limit shown in the Declarations for "each accident" is the most **we** will pay for all damages, including prejudgment and post-judgment interest, arising out of **BI** sustained by two or more persons resulting from any one accident.

The limit of liability shown for Property Damage in the Declarations for "each accident" is the most **we** will pay for all damages, including prejudgment and post-judgment interest, to all property resulting from any one accident.

If a single limit of liability for Bodily Injury and Property Damage is shown in the Declarations, it is the most **we** will pay for all damages, including prejudgment and post-judgment interest, due to **BI** and **PD** as the result of any one accident.

The limit of liability includes damages for care, loss of consortium, emotional distress, and loss of services or death.

This is the most **we** will pay regardless of the number of:

- **A.** **insureds**;
- **B.** claims made;
- **C.** vehicles shown in the Declarations;
- **D.** premiums shown in the Declarations; or
- **E.** vehicles involved in the accident.

An **auto** and attached **trailer** are considered one vehicle.

### DUPLICATION OF PAYMENTS

No person is entitled to receive duplicate payments for the same elements of **loss** under this section and any other coverage provided by this policy.

### FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

### OUT OF STATE INSURANCE

If any **insured** becomes subject to a financial responsibility law, motor vehicle compulsory insurance law, compulsory insurance for nonresidents, or similar law of:

- **A.** any state of the United States of America;
- **B.** a territory, possession, or Commonwealth of the United States of America;
- **C.** the District of Columbia; or
- **D.** any province or territory of Canada;

**we** will interpret this policy to provide the coverage required by those laws.

### OTHER INSURANCE

If two or more auto insurance policies issued to **you** by **us** apply to any **loss**, the most **we** will pay is the highest dollar limit or benefit in any one such policy.

If there is other applicable insurance, **we** will pay **our** fair share. **Our** fair share is the portion that **our** limit bears to the total of all applicable limits. Any insurance **we** provide with respect to **non-owned autos** or **substitute autos** will be excess over any other collectible insurance. Any insurance **we** provide will be excess over any payments received from workers' compensation, disability, or similar law or benefits.

## MEDICAL EXPENSE COVERAGE

Coverage is provided when the coverage is shown as applying in the Declarations.

INSURING AGREEMENT

**We** will pay **medical expenses** incurred because of **BI** to:

A. **you** or any **relative** as a result of a **loss** involving a **motor vehicle,** or a **trailer** while being used with an **auto.**
B. anyone, other than **you** or any **relative,** while **occupying** or using a **covered auto** with **your** consent.

**Medical services** must begin within one year and are rendered within three years from the date of **loss.**

EXCLUSIONS

A. **We** do not cover that portion of any **medical expense** which is covered under or required to be covered under a workers' compensation, disability or similar law or benefits.
B. **We** do not cover **BI** arising out of an **auto business.** This exclusion does not apply when a **covered auto** is used by **you**, a **relative**, or by any other person in any **auto business** in which **you** have an interest as owner or partner.
C. **We** do not cover any **BI** which is covered under an atomic or nuclear energy liability insurance policy, or that would have been covered had that policy not been terminated upon exhaustion of its limit of liability.
D. **We** do not cover any **BI** due to a **nuclear action.**
E. **We** do not cover **BI** caused by, resulting from, or sustained while **occupying** a **covered auto** or **non-owned auto** while it is:
   1. rented to any person or organization in any fashion; or
   2. leased to any person or organization in any fashion.

   This exclusion does not apply:
   1. while the **auto** is rented or leased to or for **your** or a **relative's** use;
   2. while the **auto** is used in a shared expense car pool; or
   3. while the **auto** is being used for volunteer or charitable purposes for which reimbursement for normal operating expenses may be paid to **you** or a **relative.**
F. **We** do not cover **BI** caused by, resulting from, or sustained while **occupying** a **covered auto** or **non-owned auto** while it is being used to carry persons for a charge. This exclusion does not apply while the **auto:**
   1. is used in a shared expense car pool; or
   2. is being used for volunteer or charitable purposes for which reimbursement for normal operating expenses may be paid to **you** or a **relative.**
G. **We** do not cover **BI** from an intentional act caused by or at the direction of an **insured.** This exclusion applies even if the actual injury or damage is different than that which was intended or expected.
H. **We** do not cover **BI** sustained while **occupying** any **motor vehicle** while **racing.**
I. **We** do not cover any **BI** directly or indirectly caused by **fungus and mold.**
J. **We** do not cover any **BI** caused directly or indirectly by **war.**
K. **We** do not cover **BI** sustained while **occupying** a **motor vehicle** while:
   1. it is located for use as a residence or premises;
   2. it is being used as an aircraft; or
   3. it is being used as a watercraft.
L. **We** do not cover **BI** sustained while **occupying** any **motor vehicle** or being struck as a pedestrian by any **motor vehicle,** which is owned by **you** or a **relative** or available for **your** or a **relative's** regular use. This exclusion does not apply to a **covered auto** or to a **non-owned auto.**
M. **We** do not cover **BI** sustained while **occupying** a **motorcycle.**
N. **We** do not cover **BI** sustained by anyone while **occupying** a **motor vehicle** without the owner's permission or a reasonable belief that the person is entitled to **occupy** the **motor vehicle.** This exclusion does not apply to **you** or a **relative occupying** a **covered auto** or **non-owned auto.**

LIMIT OF LIABILITY

The limit shown in the Declarations for "each person" is the most **we** will pay for any one person as a result of any one accident. This is the most **we** will pay regardless of the number of:

A. **insureds;**
B. claims made;

C. vehicles shown in the Declarations;
D. premiums shown in the Declarations; or
E. vehicles involved in the accident.

The total amount **we** will pay includes funeral and burial expenses, not to exceed the lesser of $3,000 or the limit of liability for each person.

**DUPLICATE PAYMENTS**
No one will be entitled to receive duplicate payments for the same **medical services** or funeral and burial expenses under this coverage and:
A. any other coverage provided by this policy; or
B. any amount paid by or on behalf of a party who is legally liable for the **BI**.

**OTHER INSURANCE**
If two or more auto insurance policies issued to **you** by **us** apply to any **loss**, the most **we** will pay is the highest dollar limit or benefit in any one such policy.

If there is other applicable insurance, **we** will pay **our** fair share. **Our** fair share is the portion that **our** limit bears to the total of all applicable limits. Any insurance **we** provide with respect to a vehicle **you** or a **relative** do not own will be excess over any other collectible insurance. Any coverage provided shall be excess over any personal injury protection benefits paid or payable, except for a deductible under this or any other motor vehicle insurance policy, for the **medical expenses** for **BI**.

## PHYSICAL DAMAGE COVERAGE

Coverage is provided when the coverage is shown as applying in the Declarations.

**INSURING AGREEMENTS**

A. **COMPREHENSIVE COVERAGE**
**We** will pay for **loss** to **your covered auto**, or to a **non-owned auto**, including its equipment, not caused by **collision**, minus any applicable **deductible** shown in the Declarations. Coverage is included for a **loss** caused by, but not limited to, the following:
1. falling objects or contact with a bird or animal;
2. fire, explosion, or earthquake;
3. theft or larceny;
4. windstorm, hail, water or flood;
5. malicious mischief or vandalism;
6. riot or civil commotion; and
7. breakage of glass.

B. **COLLISION COVERAGE**
**We** will pay for **loss** to **your covered auto** or to a **non-owned auto**, including its equipment, caused by **collision**, minus any applicable **deductible** shown in the Declarations.

C. **TOWING AND LABOR COVERAGE**
**We** will pay up to the limit shown in the Declarations for the cost of labor performed at the place of disablement or breakdown and costs of towing a **covered auto** or a **non-owned auto** to be repaired. The disablement or breakdown labor and towing include:
1. labor to repair the vehicle at the place of disablement or breakdown;
2. towing to the nearest repair facility;
3. delivery of fuel, liquids, batteries or tires necessary to make the vehicle drivable, excluding the actual cost of the fuel, liquids, batteries or tires;
4. labor to replace a flat tire at the scene of disablement;
5. jump-starting or boosting a battery to start the vehicle due to a drained battery;

6. winching to bring the vehicle back onto a paved road or driveway; and
7. lockout or locksmith services needed to open a door if the key is lost, stolen or locked inside the vehicle.

No **deductible** applies to this coverage.

**D. SUBSTITUTE TRANSPORTATION COVERAGE**

**We** will pay up to the limit as shown in the Declarations for the cost of substitute transportation if the **covered auto** is disabled as a result of a **loss** covered under Comprehensive or Collision Coverage. For **loss** caused by theft of the **covered auto**, this coverage is provided in place of any transportation costs paid under item **C.** of **SUPPLEMENTAL PAYMENTS.**

Payment will begin the day the **covered auto** is:
1. out of use due to the **loss**; or
2. the day **you** leave it at the repair shop.

Payment will be made for the reasonable and necessary time required to repair the **covered auto**. Payment will end:
1. the day the **covered auto** has been repaired;
2. when **we** offer settlement; or
3. when **you** reach **your** limit,

whichever occurs first.

**We** will pay up to the amount for each day, as shown in the Declarations, for rental coverage from an auto rental agency, but not more than the maximum amount for each disablement for any one **loss.**

However, if **you** do not rent from an auto rental agency, **we** will pay **you** $25 per day, but not more than the limit shown in the Declarations for each disablement for any one **loss.**

No **deductible** applies to this coverage.

**SUPPLEMENTAL PAYMENTS**

**A.** If the **covered auto** is disabled as a result of **loss, we** will pay up to $50 for transportation to reach the intended destination or return home.

**B.** If the **covered auto** is in a **loss**, **we** will pay up to $300 for **loss** to clothes and luggage belonging to **you** or a **relative** which are in the **covered auto.**

**C.** If an **auto** is stolen, **we** will pay up to $25 for each day for transportation. Payment will end when **we** offer settlement for the theft. If **you** do not rent from an auto rental agency, **we** will pay **you** $25 for each day. However, the total amount **we** will pay will not be more than $750.

**D.** **We** will pay general average and salvage charges for which **you** become legally liable when the **covered auto** is being transported.

**E.** **We** will pay to replace a child restraint seat or car seat damaged in a **loss** covered under Comprehensive or Collision Coverage.

**F.** **We** will pay expenses for loss of use, diminished value, and reasonable fees and charges which **you** become legally obligated to pay as a result of direct and accidental damage to a **non-owned auto** commercially rented by **you** or a **relative** on a temporary basis.

No **deductible** applies to these payments.

**EXCLUSIONS**

**A.** We do not cover **loss** to **non-owned auto** arising out of an **auto business.**

**B.** We do not cover any **loss** to an **auto** due to a **nuclear action.**

**C.** We do not cover **loss** to an **auto** while it is:

1. rented to any person or organization in any fashion; or

    2. leased to any person or organization in any fashion.

This exclusion does not apply:

1. while the **auto** is rented or leased to or for **your** or a **relative's** use;
2. while the **auto** is used in a shared expense car pools;
3. while the **auto** is being used for volunteer or charitable purposes for which reimbursement for normal operating expenses may be paid to **you** or a **relative.**

D. **We** do not cover **loss** to an **auto** while it is being used to carry persons for a charge. This exclusion does not apply while the **auto**:

1. is used in a shared expense car pools; or
2. is being used for volunteer or charitable purposes for which reimbursement for normal operating expenses may be paid to **you** or a **relative.**

E. **We** do not cover **loss** to an **auto** arising out of an intentional act or theft caused by or at the direction of an **insured.** This exclusion applies even if the actual injury or damage is different than that which was intended or expected.

F. **We** do not cover **loss** to any **auto** while **racing.**

G. **We** do not cover any **loss** caused by **fungus and mold.**

H. **We** do not cover any **loss** caused directly or indirectly by **war.**

I. **We** do not cover any **loss** due to and confined to:

1. wear and tear;
2. freezing; or
3. mechanical or electrical breakdown or failure.

This exclusion does not apply if the **loss** results from the total theft of an **auto.**

J. **We** do not cover **loss** or road damage to tires used with an **auto.** This exclusion does not apply if the **loss** is caused by:

1. falling objects or contact with a bird or animal;
2. fire, explosion or earthquake;
3. theft or larceny;
4. windstorm, hail, water or flood;
5. malicious mischief or vandalism;
6. riot or civil commotion; or
7. a **collision** involving another part of the **auto** which causes a **loss** to the tires.

K. **We** do not cover **loss** to any device used to detect or interfere with speed measuring devices which are used with or located in an **auto.**

L. **We** do not cover **loss** to an **auto** or **trailer** due to destruction or confiscation by governmental or civil authorities.

M. **We** do not cover **loss** to any electronic equipment that is installed or located in an **auto** and is designed to reproduce, receive or transmit audio, visual or data signals. This includes, but is not limited to:

1. radios and stereos;
2. tape decks;
3. compact disc and digital video disc systems, players and burners;
4. navigation systems;
5. internet access systems;
6. personal computers, including laptops, desktops, and personal digital assistants (PDA), electronic tablet, or any other handheld or portable device;
7. video entertainment systems;
8. telephones;
9. televisions;
10. two-way mobile radios;
11. scanners; or
12. citizens band radios.

This exclusion applies to all accessories used with the equipment or similar equipment.

This exclusion does not apply if the equipment is operated solely from the electrical system of the vehicle and is:

1. permanently installed in a housing unit or location used by the **auto** manufacturer for such equipment; or

    2. a component that is removable from a housing unit permanently installed in the location used by the **auto** manufacturer for such equipment; or
3. equipment which was provided by or through **us** for use in the **auto**.

**N.** **We** do not cover **loss** to removable products used for the storage of audio, video or other data. This includes, but is not limited to, tapes, records, discs, memory cards, MP3 data, electronic books, and other media or other devices.

This exclusion applies to the removable products used for storage and all data contained on them, including any time or cost to recreate the data.

**O.** **We** do not cover **loss** to a camper, including its parts and its equipment, that is:
1. designed to be mounted on an **auto;**
2. owned by **you** or a **relative**; and
3. not a **covered auto.**

**P.** **We** do not cover any actual or perceived decrease in market value, diminished value, or resale value resulting from a **loss** to an **auto.**

**Q.** **We** do not cover any undamaged parts or accessories of an **auto,** except to the extent necessary to repair or replace damaged parts or accessories.

**R.** **We** do not cover a **loss** to an **auto** while:
1. it is being used as an aircraft; or
2. it is being used as a watercraft.

## LIMIT OF LIABILITY

**A. Replacement Cost Settlement.** If the **covered auto** is owned by **you** and sustains a **loss** within:
1. one year after purchase; or
2. the vehicle's first 15,000 miles,

whichever occurs first, **we** will pay, at **our** option, the full cost of repair or replace the vehicle, less the applicable **deductible.**

**We** will not pay more than the cost to replace the damaged property with:
1. a previously untitled vehicle of the year, make, model and equipment of the damaged **auto** or, if unavailable,
2. a vehicle that is most similar in class and body type to the year, make, model and equipment of the damaged **auto.**

This applies only to a **covered auto** that has not been previously titled and was not more than one model year old when purchased by **you.** This does not apply to a **substitute auto,** a **non-owned auto** or a leased vehicle. **We** will not pay more than the **actual cash value** of the damaged part or property until the actual repair or replacement is complete. If **we** agree that the **auto** is a **total loss, you** may make claim for additional payments for the cost to replace the damaged property by submitting proof of purchasing a replacement **auto** within 91 days of the date of **loss.**

**B. Actual Cash Value Settlement.** If the **covered auto** is not covered under **A.** above, **our** payments will not exceed the lesser of:
1. the limit shown in the Declarations for Physical Damage for the **auto;**
2. the **actual cash value** of the property at the time of **loss**; or
3. the cost to repair or replace the property with other of like kind and quality.

If the repair or replacement results in the betterment of the property or part, **you** must pay the amount of the betterment.

**C. Replacement Cost For Special Parts.** **We** will not take a deduction for depreciation for **loss** to, steering and suspension components, brake parts, electrical wiring and components, batteries, and tires if repair or replacement results in a better part than was damaged. This does not apply

to the theft of tires or batteries. This does not apply when an **auto** sustains a **total loss.**

If the **loss** is only to a part of the property, **our** responsibility extends to that part only.

The most **we** will pay for **loss** to a **trailer you** do not own or did not commercially rent is $1,500.

The cost necessary to repair or replace damaged property with other of like kind, quality, make, model, year or equipment will be the fair and reasonable prices to make the repairs or replacement locally. To the extent there is a range of fair and reasonable prices to make such repairs locally, **we** will pay a competitive price within that range determined at **our** sole discretion. Property of like kind and quality may include new, used, recycled, and reconditioned parts. Any of these parts may be produced by or for the **auto's** manufacturer or may be from non-original equipment manufacturers.

**DEDUCTIBLE**

The Comprehensive Coverage and Collision Coverage **deductible** applicable to each **covered auto** is shown in the Declarations. **We** will waive the **deductible** if the **loss** is the result of **collision** with another vehicle insured by **us.** If the **loss** is to a **non-owned auto,** the Comprehensive Coverage or Collision Coverage **deductible** applicable to the **loss** shall be the lowest **deductible** displayed in the Declarations for the applicable coverage for a **covered auto** which is not a **trailer.**

If a Deductible Savings Benefit (DSB) is shown in the Declarations, the amount shown is available to reduce the Comprehensive or Collision **deductible** applicable to a **loss.** The Deductible Savings Benefit is not applicable to **losses** involving only the repair or replacement of glass.

**NO BENEFIT TO BAILEE**

This coverage shall not directly or indirectly benefit any carrier or bailee for hire for **loss** to the **covered auto.**

**APPRAISAL**

If within 60 days after proof of **loss** is filed there is a disagreement as to the amount of **loss, you** or **we** may demand an appraisal. Each party will select a competent appraiser. Each appraiser will state separately the **actual cash value** and the amount of **loss.** If they fail to agree, they must select and submit their differences to a competent and disinterested umpire. Agreement by any two will determine the amount of **loss.** Each party will pay his chosen appraiser and will equally share the expenses of the appraisal process and umpire. Disagreements over any coverage provided by this policy are not subject to appraisal.

**PAYMENT OF LOSS**

If property is stolen, **we** may, at any time before the **loss** is paid or the property replaced, return at **our** own expense any stolen property. **We** will return the property to **you** or, at **our** option, to the address shown in the Declarations. If **we** return stolen property **we** will pay for any damage resulting from the theft. **We** may take all or part of the damaged property at the agreed or appraised value, but **you** cannot abandon the property to **us.**

**We** may, at **our** option, make payment for a **loss** to one or more of the following:

**A.** **You.**

**B.** The owner of the **auto.**

**C.** The repairer.

**D.** Any other party who has an interest, title, or lien on the property.

**OTHER INSURANCE**

If two or more auto insurance policies issued to **you** by **us** apply to any **loss,** the most **we** will pay is the highest dollar limit or benefit in any one such policy.

If there is other applicable insurance, **we** will pay **our** fair share. **Our** fair share is the portion that **our** limit bears to the total of all applicable limits. Any insurance **we** provide with respect to **non-owned autos** or **substitute autos** will be excess over any other collectible insurance.

## GENERAL POLICY CONDITIONS

**A. TERRITORY AND POLICY PERIOD**

This policy applies to accidents and **losses** which happen during the policy period shown by the effective date and expiration date in the Declarations, and within:

1. the United States, its territories, its possessions, and its Commonwealths;
2. the District of Columbia;
3. Canada; and
4. while the **covered auto** or **non-owned auto** is being shipped between the ports of the United States, its territories, its possessions, its Commonwealths, and Canada.

**B. CHANGES**

1. This policy contains all the agreements between **you** and **us.** Its terms may not be changed or waived except by endorsement issued by **us.**
2. The premiums for this policy are computed using the rules, rates, rating plans, premiums and minimum premiums for the coverages provided. The premiums **we** charge are based on information **we** received from **you** and from other sources. **You** agree to assist **us** in determining that this information is complete and correct. **You** must inform **us** if any of the information is incorrect or incomplete, or changes during the policy period. If any of the information used to determine the premium is incorrect, incomplete, changes or if **you** do not provide it to **us** when **we** ask, **we** may increase or decrease the premium during the policy period.

   Changes during the policy period that may result in a premium increase or decrease include, but are not limited to, changes in:

   a. the number, type, or use of the **covered autos.**
   b. drivers using the **covered autos**, including **you, relatives** and all licensed drivers in **your** household.
   c. the principal garaging location of the **covered autos.**
   d. coverage, deductible or limits of the policy.

   If a change requires a premium increase or decrease, **we** will increase or decrease the premium following **our** rules and rates. If the premium is increased, **you** must pay the amount of increase on the date set by **us.**
3. **We** will automatically give **you** the benefits of any extension or broadening of coverage if a policy change does not require additional premiums. The change will automatically apply to **your** policy as of the date **we** implement the change in **your** state. This will not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

   a. a future edition of **your** policy; or
   b. an endorsement changing the policy.
4. If **we** offer to renew this policy, the renewal premium will be based upon the rates in effect at the time of the renewal.

**C. FRAUD AND MISREPRESENTATION**

**You** will have no coverage, and **your** policy will be void, if before or after a **loss, you** or any person:

1. conceals or misrepresents any material fact or circumstance;
2. makes a fraudulent statement; or
3. takes part in or attempts any fraudulent conduct;

relating to this policy or any **loss** for which coverage is sought.

**D. DUTIES AFTER A LOSS**

**We** have no duty to provide coverage under this policy if the failure to comply with any of the following duties is prejudicial to **us** or results in additional **loss** or damage.

1. **You** or someone on **your** behalf must notify **us** as soon as possible of any **loss. We** may

require notification in writing. The notification should include as many details as possible, including:

a. the names and addresses of drivers, injured persons and witnesses;
b. the time and place of the **loss**; and
c. all details and circumstances of the **loss**.

2. **You** must protect the **auto** from further **loss**. **We** will pay **you** for reasonable expenses incurred for this protection. **We** will not cover any **loss** which results from **your** failure to protect the **auto** from further **loss**.
3. In the event of a theft, **you** must promptly report the **loss** to the police.
4. **You** or a **relative** seeking coverage under Physical Damage Coverage must file with **us** a proof of **loss** within 91 days, or within the number of days required by law, of the **loss**.
5. **You**, a **relative**, and anyone seeking any coverage must:
   a. cooperate with **us** in the investigation, settlement or defense of any claim or suit;
   b. assist in securing and making evidence available to **us**. This includes, but is not limited to, allowing **us** to inspect damage to a **covered auto** or a **non-owned auto** before it is repaired;
   c. promptly send **us** copies of any notices, complaints, summons or legal papers received in connection with the **loss**;
   d. attend hearings and trials at **our** request;
   e. assist in finding and having witnesses participate in the investigation and settlement of claims;
   f. submit to:
      i. physical or mental exams by physicians of **our** choice as often as **we** require;
      ii. examinations under oath as often as **we** require; and
      iii. interviews and recorded statements without the need for **us** to conduct an examination under oath.
   g. authorize **us** to obtain any:
      i. medical, laboratory, or treatment reports, results, or tests related to **BI** which may have resulted from the accident or **loss**; and
      ii. other pertinent records, including, but not limited to, police or traffic reports, vehicle usage, information contained in or transmitted by any device located in or on the covered **auto** or **trailer**.
6. **You**, a **relative**, and anyone seeking any coverage will not voluntarily make any payment, assume any obligation, or incur any expense at the time of the **loss**, except at **your** expense. This does not apply to any first aid **you** or any **relative** provides to others.

## E. MEDICAL REPORTS; PROOF AND PAYMENT OF CLAIM

Any person making a claim must do the following as soon as possible:

1. Give **us** details about the death, injury, treatment, and other information **we** need to determine the amount payable. **We** have the right to make or obtain a review of **medical expenses** and **medical services** to determine if they are reasonable and necessary for the **BI** sustained. Forms for providing this information may be provided by **us.**
2. Consent to be examined by physicians chosen and paid by **us** when, and as often as, **we** reasonably may require.
3. Sign authorizations to permit **us** to obtain medical reports and records. If the person is dead or unable to act, such authorizations must be signed by his or her legal representative.
4. Submit to and provide all details concerning **loss** information through written or recorded statements or examinations under oath as often as **we** reasonably may require.

In addition, any person making a claim as a result of **BI**, which may result in payment from Personal Injury Protection or Medical Expense Coverage, must notify **us** in writing. This notification should be sent to **us** as soon as reasonably possible after the person's first examination or treatment resulting from the **BI**. Another person may give **us** the required notice on behalf of the person making a claim.

Under Personal Injury Protection and Medical Expense Coverage, **we** may pay the injured person or

any person or organization rendering the services. Any such payment will reduce the total amount **we** will pay for the injury. Any payment made by **us** will not constitute admission of liability or fault.

If a **loss** is covered under Personal Injury Protection or Medical Expense Coverage, **we** will defend **you** or any person if a lawsuit is brought for the balance of a bill that **we** did not pay in full based on the charge being in excess of a usual, customary and reasonable charge. Any defense **we** provide will be at **our** expense and with attorneys of **our** choice.

Under Personal Injury Protection, Uninsured Motorists, and Underinsured Motorists Coverage, **we** may pay any amount due to one or more of the following:

1. the injured person;
2. a parent or guardian, if the injured person is a minor;
3. the surviving spouse;
4. the person authorized by law to receive such payment; or
5. the person entitled by law to recover the damages, which the payment represents.

To receive payment for any **BI**, **we** may require, where applicable by law, all medical billing, electronic or not, by the provider to be submitted to **us** in a standard format that meets the Federal Health Insurance Portability and Accountability Act electronic transaction regulation requirements and coded according to Current Procedural Terminology (CPT) guidelines and appropriate International Classification of Diseases diagnosis codes.

**F. LEGAL ACTION AGAINST US**

Legal action may not be brought against **us** unless there is full compliance with all of the terms of this policy. In addition, legal action may not be brought against **us** regarding:

1. Liability Coverage until the amount of damages an **insured** is legally liable to pay has been finally determined by:
   - **a.** judgment after an actual trial; or
   - **b.** the written agreement of **you**, the claimant, and **us**.

   No one has the right to make **us** a party in a suit to determine legal liability.
2. Physical Damage Coverage:
   - **a.** until 30 days after a proof of **loss** is filed with **us**;
   - **b.** until the amount of **loss** is determined as provided in this policy; and
   - **c.** except during the first twelve months after the **loss**.

**Your** bankruptcy or insolvency will not change or relieve **us** of any of **our** obligations under this policy.

**G. OUR RECOVERY RIGHT**

In the event of any payment under this policy, **we** are entitled to all of the rights of recovery of the person to whom, or on whose behalf, payment was made. That person must:

1. hold in trust for **us** all rights of recovery;
2. sign and deliver to **us** any legal papers relating to the recovery;
3. help **us** exercise **our** rights; and
4. do nothing after the **loss** to prejudice **our** rights.

In the event of recovery, **we** must be repaid for all of the amounts paid out by **us** plus any related collection expenses. **We** will enforce this provision only in the manner and to the extent permitted under all the applicable state laws.

**H. ASSIGNMENT**

**Your** rights and duties under this policy cannot be transferred or assigned without **our** consent.

If **you** die, this policy will continue until the end of the policy period for:

1. the surviving spouse if a resident of the same household at the time of death;

   2. **your** legal representative, but only with respect to the representative's legal responsibility to maintain or use a **covered auto**; or
3. any person having proper temporary custody of a **covered auto**.

**I. CONFORMITY TO LAW**

The terms of this policy that conflict with the laws of the state for which this policy has been issued are amended to conform to those laws.

**J. LOSS PAYABLE CLAUSE**

If a loss payee is shown in the Declarations, **we** may, at our option, pay any Comprehensive or Collision **loss** to one or more of the following:

1. **You.**
2. The owner of the **auto**.
3. The repairer.
4. Any other party who has an interest, title, or lien on the property.

Coverage for the loss payee's interest is only provided for a **loss** that is payable to **you**.

If **we** pay the loss payee for a **loss**, **we** are entitled to the loss payee's right of recovery to the extent of **our** payment. **Our** right of recovery shall not impair the loss payee's right to recover the full amount of its claim.

If this policy is terminated, **we** will provide coverage for the loss payee's interest until **we** notify the loss payee. Any coverage provided for the loss payee's interest will only be provided for a **loss** that would have been covered except for the termination.

**K. ADDITIONAL INSURED**

If an additional insured is shown in the Declarations:

1. Liability Coverage will be provided for the additional insured to the extent that the additional insured is an **insured** under the definitions of this policy;
2. the additional insured shall have the same rights of recovery under Liability Coverage as if they were not an additional insured; and
3. **we** will notify the additional insured if the policy coverages change or are terminated.

**L. TERMINATION**

See State Provisions Endorsement

IN WITNESS WHEREOF, **we** have caused this policy to be signed by its President and its Secretary at Warwick, Rhode Island. In the event that the President or Secretary who signed this contract cease to be **our** officers either before or after the contract is issued, the contract may be issued with the same effect as if they were still **our** officers.

Secretary

President

# EXHIBIT F

LAW OFFICES OF
ROBERT GREY JOHNSON, JR.
27136 Paseo Espada, Suite B 1123
San Juan Capistrano, California 92675

ROBERT G. JOHNSON, JR., ESQ.*
ROBERT K. RANKIN, ESQ.

Telephone: (949) 234-1100
Facsimile: (949) 234-1101

*Also licensed in Montana

*Paralegal: Linda Leone*

July 27, 2016

Via U.S. Mail and E-Mail

John A. Little, Jr. Esq.
Maynard Cooper Cale
1901 Sixth Ave. North
2400 Regions Harbert Plaza
Birmingham, AL 35203

Re: Our Client: Eric Cisney
Date of Loss: July 17, 2015
**Metropolitan Property and Casualty Insurance Company vs. Eric Cisney**
Case No. 6:16-cv-00973 (N.D. Alabama)

Dear John:

Thank you for taking the time to speak with me today. I did not expect us to take an hour to discuss our dilemma, but I think it was time well spent, and it can be helpful for our preparation for our Rule 26 Conference, which is probably just around the corner.

From our discussions, I think we have a few unanswered questions as to how you view the application of the Alabama Law in this case. It makes sense that your Alabama Policy will likely be construed under prevailing Alabama Law. Where we have a difference of opinion is two fold. First of all, in regard to the application of Alabama Law to the policy, it would be our position that we would definitely have to argue the enforcibility of the provision that you are trying so hard to assert; i.e. the Requirement that we first obtain your permission to settle with the 3rd party defendant, Jesus Rosales.

Second of all, we have to discuss the applicability and enforcement of that law you wish to apply at the time of the Arbitration in California, and which law applies with regard to our "potential subrogation claim." Please allow me to discuss these two issues.

In the first instance, your client failed to give us Notice of this so-called exclusion. It had superior knowledge of that Exclusion, yet it did not disclosed it to us in the course of

our third party claim vs. Mr. Rosales. We were in contact with your adjuster on the underlying 3rd party claim as early as September, 2015, asserting a right to medical payments under the applicable declarations for that coverage. Hence, we feel that the court will hold it accountable for not providing such notice to us, particularly in view of our vulnerability to not knowing the content of the policy applicable to Mr. Cisney; and more particularly in view of the fact that the Underinsured Motorists provisions in his family policy for his automobile liability would not ripen until we settled the claim against Mr. Rosales for the loss.

In our conversation today, I believe I asked you also to research the question of whether Mr. Cisney, as the insured of Metropolitan, was required to "totally exhaust" all of the applicable insurance for the 3rd party liability, as a predicate to first making a claim for underinsured motorist coverage. The sooner you give me the answer to that question on behalf of your client, the sooner we can move further closer to a resolution. I ask that you keep that request in mind, and at the forefront of your research and investigation of this claim. If that is required under Alabama Law, I think school is out for Metropolitan.

As you know, and as I articulated to you in my most recent letter of July 25, 2016, we ARE REQUIRED in California to exhaust all applicable 3rd party coverage for any and all coverages for all tortfeasors prior to submitting our claim for UIM coverage. Without total exhaustion of all available coverage, we have no UIM claim. Consequently, your principal would be hard pressed to "deny us its permission" to settle the case as a prerequisite to obtaining such coverage.

Secondly, you are overlooking the applicability of California Law in regard to the ultimate "Arbitration Trial" in the matter. You have asserted that since we have failed to obtain Metropolitan's permission to settle our 3rd party claim, there is no coverage. However, that logic fails, as that provision in your policy with the Cisney's to having first "obtained your permission" is against public policy in California. It is not even enforceable in California. I have set forth the case law in my previous correspondence. While California DOES require your principal's permission to settle a pure "uninsured motorist" claim, for which there is statutory authority for it in this state, and likely in yours, there is absolutely NO Statutory policy in California to compel us to obtain your permission to settle a 3rd party claim, where insurance is available, and which becomes a credit in some instances for later UIM coverage, as a prerequisite to obtaining UIM coverage and ultimately arbitrating that claim. It wouldn't make any sense to have such a policy, since you CANNOT subrogate against Mr. Rosales, when he settles a 3rd party claim with us.

There are two reasons for this under California law. First, the first party insurer, in this case, Metropolitan, CANNOT deny its permission, as to do so would prevent Mr. Cisney from ever obtaining his UIM coverage. Metropolitan has no reason to do that, and more importantly, it has no prejudice for the settlement, with or without its permission. And

secondly, Metropolitan MUST subrogate its losses, which have not been incurred yet, against Mr. Rosales IN CALIFORNIA. You will find after you research the California law applicable to arbitrating UM and UIM claims, that this one WILL necessarily be arbitrated in California as the proper venue for the resolution of the Cisney's claims. In doing so, you will find that the arbitrator will rule that you have no way to deny the coverage under your present assertions. In addition, the accident having occurred in California, the witnesses all all here, and the defendant lives here. Hence, the courts in Alabama are not the proper venue for the ultimate arbitration. They are never going to compel Mr. Cisney to come to Alabama, drag the defendant and other witnesses there, and arbitrate the claim.

Of course, Metropolitan's position is that we will never get there, because we breached the contract, did not get their permission, and there will be NO ARBITRATION, as we failed to perform a condition precedent to its implementation. Not so fast. We believe that we will be able to: 1. Remove the case to California due to Forum non Conveniens; 2. Obtain a stay while we litigate the issue of whether or not we have even "settled" the case; or 3. Have it stayed while we file a Petition to Compel Arbitration in California, asserting the applicable statutory scheme that "does not require" Metropolitan's permission to settle an "Underinsured Motorist" claim, and which will be the applicable law applied in this state. It is a horse of a different color, and the theory of why the insured "must obtain" the permission of its own carrier in a pure "Uninsured Motorist" claim is separate, distinct, and inappropriate for an "Underinsurance Claim."

Furthermore, if you look carefully at your principal's policy of insurance with the Cisney's, you will see a very similar provision that could easily be interpreted as similar to the Statutory scheme in California, inasmuch as NO permission is necessary to settle an underlying 3rd party claim when the insured holds UIM coverage. I articulated the California law in that regard in my last correspondence.

Under "Endorsement AE40AL 0513," which you provided for me, containing the applicable language of the Exclusion under "Uninsured/Underinsured Motorists Coverage," para. A. Defines the Insured. Para. B. Defines "Uninsured Motor Vehicle." There is no definition for "Underinsured Motorist coverage," or any restriction with settling with a 3rd party defendant, and later submitting a claim for UIM coverage in our own policy. And remember, and Underinsured Motorist claim is NOT a BI claim. It is a contractual claim between the Cisney's and their insurer, Metropolitan.

The "Insuring Agreement," only sets forth what Metropolitan will pay for "Uninsured" BI losses; and nothing about "Underinsured Motorist" losses. Hence, it has created an ambiguity in its own contract language by not defining that its "permission to settle" in Para. A of the "EXCLUSIONS" is required for BOTH "uninsured" situations, as well as "underinsured" claims. The reason for this anomaly is simple; it was never intended, nor

was it ever required by Metropolitan for its insured's to obtain its "permission to settle" in "underinsured" motorists claims. And as I explained in my previous correspondence, to have it the other way, it would allow Metropolitan to unilaterally withhold its permission, and deprive its insured's of valuable coverage in the process. This would be a most egregious act of BAD FAITH on its part.

I suggest that you also research the issue of whether Metropolitan can prevent us from arbitrating this claim in California. I think I can easily conclude from our conversation today, that Metropolitan feels that it can summarily withhold its permission under this Exclusionary provision, deprive Mr. Cisney from asserting his right to arbitration, and we will never get there, since the Declaratory Judgment will preclude it, and nip this in the bud. It is interesting to me that Metropolitan would adapt this position, particularly when it will be hard pressed to show any damages or prejudice by the failure to obtain its permission to settle a 3rd party claim against Jesus Rosales, an impecunious defendant.

If that is truly the case, I think your client should think long and hard about taking such an ignominious risk, and suffer the loss of a potential seven figure verdict in the process. Such a Bad Faith claim can easily be asserted in the state the policy was issued, and according to our research, juries in Alabama are much more sensitive to the plight of its plaintiffs, and the verdicts are considerably more favorable in Alabama than in California. In short, this could be a perfect storm for the plaintiff. I really do not feel that this is a good battle for Metropolitan to wage against its own insured. The downside far and away exceeds the upside. When you couple that with who this plaintiff is; a veteran firefighter, who is now totally disabled from his own chosen profession, one which required him to put his life on the line for the citizens of this country every day he went to work, and now must retire from that profession he so dearly loved, you have a substantial obstacle to overcome, in my opinion. You are simply going down a very dark and unpredictable road, and for what reason; just to beat your own insured out of his insurance for this colossal tragedy. I do not think it is going to work.

Finally, I think that wherever the claim is litigated, either in your Federal District Court in Alabama on a Declaratory Judgment basis, or in the Superior Court of Riverside county in southern California, on a Motion to Compel Arbitration, the seminal issue is going to be "What damages has Metropolitan incurred by virtue of the failure of its insured's to obtain its permission to settle their third party claims for the policy limits." And secondly, will it be charged with a fiduciary duty to have properly informed its insured's about its exclusionary language it is trying to invoke in its Alabama policy. Remember, it had superior knowledge of the Exclusion, and was on notice of the claim less than 60 days after the loss, and for over nine months prior to the submission of our UIM claim. In my experience, Metropolitan would be hard pressed to argue those issues to a successful result.

If you would be so kind as to share your research with me as to the questions I posed earlier, I would be greatly appreciative. In the meantime, thank you very kindly for taking the time to review this information provided to you above, and I look forward to hearing from you at your earliest opportunity.

Best personal regards,

ROBERT G. JOHNSON, JR.

cc: Mr. and Mrs. Eric Cisney
Mr. Todd Filley
Foremost Insurance Group.

# EXHIBIT G



**John A. Little, Jr.**
DIRECT 205.254.1190
EMAIL jlittle@maynardcooper.com

August 26, 2016

**VIA EMAIL**

Robert Rankin
Law Offices of Robert Grey Johnson, Jr.
27136 Paseo Espada, Suite B-1123
San Juan Capistrano, California 92675

**Re:** ***Metropolitan Property and Casualty Insurance Company v. Cisney*, Case No. 6:16-cv-00973 (N.D. Ala.)**

Dear Robert:

I am receipt of your demand for uninsured motorist arbitration. Mr. Cisney's claim for uninsured/underinsured motorist coverage is governed by the terms and conditions of his insurance contract and Alabama law. I would direct you specifically to the "Alabama Uninsured/Underinsured Motorists Coverage Endorsement." This endorsement contains an arbitration provision that defines the parties' right to arbitration. Two provisions of that coverage part are particularly relevant here. First, it states that "Disputes concerning coverage under this part may not be arbitrated." Second, the provision provides that "Both parties must agree to arbitration." As you know, Metropolitan Property and Casualty Insurance Company has denied that it has any duty to provide coverage and has filed a declaratory judgment action to confirm its coverage position. Further, Metropolitan Property and Casualty Insurance Company does not agree to arbitration. Finally, arbitration is not mandatory as a matter of Alabama law. Accordingly, Metropolitan Property and Casualty Insurance Company respectfully declines your demand for arbitration.

Metropolitan Property and Casualty Insurance Company continues to reserve any of its rights or defenses, whether now known or discovered in the future. In the event you should wish to discuss this further, please contact me.

Sincerely,

*/s/ John A. Little, Jr.*

John A. Little, Jr.

Cc: Robert G. Johnson, Jr.
Kerra K. Hicks
Todd Lowther

ORIGINAL

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Robert Grey Johnson, Jr. (SBN #64248)
LAW OFFICES OF ROBERT G. JOHNSON, JR.
27136 Paseo Espada, Ste. B-1123
San Juan Capistrano, CA 92675

TELEPHONE NO.: (949) 234-1100 FAX NO.: (949) 234-1101
ATTORNEY FOR (Name): Plaintiffs, Eric Cisney and Kerri Cisney

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Central

CASE NAME: CISNEY v. METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

BY FAX

# CIVIL CASE COVER SHEET

[X] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: PSC 1604367
JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[X] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Seven
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 1, 2016

Robert Grey Johnson, Jr. (SBN #64248)
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

ORIGINAL

BY FAX

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

- ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
- ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
- ☐ **HEMET** 880 N. State St., Hemet, CA 92543
- ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
- ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501
- ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591

**RI-030**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)
Robert Grey Johnson,Jr. (SBN #64248)
Law Offices of Robert Grey Johnson, Jr.
27136 Paseo Espada, Ste. B-1123
San Juan Capistrano, CA 92675

TELEPHONE NO: (949) 234-1100 FAX NO. (Optional): (949) 234-1101
E-MAIL ADDRESS (Optional): rjohnson@robertgreyjohnson.com
ATTORNEY FOR (Name): Plaintiffs

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
SEP 02 2016
By M. Martinez, Deputy

SEP 06 2016

PLAINTIFF/PETITIONER: ERIC CISNEY and KERRI CISNEY

DEFENDANT/RESPONDENT: METROPOLITAN PROPERTY AND CASUALTY

CASE NUMBER: PSC 1604367

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92274

☐ The action concerns real property located in the zip code of: ____________

☐ The Defendant resides in the zip code of: ____________

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date September 1, 2016

Robert Grey Johnson, Jr. ▶ [signature]
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION) (SIGNATURE)

ORIGINAL

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

BY FAX

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

SEP 02 2016

M. Martinez
Deputy

SEP 06 2016

**NOTICE TO DEFENDANT:** METROPOLITAN PROPERTY AND
***(AVISO AL DEMANDADO):*** CASUALTY INSURANCE COMPANY, a Delaware Corporation; STATE COMPENSATION INSURANCE FUND, a California Corporation; JESUS ROSALES, an individual; and DOES 1-50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** ERIC CISNEY, an
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** individual; KERRI CISNEY, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
4050 Main Street
Same
Riverside, CA 92501

CASE NUMBER: *(Número del Caso):* RIC 1604367

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert Grey Johnson, Jr. (SBN #64248) (949) 234-1100 (949) 234-1101
LAW OFFICES OF ROBERT G. JOHNSON, JR.
27136 Paseo Espada, Ste. B-1123
San Juan Capistrano, CA 92675

DATE: *(Fecha)* 9/2/16 Clerk, by *(Secretario)* M Martinez, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under:
☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

LINDA B. OLIVER (SBN 166720)
loliver@maynardcooper.com
MAYNARD, COOPER & GALE, LLP
600 Montgomery Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 646-4700
Facsimile: (205) 254-1999

Attorneys for Defendant
METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
OCT 18 2016
V. LOPEZ

MUS
OCT 19 2016

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE**

ERIC CISNEY, an Individual;
KERRI CISNEY, an Individual;

Plaintiffs,

vs.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, a Delaware corporation; STATE COMPENSATION INSURANCE FUND, a California Corporation; JESUS ROSALES, an individual; and DOES 1-50, Inclusive

Defendants.

CASE NO. PSC1604367

**DEFENDANT METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT**

COMES Defendant Metropolitan Property and Casualty Insurance Company ("Defendant" or "Met P&C"), through undersigned counsel, and hereby answers the unverified Complaint of Plaintiffs Eric Cisney and Kerri Cisney ("Plaintiffs") as follows:

**GENERAL DENIAL**

Answering each and every allegation of said Complaint, under the provisions of California Code of Civil Procedure Section 431.30(d), Met P&C denies generally and specifically each and every allegation of Plaintiffs' Complaint. Met P&C further generally and specifically denies that Plaintiffs

has been damaged in the sums alleged, or in any sum whatsoever, by reason of any act or omission to act on the part of Met P&C or any of Met P&C's agents, servants, employees or representatives. Met P&C further denies, generally and specifically, that Plaintiffs are entitled to general, compensatory, special, emotional distress and/or pain and suffering, punitive, exemplary, or other damages, or attorneys' fees and costs, in any amount, or injunctive relief by reason of any act or omission to act on the part of Met P&C, or on the part of Met P&C's agents, servants, employees, or representatives.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiffs, and expressly denying any and all wrongdoing, Met P&C alleges the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiffs' Complaint and each purported claim in the Complaint fails to state facts sufficient to constitute a cause or causes of action against Met P&C upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiffs' causes of action are barred by the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' Complaint is barred by the doctrine of unclean hands in that the actions of Plaintiffs have caused the alleged harm incurred, if any.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

If Plaintiffs has suffered any injury or harm, which Met P&C expressly denies, Met P&C alleges that Plaintiffs' recovery is barred by Plaintiffs' failure to mitigate, reduce or otherwise avoid her damages or injuries.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

Plaintiffs' causes of action are barred, in whole or in part, because no act or omission by Met P&C, or by any person or entity for which Met P&C was responsible, was the proximate cause of any injury or harm alleged by Plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Any award to Plaintiffs in this action would constitute unjust enrichment.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Provide Notice)**

Plaintiffs are not entitled to relief under the statutes and legal theories invoked in the Complaint because Plaintiffs failed to provide prior notice of the proposed settlement or receive Met P&C's consent as required by Met P&C Policy No. 6572549330 and Alabama law.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Perform Condition Precedent)**

Plaintiffs are not entitled to relief under the statutes and legal theories invoked in the Complaint because Plaintiffs failed to satisfy conditions precedent under Met P&C Policy No. 6572549330.

**NINTH AFFIRMATIVE DEFENSE**

**(Acts or Omissions of Others)**

Plaintiffs' causes of action are barred due to the acts or omissions of third parties who are unrelated to Met P&C.

**TENTH AFFIRMATIVE DEFENSE**

**(Terms of Policies)**

Plaintiffs' claims are barred or limited by the provisions, terms, exclusions, definitions, limitations, and conditions of the Policies at issue.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Plaintiffs' claims are barred or limited because, at all relevant times, Met P&C complied with all applicable laws, regulations and standards, and has acted reasonably, appropriately, and in good

faith.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Fully Integrated Policies)**

Plaintiffs' claims are barred because they are based on alleged breach of obligations not found in the Policies at issue, which are fully-integrated agreements.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Contributory and/or Comparative Fault)**

Plaintiffs are barred from recovering against Met P&C on the Complaint because of the contributory and/or comparative fault of Plaintiffs. If Plaintiffs has been damaged, Plaintiffs' damages were legally caused and are the result, in whole or in part, of the acts of Plaintiffs and/or State Compensation Insurance Fund and/or Jesus Rosales, not Met P&C. Accordingly, any recovery by Plaintiffs is barred or comparatively reduced by the percentage of fault of Plaintiffs and/or State Compensation Insurance Fund and/or Jesus Rosales.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Evidence)**

Plaintiffs' causes of action are barred because Plaintiffs has no evidence that Met P&C engaged in the conduct alleged in the Complaint, and Plaintiffs cannot prove facts necessary to sustain each of the elements of their breach of contract and breach of the implied covenant of good faith and fair dealing.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Duty)**

Plaintiffs' causes of action in the Complaint fail because Met P&C did not owe any duty to Plaintiffs upon which the alleged causes of action are based.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Compliance of Applicable Laws)**

Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing fails because Met P&C complied with all applicable laws, regulations, and standards in underwriting and issuing the

Policy.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Mental and Emotional Distress Damages)**

Plaintiffs cannot recover damages for alleged mental anguish or emotional distress because Plaintiffs cannot allege or prove that she has sustained a physical injury as a result of Met P&C's alleged conduct or that Plaintiffs was placed in immediate risk of physical harm by that conduct. Further, any award of damages for mental anguish or emotional distress would violate the United States Constitution and the Constitution of the State of California.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

The Complaint fails to allege a claim for which punitive or exemplary damages can be recovered. Plaintiffs' claim for exemplary and punitive damages must fail because the imposition of exemplary damages in this matter violates the United States Constitution, the public policy of the United States, the Constitution of the State of California, and the public policy of the State of California. Further, with respect to any demand for punitive damages, Met P&C specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages which arose in the decisions of *State Farm v. Campbell,* 123 S. Ct. 1513, 1525 (2003); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001); and *BMW of N.A., Inc. v. Gore,* 517 U.S. 599 (1996), as well as their progeny. Any award of punitive damages must be subject to the factors set forth in those cases.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

Plaintiffs' claims are barred, in whole or in part, by the following doctrines: res judicata, collateral estoppel, laches, waiver, assumption of risk, contributory negligence, duress, failure of consideration, contribution, set-off, fraud, illegality, injury by fellow servant, license, joint and several liability, payment, release, standing, real party in interest, accord and satisfaction, *uberrimae fidei*, failure to cooperate, failure to read, and/or release.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Right to Assert Additional Defenses)**

Met P&C presently has insufficient knowledge or information on which to form beliefs as to whether there are additional, as yet unstated affirmatives defenses. Thus, to the extent the Court may have jurisdiction herein, and subject to discovery in this action, Met P&C expressly reserves its right to assert additional affirmative defenses.

WHEREFORE, Met P&C prays for relief as follows:

1) That the Complaint be dismissed with prejudice in its entirety;

2) That Plaintiffs take nothing by this action and that judgment be entered against Plaintiffs in favor of Met P&C;

3) That Met P&C be awarded all its costs and any recoverable attorneys' fees incurred in defending this action;

4) That this action be stayed pending the outcome of *Metropolitan Property and Casualty Insurance Company v. Eric Cisney and Kerri Cisney*, the Declaratory Judgment Action filed in the Federal Court of the Northern District of Alabama, Northeastern Division, Case No., 5:16-cv-00973-HGD on June 14, 2016; and

5) That Met P&C be granted such other and further relief as this Court may deem just and proper.

Dated: October 18, 2016

MAYNARD, COOPER & GALE, LLP

By: [signature]
LINDA OLIVER
Attorney for Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
COUNTY OF SAN FRANCISCO )

I am employed in the County of San Francisco, State of California. I am over the age of 21 and am not a party to the within action. My business address is Maynard, Cooper & Gale, LLP, 600 Montgomery Street, Suite 2600, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

**DEFENDANT METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT**

on the interested parties in this action by placing: [ ] the original document - OR- [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

Robert Grey Johnson, Jr., Esq. (SBN #64248)
27136 Paseo Espada B-1123
San Juan Capistrano, CA 92675

Attorneys for Plaintiffs
Eric Cisney and Kerri Cisney

[X] **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed above on the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 18, 2016, in San Francisco, California.

Mila Dunn

JS.W NOV 03 2016

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
3255 E. Tahquitz Cyn Way
Palm Springs, CA 92262
www.riverside.courts.ca.gov

ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED

ERIC CISNEY
vs. CASE NO. PSC1604367
METROPOLITAN PROPERTY AND CASULATY INS.

TO:

ERIC CISNEY/ LAW OFFICES OF ROBERT G. JOHNSON JR. is ordered to appear and show cause, if any, why sanctions not to exceed $1500.00 or Dismissal should not be imposed for failure to file FAILURE TO FILE PROOF OF SERVICE ON ALL PARTIES.

DATE: 12/02/16
TIME: 8:30 a.m.
DEPT: PS2

Sanctions can be monetary fines, reasonable attorneys' fees, dismissal of the action or proceeding, striking all or a part of any pleadings, entry of judgment.

If you oppose sanctions, you should appear on the date specified. You must also file a declaration five court days in advance of the hearing, describing the evidence that supports any facts which show that the court lacks good cause to impose sanctions pursuant to local rule 3116. Failure to do so may justify the imposition of sanctions.

"Sanctions" (as that term is used herein) includes but is not limited to all remedies available to the court pursuant to Cal. Code of Civil Procedures secs. 128.6, 177.5, 575.2, the California Rules of Court and Riverside Local Rules of court and/or other statute or existing case precedent.

All parties are expected to comply with Local Rule 3116.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See CA Rules of Court, rule 1.100.

CLERK'S CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED on this date by depositing said copy as stated above.

Court Executive Officer/Clerk

DATED: 11/02/16 By: ________________, Deputy Clerk
MARTY E ALLEN

Notice 'OSCFF' has been printed for the following Attorneys/Firms
or Parties for Case Number PSC1604367 on 11/02/16:


    LAW OFFICES OF ROBERT G. JOHNSON J
    27136 PASEO ESPADA B-1123
    SAN JUAN CAPISTRANO, CA 92675

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Robert Grey Johnson, Jr. (SBN #64248)
LAW OFFICES OF ROBERT G. JOHNSON, JR.
27136 Paseo Espada, Ste. B-1123
San Juan Capistrano, CA 92675

TELEPHONE NO.: (949) 234-1100 FAX NO. (Optional): (949) 234-1101
E-MAIL ADDRESS (Optional): rjohnson@robertgreyjohnson.com
ATTORNEY FOR (Name): Plaintiffs, Eric Cisney and Kerri Cisney

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
NOV 18 2016
M. Allen

JCW NOV 21 2016

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 3255 E. Tahquitz Canyon Way
MAILING ADDRESS: Same
CITY AND ZIP CODE: Palm Springs, CA 92262
BRANCH NAME: Palm Springs

PLAINTIFF/PETITIONER: ERIC CISNEY, an individual; KERRI CISNEY, an individual

DEFENDANT/RESPONDENT: METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Delaware Corporation, etc. et al.

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL

CASE NUMBER: PSC1604367

TO (insert name of party being served): METROPOLITAN PROPERTY CASUALTY INSURANCE COMPANY

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: September 10, 2016

Robert K. Rankin, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [X] A copy of the summons and of the complaint.
2. [X] Other: (specify): Civil Case Cover Sheet, Certificate of Counsel, ADR Package; Notice of Department Assignment for All Purposes

*(To be completed by recipient)*:

Date this form is signed: 11/16/16

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Legal Solutions Plus

Code of Civil Procedure, §§ 415.30, 417.10

ORIGINAL

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Robert Grey Johnson, Jr. (SBN #64248)
LAW OFFICES OF ROBERT G. JOHNSON, JR.
27136 Paseo Espada, Ste. B-1123
San Juan Capistrano, CA 92675

TELEPHONE NO.: (949) 234-1100 FAX NO. (Optional): (949) 234-1101
E-MAIL ADDRESS (Optional): rjohnson@robertgreyjohnson.com
ATTORNEY FOR (Name): Plaintiffs, Eric Cisney & Kerri Cisney

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 3255 E. Tahquitz Canyon Way
MAILING ADDRESS: Same
CITY AND ZIP CODE: Palm Springs, CA 92262
BRANCH NAME: Palm Springs

PLAINTIFF/PETITIONER: ERIC CISNEY, an individual; KERRI CISNEY, an individual
DEFENDANT/RESPONDENT: METROPOLITAN PROPERTY and CASUALTY INSURANCE CO.

CASE NUMBER: PSC 1604367

Ref. No. or File No.:

## PROOF OF SERVICE OF SUMMONS

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*: Certificate of Counsel, Notice of Department Assignment for All Purposes
3. a. Party served *(specify name of party as shown on documents served)*: METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, a Delaware Corporation
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*: CT Corporation, Agent for Service for METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, a Delaware Corporation
4. Address where the party was served: 818 W. Seventh Street, Ste. 930, Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: ERIC CISNEY, an individual; KERRI CISNEY, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: METROPOLITAN PROPERTY and CASUALTY INSURANCE CO. | PSC 1604367 |

5. c. [X] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):* September 10, 2016 (2) from *(city):* San Juan Capistrano

   (3) [X] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [X] On behalf of *(specify):* Metropolitan Property Casualty Insurance Company, a Delaware Corporation under the following Code of Civil Procedure section:

| | |
|---|---|
| [X] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**
   a. Name:
   b. Address:
   c. Telephone number:
   d. **The fee** for service was: $
   e. I am:
      (1) [ ] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [ ] registered California process server:
         (i) [ ] owner [ ] employee [ ] independent contractor.
         (ii) Registration No.:
         (iii) County:

8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: November 17, 2016

ROBERT K. RANKIN, ESQ.
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation
818 W Seventh St, Ste 930
Los Angeles, CA 90017

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) [handwritten] C. Date of Delivery 9/14/16

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from se*
7015 1730 0000 4056 1976

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>Robert Johnson SBN 64248<br>Law Offices of Robert G. Johnson, Jr.<br>27135 Paseo Espada, #1123<br>San Juan Capistrano CA 92675<br>(949) 234-1100<br>ATTORNEY FOR Plaintiff | FOR COURT USE ONLY<br>FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br>NOV 21 2016<br>I. Ortiz |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>4050 Main St.<br>Riverside, CA 92501 | |
| PLAINTIFF/PETITIONER: Eric Cisney<br>DEFENDANT/RESPONDENT: Jesus Rosales | CASE NUMBER:<br>PSC 1604367 |
| Proof of Service of Summons | |

SLA

NOV 21 2016

BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

Summons

Complaint

Certificate of Counsel

Notice of Department Assignment for All Purposes

ADR Information Package
ADR Stipulation

3a. Party Served: Jesus Rosales, an Individual
Gender: M AGE: 50 Height: 5'8" Weight: 195 Race: Hispanic Hair: Brown Other:
b. Person Served: Party in item 3a

4. Address where the party was served:

1541 4th Street
Coachella, CA 92236

5. I served the party:
a. By personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party.

(1) on: 10/7/2016 (2) at: 07:00 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

CONTINUED ON NEXT PAGE

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. January 1, 2007]

Proof of Service of Summons

Code of Civil Procedure, §417.10

Billing Code: Eric Cisney

Invoice No: 1347696

| PLAINTIFF/PETITIONER: Eric Cisney | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: Jesus Rosales | PSC 1604367 |

a. as an individual defendant.

7. Person who served papers
   a. Name: Bill McElroy
   b. Address: 840 N. Birch St, Santa Ana, CA 92701
   c. Telephone number: 714-953-9451
   d. The fee for this service was: 105.00
   e. I am:
   (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: 1267 Expires: 11/18/2016
      (iii) County: Riverside

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

10/12/2016

Bill McElroy

Form Adopted for Mandatory Use
Judicial Council of California POS-010
(Rev. January 1, 2007)

Code of Civil Procedure, §417.10

Proof of Service of Summons

Billing Code: Eric Cisney

Invoice No: 1347696

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>Robert Johnson SBN 64248<br>Law Offices of Robert G. Johnson, Jr.<br>27136 Paseo Espada, #1123<br>San Juan Capistrano CA 92675<br>(949) 234-1100<br>ATTORNEY FOR Plaintiff | FOR COURT USE ONLY<br>FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br>NOV 29 2016<br>M. Allen |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>4050 Main St.<br>Riverside, CA 92501 | |
| PLAINTIFF/PETITIONER: Eric Cisney<br>DEFENDANT/RESPONDENT: Metropolitan Property and Casualty Insurance Company | CASE NUMBER:<br>PSC1604367 |
| Proof of Service of Summons | |

IVO NOV 30 2016

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

Summons

Complaint

Civil Case Cover Sheet

Certificate of Counsel

Notice of Department Assignment for All Purposes

ADR Information Packet

3a. Party Served:

State Compensation Insurance Fund, a California corporation

3b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):

Vera C. De Martini
Attorney, Authorized to Accept

No Description Available

4. Address where the party was served:

5880 Owns Drive, 3rd Floor
Pleasanton, CA 94588

5. I served the party:

CONTINUED ON NEXT PAGE

| PLAINTIFF/PETITIONER: | Eric Cisney | CASE NUMBER: PSC1604367 |
|---|---|---|
| DEFENDANT/RESPONDENT: | Metropolitan Property and Casualty Insurance Company | |

a. By personal service. I personally delivered the documents listed in Item 2 to the party or person authorized to receive process for the party.

(1) on: 11/22/2016 (2) at: 10:23 AM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

d. on behalf of: State Compensation Insurance Fund, a California corporation

under the following Code of Civil Procedure section:

416.10 (Corporation)

7. Person who served papers
   a. Name: Michael Bliss
   b. Address: 840 N. Birch St, Santa Ana, CA 92701
   c. Telephone number: 714-953-9451
   d. The fee for this service was: 80.00
   e. I am:
   (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: 721 Expires: 9/9/2017
      (iii) County: Alameda

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

11/28/2016

Michael Bliss >

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. January 1, 2007]

Proof of Service of Summons

Code of Civil Procedure, §417.10

Billing Code: Eric Cisney

Invoice No: 1391558

MATTHEW R. DAY, Staff Counsel SBN250945
GINA MARIA S. ONG, Assistant Chief Counsel SBN204137
STATE COMPENSATION INSURANCE FUND
1750 East Fourth Street, 5th Floor
Santa Ana, California 92705-3930
Telephone: (714) 667-7413
Facsimile: (714) 347-6145

Attorneys for Defendant
STATE COMPENSATION INSURANCE FUND
A Public Enterprise Fund and
Independent Agency of the State of California

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JAN 18 2017
H.CARVER

JAN 18 2017

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

ERIC CISNEY, an individual; KERRI CISNEY, an individual

Plaintiffs,

vs.

METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Delaware Corporation; STATE COMPENSATION INSURANCE FUND, a California Corporation; JESUS ROSALES, an individual; and DOES 1-50, Inclusive

Defendants.

Case No. PSC 1604367

**DEMURRER TO PLAINTIFFS' COMPLAINT**

Assigned to Hon. David M. Chapman for all purposes

DATE: February 16, 2017
TIME: 8:30 a.m.
PLACE: Department PS2

Defendant, State Compensation Insurance Fund ("State Fund") A Public Enterprise Fund and Independent Agency of the State of California (erroneously sued as a California Corporation) generally and specially demurrers to the Complaint filed by Plaintiffs Eric Cisney and Kerri Cisney ("Plaintiffs") on the following grounds:

First Cause Of Action Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing

1. Pursuant to California Code of Civil Procedure §430.10(a), State Fund demurs to Plaintiff's First Cause of Action on the grounds that this Court lacks subject matter jurisdiction because the Workers' Compensation Act, California Labor Code Section 3600 et seq., provides the exclusive remedy for injuries alleged therein.

2. Pursuant to California Code of Civil Procedure § 430.10(c), State Fund demurs to Plaintiff's First Cause of Action on the grounds that there is a pending action before the Workers' Compensation Appeals Board to resolve the same claims being alleged against State Fund.

3. Pursuant to California Code of Civil Procedure §430.10(e), State Fund demurs to Plaintiff's First Cause of Action on the ground that it fails to state facts sufficient to constitute a cause of action.

Second Cause Of Action Breach of Contract

4. Pursuant to California Code of Civil Procedure §430.10(a), State Fund demurs to Plaintiff's Second Cause of Action on the grounds that this Court lacks subject matter jurisdiction because the Workers' Compensation Act, California Labor Code Section 3600 et seq., provides the exclusive remedy for injuries alleged therein.

5. Pursuant to California Code of Civil Procedure § 430.10(c), State Fund demurs to Plaintiff's Second Cause of Action on the grounds that there is a pending action before the Workers' Compensation Appeals Board to resolve the same claims being alleged against State Fund.

6. Pursuant to California Code of Civil Procedure §430.10(e), State Fund demurs to Plaintiff's Second Cause of Action on the ground that it fails to state facts sufficient to constitute a cause of action.

Fourth Cause of Action Violation of Business and Professions Code Section 17200

7. Pursuant to California Code of Civil Procedure §430.10(a), State Fund demurs to Plaintiff's Fourth Cause of Action on the grounds that this Court lacks subject matter jurisdiction because the Workers' Compensation Act, California Labor Code Section 3600 et seq., provides the exclusive remedy for injuries alleged therein.

8. Pursuant to California Code of Civil Procedure § 430.10(c), State Fund demurs to Plaintiff's Fourth Cause of Action on the grounds that there is a pending action before the Workers' Compensation Appeals Board to resolve the same claims being alleged against State Fund.

9. Pursuant to California Code of Civil Procedure §430.10(e), State Fund demurs to Plaintiff's Fourth Cause of Action on the ground that it fails to state facts sufficient to constitute a cause of action.

Fifth Cause of Action Intentional Interference with Prospective Economic Advantage

10. Pursuant to California Code of Civil Procedure §430.10(a), State Fund demurs to Plaintiff's Fifth Cause of Action on the grounds that this Court lacks subject matter jurisdiction because the Workers' Compensation Act, California Labor Code Section 3600 et seq., provides the exclusive remedy for injuries alleged therein.

11. Pursuant to California Code of Civil Procedure § 430.10(c), State Fund demurs to Plaintiff's Fifth Cause of Action on the grounds that there is a pending action before the Workers' Compensation Appeals Board to resolve the same claims being alleged against State Fund.

12. Pursuant to California Code of Civil Procedure §430.10(e), State Fund demurs to Plaintiff's Fifth Cause of Action on the ground that it fails to state facts sufficient to constitute a cause of action.

Sixth Cause of Action Elder Abuse, Welfare & Institutions Code Section 15610.3 Negligence

13. Pursuant to California Code of Civil Procedure §430.10(a), State Fund demurs to Plaintiff's Sixth Cause of Action on the grounds that this Court lacks subject matter jurisdiction because the Workers' Compensation Act, California Labor Code Section 3600 et seq., provides the exclusive remedy for injuries alleged therein.

14. Pursuant to California Code of Civil Procedure § 430.10(c), State Fund demurs to Plaintiff's Sixth Cause of Action on the grounds that there is a pending action before the Workers' Compensation Appeals Board to resolve the same claims being alleged against State Fund.

15. Pursuant to California Code of Civil Procedure §430.10(e), State Fund demurs to Plaintiff's Sixth Cause of Action on the ground that it fails to state facts sufficient to constitute a cause of action.

Seventh Cause of Action Declaratory Relief

16. Pursuant to California Code of Civil Procedure §430.10(a), State Fund demurs to Plaintiff's Seventh Cause of Action on the grounds that this Court lacks subject matter jurisdiction

because the Workers' Compensation Act, California Labor Code Section 3600 et seq., provides the exclusive remedy for injuries alleged therein.

17. Pursuant to California Code of Civil Procedure § 430.10(c), State Fund demurs to Plaintiff's Seventh Cause of Action on the grounds that there is a pending action before the Workers' Compensation Appeals Board to resolve the same claims being alleged against State Fund.

18. Pursuant to California Code of Civil Procedure §430.10(e), State Fund demurs to Plaintiff's Seventh Cause of Action on the ground that it fails to state facts sufficient to constitute a cause of action.

WHEREFORE, defendant prays that this demurrer be sustained without leave to amend, that plaintiffs take nothing by their complaint, that defendant have judgment for its costs, and for all other proper relief.

Dated: January 17, 2017

STATE COMPENSATION INSURANCE FUND

By [signature]
Matthew R. Day
Attorneys for Defendant
STATE COMPENSATION INSURANCE FUND

**PROOF OF SERVICE**

**STATE OF CALIFORNIA)**
**COUNTY OF ORANGE)**

I am a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1750 E. Fourth Street, 5th Floor, Santa Ana, CA 92705-3930.

On the date executed below, I served the within

**Demurrer to Plaintiffs' Complaint**

on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope, addressed as stated on attached service list:

[√] **(BY MAIL)** I served the above-described documents by:

[√] Depositing the above-described documents enclosed in envelopes(s) sealed, or to be sealed for collection and mailing following ordinary course of business. I am readily familiar with our State Compensation Insurance Fund's practice of collection and processing correspondence for mailing with the United States Postal Service, which causes it to be sealed and deposited with said Postal Service with the postage prepaid the same day it is mailed or placed for collection and processing.

| | |
|---|---|
| Robert G. Johnson, Jr.<br>Robert Grey Johnson Law<br>27136 Paseo Espada, Suite B-1123<br>San Juan Capistrano, CA 92675<br>Tel: 949-234-1100 ext. 15<br>Fax: 949-234-1101<br>**Attorneys for Plaintiffs, Eric and Kerri Cisney** | Linda B. Oliver<br>Maynard, Cooper & Gale, LLP<br>600 Montgomery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-646-4700<br>Fax: 205-714-6450<br>**Attorneys for Metropolitan Property and Casualty Insurance** |

I declare, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 17, 2017 at Santa Ana, California.

Christine G. San Luis, Declarant

MATTHEW R. DAY, Staff Counsel SBN250945
GINA MARIA S. ONG, Assistant Chief Counsel SBN204137
STATE COMPENSATION INSURANCE FUND
1750 East Fourth Street, 5th Floor
Santa Ana, California 92705-3930
Telephone: (714) 667-7413
Facsimile: (714) 347-6145

Attorneys for Defendant
STATE COMPENSATION INSURANCE FUND
A Public Enterprise Fund and
Independent Agency of the State of California

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JAN 18 2017
H.CARVER

LA
JAN 18 2017

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

ERIC CISNEY, an individual; KERRI CISNEY, an individual

Plaintiffs,

vs.

METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Delaware Corporation; STATE COMPENSATION INSURANCE FUND, a California Corporation; JESUS ROSALES, an individual; and DOES 1-50, Inclusive

Defendants.

Case No. PSC 1604367

**POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFFS' COMPLAINT**

Assigned to Hon. David M. Chapman for all purposes

DATE: February 16, 2017
TIME: 8:30 a.m.
PLACE: Department PS2

## Table of Contents

**I. INTRODUCTION** .......... **1**

**II. BACKGROUND** .......... **1**

**III. LEGAL ANALYSIS** .......... **2**

A. Standard on Demurrer .......... 2

B. General Demurrer .......... 2

i. Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing .......... 4

ii. Breach of Contract .......... 5

iii. Violation of Business and Professions Code Section 17200 .......... 5

iv. Intentional Interference with Prospective Economic Advantage .......... 6

v. Elder Abuse, Welfare & Institutions Code Section 15610.3 Negligence .......... 7

vi. Declaratory Relief .......... 7

C. Special Demurrer .......... 7

i. Lack of Subject Matter Jurisdiction .......... 8

ii. Jurisdiction of Loss of Consortium Claims .......... 9

iii. Pending Action before the WCAB .......... 9

**IV. SANCTIONS** .......... 10

**V. CONCLUSION** .......... 12

# Table of Authorities

## Cases

*Associated Construction & Engineering Co. v. Workers' Comp. Appeals Bd.*, (1978) 22 Cal. 3d 829 .......... 10

*Blank v. Kirwan*, (1985) 39 Cal. 3d 311 .......... 2, 9

*Buss v. J. O. Martin Co.*, (1966) 241 Cal. App. 2d 123, (1st App. Dist.) .......... 2, 3, 8

*Cole v. Fair Oaks Fire Protection Dist.*, (1987) 43 Cal. 3d 148 .......... 9, 10

*Colombo v. State of California*, (1991) 3 Cal. App. 4th 594 (3d App. Dist.) .......... 3

*Gapusan v. Jay*, (1998) 66 Cal. App. 4th 734 (4th App. Dist.) .......... 4

*Hobby Industry Assn.of America, Inc. v. Younger*, (1980) 101 Cal. App. 3d 358 (2d App. Dist.) ... 6

*Hughes v. Argonaut Insurance Company* (2001) 88 Cal. App. 4th 517 (1st App. Dist.) 4, 8, 9, 10, 13

*Major v. Western Home Ins. Co.*, (2009) 169 Cal. App. 4th 1197 (4th App. Dist). .......... 5

## Statutes

California Code of Civil Procedure § 128.5 .......... 10

California Code of Civil Procedure § 430.41 .......... 10

California Code of Civil Procedure § 430.10(e) .......... 2

California Code of Civil Procedure § 2016.040 .......... 10

California Code of Civil Procedure § 2030.300 .......... 10

California Labor Code § 3600 .......... 8, 9

California Labor Code § 3601 .......... 9

California Labor Code § 3859 .......... 3

California Labor Code § 3860 .......... 8

## Other Authorities

Counsel of California Civil Jury Instructions CACI 2202. .......... 6

Counsel of California Civil Jury Instructions CACI 2330 .......... 5

Counsel of California Civil Jury Instructions CACI 3100 .......... 7

**I. INTRODUCTION**

Defendant, State Compensation Insurance Fund ("State Fund") A Public Enterprise Fund and Independent Agency of the State of California (erroneously sued as a California Corporation) submits this memorandum of points and authorities in support of the general and specific demurrer to the Complaint filed by Plaintiffs Eric Cisney and Kerri Cisney ("Plaintiffs"). The four-corners of the Complaint clearly demonstrate that the Workers' Compensation Appeals Board has exclusive jurisdiction in this matter as to State Fund. Therefore, the Court should sustain the demurrer without leave to amend.

**II. BACKGROUND**

As alleged in the Complaint, Eric Cisney was injured while working as a fireman for CAL Fire when the truck he was riding in was struck by another vehicle driven by Jesus Rosales. (See Complaint p. 4, para. 12, lns. 21-26. See Request for Judicial Notice ("RJN").) Mr. Cisney was responding to a fire call for a medical emergency when the accident occurred. (Id.) The alleged injuries occurred during the course and scope of Mr. Cisney's employment. Mr. Cisney commenced an action before the Riverside Workers' Compensation Appeal Board ("WCAB") by way of filing an Application for Adjudication of Claim. (See RJN.)

State Fund provided workers' compensation insurance for the Department of Forestry, which includes CAL Fire. As the injury occurred during the course and scope of his employment, Mr. Cisney began receiving medical treatment under workers' compensation and received Temporary Disability benefits. (See Complaint p. 5, para. 14, lns. 22-27.)

Prior to the initiation of this action, and without the knowledge of State Fund, Mr. Cisney and his attorney engaged Defendant Rosales and his insurance carrier, Foremost, in settlement discussions. The settlement discussions resulted in a settlement of $50,000. State Fund asserted its lien rights against any third party settlement as permitted under California law. On May 26, 2016, Robert Johnson, Mr. Cisney's attorney in this action and in the workers' compensation matter, wrote to State Fund regarding the outstanding lien claims by State Fund. (See Exhibit 1 to the Complaint. RJN.) In the correspondence, Mr. Johnson acknowledged that the lien issue should be resolved before the Riverside WCAB. Mr. Johnson subsequently filed a Declaration of Readiness

to Proceed regarding the lien asserted by State Fund with the WCAB. (See Declaration of Matthew R. Day ("Day") ¶ 5. RJN.)

All of the causes of action alleged against State Fund stem from the lien rights State Fund has asserted against the settlement with the Defendant Rosales. Although Plaintiffs have acknowledged the proper venue regarding the lien issues is the WCAB, Plaintiffs filed the current matter in the Riverside County Superior Court and refuse to dismiss State Fund.

## III. LEGAL ANALYSIS

### A. Standard on Demurrer

In analyzing a demurrer the court will look to the four-corners of the document. "We treat the demurrer as admitting all material facts properly plead, but not contentions, deductions or conclusions of law. We also consider matters which may be judicially noticed." (*Blank v. Kirwan*, (1985) 39 Cal. 3d 311, 318.) If there is no reasonable possibility that the defect can be cured by amendment, the demurrer should be sustained without leave to amend. (*Id.*) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Id.*)

### B. General Demurrer

A demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action is a general demurrer. (See Cal. Code Civ. Proc. § 430.10(e). Also see *Buss v. J. O. Martin Co.*, (1966) 241 Cal. App. 2d 123 (1st App. Dist.).)

> "In determining whether or not the complaint is sufficient as against the demurrer, upon the ground that it does not state facts sufficient to constitute a cause of action, the rule is, that if upon a consideration of all the facts stated it appears that the plaintiff is entitled to any relief at the hands of the court against the defendants, the complaint will be held good, although the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged." (*Buss v. J. O. Martin Co.*, supra 241 Cal. App. 2d at 133-134.)

"Where the complaint affirmatively alleges facts indicating coverage by the workers' compensation laws, if it fails to state additional facts negating application of the exclusive remedy provision, no civil action will lie and the complaint is subject to a general demurrer." (*Colombo v. State of California*, (1991) 3 Cal. App. 4th 594, 599 (3d App. Dist.).) The facts indicate the WCAB has exclusive jurisdiction and Eric Cisney has a current action pending before the WCAB.

The California Labor Code makes it clear that an employer (or its insurer) has a right to seek recovery of compensation that was paid to the employee by any third party settlement. Pursuant to Cal. Lab. Code § 3859, "an employee may settle and release any claim he may have against a third party without the consent of the employer. Such settlement or release shall be subject to employer's right to proceed to recover compensation he has paid in accordance with Section 3852." (Cal. Labor Code § 3859.)

The Plaintiffs have alleged six causes[1] of action against State Fund. All of the causes of action are pled in a very broad and general form based on general background facts. Nowhere in the Complaint do Plaintiffs assert that State Fund does not have a legal right to assert a lien against the settlement funds. Plaintiffs merely dispute the sum of the lien that can be asserted. Plaintiffs allege that State Fund is not entitled to assert a lien claim over attorneys' fees and costs incurred by the Plaintiffs' attorney and they cannot assert a lien over the sum of the settlement Mrs. Cisney is entitled under a loss of consortium allegation.

Examining the second part of the claim first, that State Fund is improperly asserting a claim against settlement funds of Mrs. Cisney, the Complaint makes it clear that Mrs. Cisney was not part of the settlement agreement with Defendant Rosales or Foremost.

> "The Settlement Agreement, Release of All Claims, did not contain the name of his wife, Kerri Cisney, and made no mention of her releasing anything or anyone in the body of the document. *Though plaintiff Kerri Cisney did not settle her own personal injury claim against defendant*, Jesus Rosales, she did witness the signature of her husband,..." (See Complaint p. 5, para. 14, lns. 14-19, *emphasis added.*)

While case law does support the position that a settlement of a claim of loss of consortium is not subject to a lien by the workers' compensation insurer[2], Plaintiffs admit in the Complaint that Mrs. Cisney was not part of the settlement with Defendant Rosales or Foremost. Therefore Plaintiffs cannot claim that State Fund is improperly asserting a claim over her "portion" of the settlement. Plaintiffs are playing fast and loose with the facts, making contrary allegations in an

[1] Plaintiffs alleged seven causes of action, however, the Third Cause of Action for Negligence is not alleged against State Fund.

[2] See *Gapusan v. Jay*, (1998) 66 Cal. App. 4th 734, 742 (4th App. Dist.)

attempt to put more money in their pockets while denying State Fund lien rights which it is entitled to under the law.

Secondly, Plaintiffs, or rather their attorney Robert Johnson, are claiming that State Fund is asserting the lien improperly over his recovery of attorneys' fees and costs. It is clear from California case law that determination of attorneys' fees is under the jurisdiction of the WCAB. "Where settlement occurs after suit is filed, or if the settlement requires court approval, the court sets the amount of litigation expenses and attorney fees. Otherwise, the WCAB will make those decisions." (*Hughes v. Argonaut Insurance Company* (2001) 88 Cal. App. 4th 517, 525 (1st App. Dist.) (Also See Special Demurrer below. Also see Declaration of Readiness, RJN.).)

Again Plaintiffs are asserting a wrongful act of State Fund when no such act exists. Plaintiffs have concluded in the Complaint that the attorney is automatically entitled to one-third of the settlement. Such fees and costs are not determined by the Plaintiffs merely because they have a contingency agreement with their attorney. The fees and costs are subject to determination by the WCAB under these circumstances. Further, there is no indication from the Complaint that Plaintiffs themselves have incurred any damages in the form of attorneys' fees or costs and therefore cannot meet the damage component of the causes of action against State Fund. There is no allegation that the Plaintiffs have expended any funds paying Mr. Johnson. Rather the Complaint makes it clear that Mr. Johnson is trying to recover his fees and costs from the settlement funds.

**i. Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing**

As a first cause of action, Plaintiffs allege that State Fund has breached the Implied Covenant of Good Faith and Fair Dealing. The majority of the allegations are directed at Metropolitan Property and Casualty Insurance Company ("Metropolitan"), not State Fund. The breach of the implied covenant of good faith and fair dealing can be an action based on contract or tort. Plaintiffs have used boiler plate language in attempt to assert their cause of action without specifically referencing actions of State Fund. For an insurance company to breach the obligation, it "must unreasonably act or fail to act in a manner that deprives the insured of the benefits of the policy. To act unreasonably is not a mere failure to exercise reasonable care. It means that the

insurer must act or fail to act without proper cause." (Counsel of California Civil Jury Instructions ("CACI") 2330. Also see *Major v. Western Home Ins. Co.*, (2009) 169 Cal. App. 4th 1197, 1209 (4th App. Dist.).)

As addressed above, Plaintiffs admit that State Fund has a right to assert a lien against the settlement funds from the third party, they merely dispute the amount of the lien State Fund is entitled to based on their own conclusions about liens, credits for future care and a reduction for employer negligence. These are all issues which are to be decided by the WCAB (see Special Demurrer below). Plaintiffs admit State Fund is acting with proper cause in asserting lien rights and therefore no cause of action for tortious breach of Implied Covenant of Good Faith and Fair Dealing can be maintained.

**ii. Breach of Contract**

Plaintiffs general allegations for breach of contract are again broad, vague and aimed at Metropolitan, not State Fund. To prevail on a breach of contract, Plaintiffs must establish duty, breach of that duty, causation and damages. Again here, Plaintiffs admit that Mr. Cisney has been receiving compensation and care from State Fund by way of workers' compensation insurance. They do not allege that the assertion of a lien breaches a contract. Plaintiffs merely disagree with the amount State Fund is claiming in its lien. As no facts indicate that State Fund has breached any contract nor do Plaintiffs alleged damages caused by State Fund, the general demurrer as to breach of contract should be sustained without leave to amend.

**iii. Violation of Business and Professions Code Section 17200**

California courts have defined an action for unfair business practice as unlawful business activity which "includes anything that can properly be called a business practice and that at the same time is forbidden by law." (*Hobby Industry Assn.of America, Inc. v. Younger*, (1980) 101 Cal. App. 3d 358, 371 (2d App. Dist.).) Plaintiffs' allegations against State Fund under a B&P 17200 claim are contained in a single paragraph, 57(b), whereby Plaintiffs contend that State Fund has denied some right to hire an attorney and negotiate a settlement with the third party. There is no requirement under the law that Plaintiffs receive permission to do any act in paragraph 57(b) and Plaintiffs have in fact retained counsel and negotiated a settlement with the third party

tortfesor. All State Fund has done is asserted a lien over the settlement. Such is not unlawful as State Fund as incurred such expenses for payments to Mr. Cisney and payments for his medical care.

As with the other causes of action, the crux of Plaintiffs complaint against State Fund is that it has not agreed to a reduced lien or to arbitrarily accept that Mr. Johnson is entitled to 1/3 of the recovery from the settlement. Such is not unlawful and the remedy for the Plaintiffs is to have the dispute between the parties decided by the WCAB.

Plaintiffs admit in the Complaint that State Fund has the right assert the lien and therefore they cannot maintain an action for violation of Business and Professions Code section 17200.

**iv. Intentional Interference with Prospective Economic Advantage**

To establish a claim of intentional interference with prospective economic advantage the Plaintiffs have to establish that they and a third party were in an economic relationship that probably would have resulted in economic benefit to them, that State Fund knew of the relationship, that State Fund engaged in some wrongful conduct, that the wrongful conduct disrupted the relationship, that Plaintiffs were harmed and that the conduct of State Fund was a substantial factor in causing the harm. (See CACI 2202.)

The Plaintiffs cause of action against State Fund is based on damage Plaintiffs sustained from paying the attorneys' fees and costs and not permitting Mrs. Cisney half of the settlement for loss of consortium claims. The cause of action fails for several reasons. As stated clearly in the Complaint, Mrs. Cisney was not a party to the settlement and did not release any of her claims. She therefore cannot claim that she is entitled to half of the settlement in an effort to avoid payment of the lien asserted by State Fund. Second, there is no indication that Plaintiffs have incurred any fees to date or paid any fees to date for Mr. Johnson.

When examining the requirements to prevail, Plaintiffs have not alleged they were in an economic relationship with a third party, that there was economic benefit from this relationship, that State Fund has committed a wrongful act or that State Fund was a substantial factor in causing harm or that they have suffered any harm at all by way of the actions of State Fund.

Plaintiffs have admitted that State Fund had a right to assert a lien over the third party settlement. As there has been no wrongful act by State Fund, Plaintiffs cannot maintain a cause of action for interference with prospective economic advantage.

Based on the reasons above, the demurrer should be sustained without leave to amend.

**v. Elder Abuse, Welfare & Institutions Code Section 15610.3 Negligence**

To prevail under an elder abuse cause of action, Plaintiffs must establish that State Fund (took, hid, appropriated, obtained or retrained) Plaintiffs property or assisted in doing so, that (taking, hiding, appropriating, obtaining or retaining) the property was for an improper use with intent to defraud, or by undue influence, that Plaintiffs were harmed and State Fund was a substantial factor in causing that harm. (CACI 3100.)

Plaintiffs cannot prevail on such a cause of action as State Fund has not defrauded or taken anything by way of undue influence. Rather, State Fund is entitled to assert a lien over the recovery of settlement funds from a third party. State Fund has done so and Plaintiffs have admitted that such a lien is proper under the law. Therefore there can be no cause of action for elder abuse maintained against State Fund.

**vi. Declaratory Relief**

A declaratory relief action is proper to secure an adjudication of rights and duties between parties. Here, Plaintiffs are requesting this Court determine the rights between the parties to the $50,000 settlement with the third party defendant. As discussed above, the rights as to the lien claims by State Fund are under the exclusive jurisdiction of the WCAB in this matter. (See *Hughes v. Argonaut Insurance Company,* supra., 88 Cal. App. 4th at 525.) Therefore no declaratory relief action can be maintained.

Based on the forgoing, State Fund's general demurrer should be sustained without leave to amend.

C. Special Demurrer

Demurrers on grounds other than failure to state a cause of action, such as lack of jurisdiction, are special demurrers. (*Buss v. J.O. Martin Co.*, supra 241 Cal. App. at 133.)

//

**i. Lack of Subject Matter Jurisdiction**

Plaintiffs alleged that they have suffered damages after Mr. Cisney was injured during the course and scope of his employment with Cal Fire. California Labor Code § 3600 et. seq provides that the exclusive remedy for injuries suffered by an employee is workers' compensation. This includes related claims for loss of consortium by a spouse. (*Cole v. Fair Oaks Fire Protection Dist.*, (1987) 43 Cal. 3d 148, 162-163.) Plaintiffs allegations against State Fund are based on the assertion of lien rights against a third party settlement. It is the Plaintiffs' contention that because the causes of action are based on fraud or tortious behavior, they are not subject to the exclusive jurisdiction of the WCAB.

The identical issues that are raised by the Complaint of the Plaintiffs have already been decided by the appellate court. In *Hughes v. Argonaut Insurance Company*, Hughes was injured during a car accident which occurred during her employment. Argonaut Insurance provided workers' compensation insurance for Hughes' employer and paid Hughes workers' compensation benefits. Hughes entered into a settlement with the third party without filing a law suit and Argonaut asserted a lien claim against the settlement. Hughes and Argonaut could not agree on the amount of the lien and Hughes filed a case in superior court alleging causes of action for insurance bad faith, intentional interference with contractual relations, interference with prospective economic advantage, wrongful assertion of lien, declaratory and injunctive relief and violations of California's unfair competition law under Business and Professions Code § 17200. (*Hughes v. Argonaut Insurance Company*, supra 88 Cal. App. 4th at 521-522.)

The trial court sustained the demurrer filed by Argonaut without leave to amend. On appeal, the Court held that the WCAB had exclusive jurisdiction over all of Hughes' claims against Argonaut. (*Id.* at 531.) In reaching its decision, the Court of Appeal discussed the statutory framework of workers' compensation and how California Labor Code § 3860 accords exclusive jurisdiction over the claims stating "[t]he only conditions essential to exercise of the WCAB's section 3860 jurisdiction is the settlement of a nonlitigated claim against a third party that includes the employee's claim, as well as the employer's or carrier's subrogated claim against the tortfeasor." (*Id.* at 526.)

The causes of action alleged in the Plaintiffs' Complaint are nearly identical to the causes of action in *Hughes*. Further, the facts are also nearly identical whereby the dispute arises out of the assertion of a lien against an out of court third party settlement. With regard to the attorneys' fees, the Court stated, "the WCAB, not the superior court, decides the amount and allocation of fees to be paid to Hughes's [sic] attorney." (*Id.* at 525.)

Plaintiffs have also alleged there may have been negligence on the part of the driver of the fire truck which could be imputed to his employer, which would affect the lien rights of State Fund. Any claim of concurrent negligence on the part of the employer, which could affect the recovery against the lien would also be decided by the WCAB. "[W]here the employer's negligence has not been adjudicated in such third party action, the applicant is entitled to have it adjudicated before the Board." (*Associated Construction & Engineering Co. v. Workers' Comp. Appeals Bd.*, (1978) 22 Cal. 3d 829, 835.)

As in *Hughes*, the exclusive jurisdiction for the claims and dispute over the settlement and lien rights of State Fund is the WCAB. Therefore the special demurrer to all causes of action should be sustained without leave to amend.

**ii. Jurisdiction of Loss of Consortium Claims**

Mrs. Cisney has alleged a claim for loss of consortium. "Although the cause of action for loss of consortium is not merely derivative or collateral to the spouse's cause of action, it is based on the physical injury or disability of the spouse, and is precluded by the broad language of the Labor Code sections." (*Cole v. Fair Oaks Fire Protection Dist.*, supra 43 Cal. 3d at 162-163, internal citations omitted.) The holding in *Cole* relied upon Labor Code Sections 3600 and 3601 in reaching its conclusion that the loss of consortium claims were under the exclusive jurisdiction of the WCAB.

As the WCAB has jurisdiction of the loss of consortium claims, the special demurrer should be sustained without leave to amend.

**iii. Pending Action before the WCAB**

On or about May 12, 2016, Mr. Cisney instituted an action before the WCAB when he filed his application. (Decl. of Day ¶ 17. RJN.) The parties have been engaged in the action before

the WCAB since that time. (Decl. of Day ¶ 17.) Plaintiffs' counsel in this action is the same as Mr. Cisney's counsel before the WCAB. (Decl. of Day ¶ 5.) State Fund contacted Plaintiffs' counsel upon learning of the filing of the action, but before the Complaint was served in an effort to avoid the need for service. (Decl. of Day ¶ 3.) Shortly after the initial conversation, Mr. Cisney's counsel filed a Declaration of Readiness to Proceed to trial to address the exact issues raised in this Complaint regarding resolution of the dispute over the lien. (Decl. of Day ¶ 5. RJN). Even though Mr. Cisney/Plaintiffs' counsel has acknowledged that the WCAB has exclusive jurisdiction, they still will not dismiss State Fund.

## IV. SANCTIONS

Pursuant to California Code of Civil Procedure § 430.41, the parties are to meet and confer before filing a demurrer to determine if the objections to the complaint can be resolved. (C.C.P. § 430.41(a).) The demurring party is to identify the causes of action it believes are subject to the demurrer and the party who filed the complaint shall provide legal support for its position that the pleading is legally sufficient. (C.C.P. § 430.41(b).) The meet and confer requirement became effective January 1, 2016.

The intent of the statute is self evident; to help reduce the number of motions before an already overburdened judicial system by having the parties attempt to resolve the objections without court intervention. The statute is silent on if sanctions are appropriate when a demurrer is sustained. Requiring meeting and conferring is not a new or novel idea. As an example, parties must meet and confer in good faith in an attempt to resolve discovery disputes prior to filing a motion to compel further responses. (See Cal. Code Civ. Proc. § 2030.300 and Cal. Code Civ. Proc. § 2016.040.)

Unlike the meet and confer requirements pertaining to discovery, C.C.P. § 430.41 clearly establishes what must be done as part of the process. It becomes the burden of the party that filed the complaint to provide legal support that the position in the pleading is legally sufficient. (C.C.P. § 430.41(b).) State Fund has gone to great lengths to meet and confer and attempt to have Plaintiffs dismiss it from the Complaint.

While C.C.P. § 430.41 does not address sanctions, California Code of Civil Procedure § 128.5 states "[a] trial court may order a party, the party's attorney, or both to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith action or tactics that are frivolous or solely intended to cause unnecessary delay." (C.C.P. § 128.5 (a).) It goes on to define "actions or tactics" as the filing and service of a complaint, and "frivolous" to mean totally and completely without merit or for the sole purpose of harassing an opposing party. (C.C.P. § 128.5(b)(1) and (b)(2).)

Here, there are sufficient facts to indicate that the filing and service of the Complaint by the Plaintiffs was to tactic to try and settle the underlying workers' compensation claim and negotiate the lien of State Fund over any third party settlement. State Fund raised the deficiencies with Plaintiffs' Complaint immediately. (Decl. of Day ¶ 3.) Prior the Complaint being personally served, the Complaint was mailed to State Fund with a Notice of Acknowledgement and Receipt. (Decl. of Day ¶ 2.) It is not customary for State Fund to accept service in such a manner. (Decl. of Day ¶ 2.) Upon receipt of the improperly served Complaint, State Fund attempted to engage Plaintiffs in a meet and confer effort so that the Complaint as to State Fund would be dismissed, based in substantial part on the case law cited in this demurrer. (Decl. of Day ¶ 3-4.) State Fund was not dismissed and instead, was personally served with the Complaint. (Decl. of Day ¶ 7.) Thereafter State Fund continued to provide specific law which established its position that the claims against State Fund in the Complaint are under the exclusive jurisdiction of the WCAB. (Decl. of Day ¶ 7-10.) In response, Plaintiffs provided a 30 day extension to file a responsive pleading and have only stated that they believed their fraud cause of action (tortious breach of duty of good faith and fair dealing) was different than the fraud cause of action alleged in *Hughes*. (Decl. of Day ¶ 10, 12.) There is no indication that such is the case and Plaintiffs have ignored the substance of the decision in *Hughes* which broadly established that disputes arising out of a lien related to a workers' compensation claim are under the exclusive jurisdiction of the WCAB. Nor have Plaintiffs provided any authority which contradicts the holding in *Hughes*. (Decl. of Day ¶ 13.)

Plaintiffs have failed to provide legal support for the causes of action alleged in the Complaint, yet they refuse to dismiss State Fund, forcing this demurrer. Based on the conduct of the Plaintiffs, sanctions are warranted in the amount of $ 5,700 for attorneys' fees and costs for a first appearance fee and for the fee for filing this motion. (Decl. of Day ¶ 14-16.) Plaintiffs' conduct was extreme and frivolous in violation of the Code of Civil Procedure.

## V. CONCLUSION

The Labor Code and case law overwhelmingly support the position that the WCAB has exclusive jurisdiction over the claims alleged by Plaintiffs against State Fund. *Hughes v. Argonaut Insurance Company* is analogous to the present facts. Plaintiffs fail to plead sufficient facts to state causes of action against State Fund. The frivolous actions by Plaintiffs warrant sanctions against them.

Based on the forgoing, the demurrer should be sustained without leave to amend.

Dated: January 13, 2017

STATE COMPENSATION INSURANCE FUND

By [signature]

Matthew R. Day
Attorneys for Defendant
STATE COMPENSATION INSURANCE FUND

**PROOF OF SERVICE**

**STATE OF CALIFORNIA)**
**COUNTY OF ORANGE)**

I am a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1750 E. Fourth Street, 5th Floor, Santa Ana, CA 92705-3930.

On the date executed below, I served the within

**Points and Authorities in Support of Demurrer to Plaintiffs' Complaint**

on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope, addressed as stated on attached service list:

[√] **(BY MAIL)** I served the above-described documents by:

[√] Depositing the above-described documents enclosed in envelopes(s) sealed, or to be sealed for collection and mailing following ordinary course of business. I am readily familiar with our State Compensation Insurance Fund's practice of collection and processing correspondence for mailing with the United States Postal Service, which causes it to be sealed and deposited with said Postal Service with the postage prepaid the same day it is mailed or placed for collection and processing.

| Robert G. Johnson, Jr.<br>Robert Grey Johnson Law<br>27136 Paseo Espada, Suite B-1123<br>San Juan Capistrano, CA 92675<br>Tel: 949-234-1100 ext. 15<br>Fax: 949-234-1101<br>**Attorneys for Plaintiffs, Eric and Kerri Cisney** | Linda B. Oliver<br>Maynard, Cooper & Gale, LLP<br>600 Montgomery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-646-4700<br>Fax: 205-714-6450<br>**Attorneys for Metropolitan Property and Casualty Insurance** |
|---|---|

I declare, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 17, 2017 at Santa Ana, California.

Christine G. San Luis, Declarant

MATTHEW R. DAY, Staff Counsel SBN250945
GINA MARIA S. ONG, Assistant Chief Counsel SBN204137
STATE COMPENSATION INSURANCE FUND
1750 East Fourth Street, 5th Floor
Santa Ana, California 92705-3930
Telephone: (714) 667-7413
Facsimile: (714) 347-6145

Attorneys for Defendant
STATE COMPENSATION INSURANCE FUND
A Public Enterprise Fund and
Independent Agency of the State of California

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JAN 18 2017
H.CARVER

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| ERIC CISNEY, an individual; KERRI CISNEY, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Delaware Corporation; STATE COMPENSATION INSURANCE FUND, a California Corporation; JESUS ROSALES, an individual; and DOES 1-50, Inclusive<br><br>Defendants. | Case No. PSC 1604367<br><br>**NOTICE OF DEMURRER TO PLAINTIFFS' COMPLAINT**<br><br>Assigned to Hon. David M. Chapman for all purposes<br><br>DATE: February_16, 2017<br>TIME: 8:30 a.m.<br>PLACE: Department PS2 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on **February 16, 2017, at 8:30 a.m.**, or as soon thereafter as counsel may be hearing in Department PS2 of the above-entitled court, located at **3255 E. Tahquitz Canyon Way, Palm Springs, California 92262**, defendant State Compensation Insurance Fund ("State Fund") A Public Enterprise Fund and Independent Agency of the State of California (erroneously sued as a California Corporation) will, and hereby does, move this Court, pursuant of California Code of Civil Procedure ("CCP") Sections 430.10, 430.30, and 430.50, for an order sustaining, without leave to amend, State Fund's demurrer to Plaintiffs Eric Cisney and Kerri Cisney ("Plaintiffs") Complaint for Tortious Breach of Duty of Good Faith and Fair

Dealing, Breach of Contract, Violation of Business and Professions Code Section 17200, Intentional Interference with Prospective Economic Advantage, Elder Abuse, Welfare & Institutions Code Section 15610.3 Negligence and Declaratory Relief.

Pursuant to local rules, the Court will make a tentative ruling on the merits of this matter by 3:00 p.m. on the court day prior to the hearing. Tentative rulings will be available on the Internet or by calling 1-760-904-5722. To view go to: http://www.riverside.courts.ca.gov and click on the tentative ruling link. The tentative ruling shall become the ruling of the Court unless, by 4:30 p.m. on the court day before the scheduled hearing, a party gives notice of intent to appear to all parties and the court. The notice of intent to appear must be given either in person or by telephone. Where notice of intent to appear has been properly given, or upon direction of the Court, oral argument will be permitted." Failure to include this information in a notice of motion or demurrer will not relieve a party from the obligation to request oral argument following the issuance of a tentative ruling.

Date: January 17, 2017

STATE COMPENSATION INSURANCE FUND

By [signature]

Matthew R. Day[
Attorneys for Defendant
STATE COMPENSATION INSURANCE FUND

**PROOF OF SERVICE**

**STATE OF CALIFORNIA)**
**COUNTY OF ORANGE)**

I am a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1750 E. Fourth Street, 5th Floor, Santa Ana, CA 92705-3930.

On the date executed below, I served the within

**Notice of Demurrer**

on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope, addressed as stated on attached service list:

[√] **(BY MAIL)** I served the above-described documents by:

[√] Depositing the above-described documents enclosed in envelopes(s) sealed, or to be sealed for collection and mailing following ordinary course of business. I am readily familiar with our State Compensation Insurance Fund's practice of collection and processing correspondence for mailing with the United States Postal Service, which causes it to be sealed and deposited with said Postal Service with the postage prepaid the same day it is mailed or placed for collection and processing.

| | |
|---|---|
| Robert G. Johnson, Jr.<br>Robert Grey Johnson Law<br>27136 Paseo Espada, Suite B-1123<br>San Juan Capistrano, CA 92675<br>Tel: 949-234-1100 ext. 15<br>Fax: 949-234-1101<br>**Attorneys for Plaintiffs, Eric and Kerri Cisney** | Linda B. Oliver<br>Maynard, Cooper & Gale, LLP<br>600 Montgomery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-646-4700<br>Fax: 205-714-6450<br>**Attorneys for Metropolitan Property and Casualty Insurance** |

I declare, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 17, 2017 at Santa Ana, California.

Christine G. San Luis, Declarant

MATTHEW R. DAY, Staff Counsel SBN250945
GINA MARIA S. ONG, Assistant Chief Counsel SBN204137
STATE COMPENSATION INSURANCE FUND
1750 East Fourth Street, 5th Floor
Santa Ana, California 92705-3930
Telephone: (714) 667-7413
Facsimile: (714) 347-6145

Attorneys for Defendant
STATE COMPENSATION INSURANCE FUND
A Public Enterprise Fund and
Independent Agency of the State of California

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JAN 18 2017
H.CARVER

JAN 18 2017

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| ERIC CISNEY, an individual; KERRI CISNEY, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Delaware Corporation; STATE COMPENSATION INSURANCE FUND, a California Corporation; JESUS ROSALES, an individual; and DOES 1-50, Inclusive<br><br>Defendants. | Case No. PSC 1604367<br><br>**DECLARATION OF MATTHEW R. DAY IN SUPPORT OF DEMURRER TO PLAINTIFFS' COMPLAINT**<br><br>Assigned to Hon. David M. Chapman for all purposes<br><br>DATE: February 16, 2017<br>TIME: 8:30 a.m.<br>PLACE: Department PS2 |

I, Matthew R. Day, declare,

1. I am an attorney licensed to practice in all Courts in the State of California and am counsel of record in the above-caption action for Defendant State Compensation Insurance Fund ("State Fund"). I am currently employed at State Fund. I have personal knowledge of the following facts, and if called as a witness, could and would competently testify thereto.

2. On or about September 14, 2016, State Fund received a copy of the Complaint in the above-captioned action, Riverside County Superior Court Case No. PSC 1604367, by mail with a Notice and Acknowledgment of Receipt. It is the custom and practice of State Fund not to accept service of a complaint in such a manner.

3. The case was assigned to me for further handling. On or about September 26, 2016, I placed a telephone call to Robert Johnson, counsel for Plaintiffs, Eric Cisney and Kerri Cisney (collectively "Plaintiffs"). I left a message for Mr. Johnson. On or about September 27, 2016, Mr. Johnson returned my call and we discussed the Complaint and the causes of action. During that telephone conference, I informed Mr. Johnson that all of the causes of action, which are based on the lien rights asserted by State Fund, are under the exclusive jurisdiction of the Workers' Compensation Appeal Board ("WCAB"). During that conference I provided Mr. Johnson with the case cite for *Hughes v. Argonaut Insurance Company*, (2001) 88 Cal. App. 4th 517, whereby a demurrer to nearly identical facts and causes of action was sustained without leave to amend and the holding was that the WCAB had exclusive jurisdiction over all of the claims.

4. The purpose of contacting Mr. Johnson was to attempt to resolve the issue without having to have the Plaintiffs personally serve a copy of the Complaint on State Fund. Based on the case law provided, I was hopefully State Fund would be dismissed. Mr. Johnson represented he would look over the case law provided. I requested he provide me with a courtesy copy of the dismissal of State Fund so that I could close my file.

5. While not part of the action pending before the WCAB, I obtained a copy of the Declaration of Readiness to Proceed, which was submitted by Mr. Johnson in the action pending before the WCAB Case No. ADJ1045865. A true and correct copy of the Declaration of Readiness to Proceed is attached hereto as Exhibit A. Personally information has been redacted. State Fund requests the Court take judicial notice of the Declaration of Readiness to Proceed. The Declaration of Readiness was filed after my telephone conference with Mr. Johnson and addressed the issues discussed during our call; the exclusive jurisdiction of the WCRB over the lien rights of State Fund.

6. After my conference with Mr. Johnson on or about September 27, 2016, I had a paralegal in my office monitor the Riverside County Superior Court website for the filing of a dismissal of the action against State Fund. No such dismissal was ever filed.

7. On or about November 22, 2016, Plaintiffs personally served State Fund with the Complaint. On November 29, 2016, I sent Mr. Johnson a correspondence by email and regular

mail outlining why the complaint was subject to a demurrer and requesting that he contact me so we could meet and confer in accordance with California Code of Civil Procedure § 430.41. A true and correct copy of the correspondence sent to Mr. Johnson is attached hereto as Exhibit B. A true and correct copy of the email sent to Mr. Johnson which attached the November 29, 2016 correspondence is attached hereto as Exhibit C.

8. I did not hear back from Mr. Johnson concerning my November 29, 2016 correspondence so I placed a telephone call to Mr. Johnson on or about December 6, 2016 at approximately 3:00 p.m. in order to meet and confer under California Code of Civil Procedure § 430.41.

9. On December 8, 2016 at 5:54 p.m., Mr. Johnson left me a message on my office line, acknowledging that he had received my earlier message and to try to call him back on either his office line or his cellular telephone. On December 9, 2016 at approximately 1:30 p.m. I attempted to call Mr. Johnson at his office. I reached Mr. Johnson's voicemail and left him a voicemail message. I also attempted to contact Mr. Johnson on his cellular telephone. I could not reach Mr. Johnson on his cellular telephone and could not leave a message as his voicemail box was full. Later on the afternoon of December 9, 2016, Mr. Johnson returned my telephone messages, whereby we met and conferred pursuant to California Code of Civil Procedure § 430.41.

10. During our telephone conference, Mr. Johnson seemed to agree that certain causes of action were nearly identical to the *Hughes* matter and the issue would be properly venued before the WCRB. However, Mr. Johnson was of the opinion that the fraud cause of action was different or distinct from the causes of action in *Hughes* and was appropriately venued before the Superior Court. I disagreed with this interpretation and Mr. Johnson did not provide any case law or statutes to support his position. At the end of the call, Mr. Johnson agreed to provide State Fund with a 30 day extension to file a responsive pleading as he was still attempting to work out the issues before the WCRB. A responsive pleading would be due on or before January 20, 2017.

11. After the telephone conference I wrote a further correspondence addressing the issues raised in our telephonic discussion and specifically about his position as to the fraud cause

of action. On December 16, 2016, I sent Mr. Johnson the further correspondence by U.S. mail and email. Attached hereto as Exhibit D is a true and correct copy of the correspondence sent to Mr. Johnson on December 16, 2016. Attached hereto as Exhibit E is a true and correct copy of the email containing the correspondence of December 16, 2016.

12. In response to my correspondence and email, Mr. Johnson sent an email confirming the extension to respond to the Complaint and stating that he would review the decision in Hughes again in the hope of resolving the issue before January 20, 2017. As of the date of the filing of this demurrer I have not heard anything further from Mr. Johnson. Attached thereto as Exhibit F is a true and correct copy of the email correspondence received from Mr. Johnson.

13. The parties met and conferred by telephone on December 9, 2016 as required by California Code of Civil Procedure § 430.41. The parties could not reach an agreement as to the causes of action. In further efforts to meet and confer, State Fund sent two written correspondences to Mr. Johnson which outlined its position and provided legal support for its demurrer. Plaintiffs have failed to meet their obligations under the Code of Civil Procedure § 430.41 as they have not provided any case law or statutory authority for their position nor have they offered any alternatives of how their Complaint could be amended.

14. California Code of Civil Procedure § 430.41 went into effect on January 1, 2016. From its face it is clear that the purpose of the statute is to attempt to avoid the need to file demurrers by having the parties meet and confer and provide support for their respective positions, including how a complaint could be amended. In this case Plaintiffs have failed to provide support for their positions. The holding in *Hughes* is on point based on very similar facts. State Fund's actions have been more than reasonable, going beyond what is required of it in California Code of Civil Procedure § 430.41. While California Code of Civil Procedure § 430.41 does not expressly provide for attorneys' fees or costs, other statutes permit such when actions are in bad-faith, frivolous or intended to cause unnecessary delay.

15. As early as the end of September 2016, Plaintiffs knew State Fund's position regarding the Complaint. Shortly after the first telephone conference between myself and Mr. Johnson, Mr. Johnson filed the Declaration of Readiness in the WCAB action. Yet, Plaintiffs have

refused to dismiss State Fund from the Superior Court action. After service of the Complaint, State Fund continued to act reasonably with regard to the Complaint and was proactive in attempting to provide all information needed or have any discussions as to why Plaintiffs believed State Fund's position was inaccurate. Plaintiffs however have continued to proceed with the action in what can only be determined as bad-faith, frivolous or intended to cause unnecessary delay and expenses to State Fund.

16. I have been a licensed attorney in the State of California for nine years. I have been practicing civil litigation during that entire time. A reasonable rate for an attorney practicing litigation with my experience is $ 250 per hour. I have expended at least 14 hours in my attempts to meet and confer with Plaintiffs and to prepare this demurrer and its supporting documents. I estimate I will expend another three hours in reviewing any opposition and preparing any reply. I will spend another four hours to attend a hearing on this demurrer. In addition, State Fund has incurred expenses to file a responsive pleading in the amount of $450. In total State Fund should be entitled to the following sums from Plaintiffs for fees and costs:

| | | |
|---|---|---|
| Meet and Confer and Preparation of Demurrer | 14 x $250 | $3,500 |
| Review Opposition and Prepare Reply | 3 x $250 | $750 |
| Attendance at Hearing | 4 x $250 | $1,000 |
| Filing/First Appearance Fee | | $450 |
| Total | | $5,700 |

17. Attached hereto as Exhibit G is a true and correct copy of the Application for Adjudication filed by Eric Cisney before the WCRB, Case No. ADJ1045865. The Application for Adjudication was filed on or about May 12, 2016. State Fund and Eric Cisney have been participating before the WCRB since its filing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 17 th day of January, 2017 in Santa Ana, California.

Matthew R. Day

Exhibit A

SCIF RECD DTE 10/13/2016 FRSCAN 36 10/13/2016 12:58 PM 057478 05 001

# STATE OF CALIFORNIA
# DIVISION OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD
# DECLARATION OF READINESS TO PROCEED

NOTICE: Any objection to the proceedings requested by a Declaration of Readiness to proceed shall be filed and served within ten (10) days after service of the Declaration.

ADJ10458655
Case No.

**Applicant**

ERIC
First Name MI

CISNEY
Last Name

VS

**Employer Information**

DEPARTMENT OF FORESTRY
Employer Name (Please leave blank spaces between numbers, names or words)

1234 E SHAW AVENUE
Employer Street Address/PO Box (Please leave blank spaces between numbers, names or words)

FRESNO CA 93710
City State Zip Code

Declarants: Please designate your role (Please Select Only One)

☐ Employee ☒ Applicant ☐ Defendant ☐ Lien Claimant

Declarant requests: ( Please Select Only One)

☐ Mandatory Settlement Conference ☒ Status Conference ☐ Rating MSC* ☐ Priority Conference

At the present time the principal issues are: (Check all that apply)

☐ Compensation Rate ☐ Rehabilitation/SJDB ☐ Temporary Disability ☐ Self-Procured Medical Treatment
☐ Permanent Disability ☐ Future Medical Treatment ☐ AOE/COE ☐ Discovery
☐ Employment ☒ Other DISPUTED APPORTIONMENT OF THIRD PARTY SETTLEMENT FUNDS; FUTURE CREDIT FOR MEDICAL TREATMENT

Declarant relies on the report(s) of:

Doctors (s) ______ date ______

SCIF RECD DTE 10/13/2016 FRSCAN 36 10/13/2016 12:58 PM 057478 05 002

Declarant states under penalty perjury that he or she is presently ready to proceed to hearing on the issues below and has made the following specific, genuine, good faith efforts to resolve the dispute(s) listed below:

APPLICANT, ERIC CISNEY, WAS INJURED IN A WORK-RELATED AUTO ACCIDENT ON JULY 17, 2015. IN ADDITION TO FILING A WORKERS' COMPENSATION CLAIM, APPLICANT ALSO PURSUED RECOVERY THROUGH A CLAIM AGAINST THE THIRD PARTY DRIVER THAT CAUSED THE SUBJECT ACCIDENT. SOLELY THROUGH THE EFFORTS OF APPLICANT'S ATTORNEYS, APPLICANT RECOVERED $50,000 FROM THE THIRD PARTY INSURER. STATE COMPENSATION INSURANCE FUND (SCIF), THE INSURER OF APPLICANT'S EMPLOYER, CLAIMED A LIEN ON THIS THIRD PARTY SETTLEMENT FOR MORE THAN $40,000, AND ACCORDINGLY, SCIF IS LISTED AS A PAYEE ON APPLICANT'S SETTLEMENT CHECK. APPLICANT MADE A GOOD FAITH EFFORT TO NEGOTIATE A FAIR RESOLUTION OF SCIF'S LIEN. HOWEVER, THESE NEGOTIATIONS WERE NOT PRODUCTIVE, AND SCIF CONTINUES TO ASSERT THAT IT IS ENTITLED TO THE MAJORITY OF THE SUBJECT THIRD-PARTY RECOVERY. SCIF'S POSITION IS MERITLESS AND UNREASONABLE, AND ITS CONDUCT IS PREVENTING APPLICANT FROM RECOVERING FROM WHAT WERE ULTIMATELY CAREER-ENDING INJURIES. APPLICANT AGREES THAT SCIF IS ENTITLED TO SOME RECOVERY FROM THE SUBJECT THIRD PARTY SETTLEMENT. HOWEVER, SCIF'S LIEN IS SUBJECT TO REDUCTION BECAUSE SCIF DID NOT PARTICIPATE IN ANY WAY IN PROCURING SAID SETTLEMENT AND APPLICANT'S EMPLOYER WAS FOUND TO BE CONTRIBUTING CAUSE OF THE SUBJECT ACCIDENT (SEE WITT V. JACKSON, 57 CAL.2D 57, 73, 366 P.2D 641, 650, 17 CAL.RPTR. 369, 378 (1962)). ADDITIONALLY, APPLICANT'S SPOUSE MAINTAINS A SIGNIFICANT LOSS OF CONSORTIUM CLAIM WHICH CAN ONLY BE RECOVERED THROUGH THIS THIRD PARTY SETTLEMENT. THE DISPUTE OVER SAID THIRD PARTY SETTLEMENT FUNDS IS THE SUBJECT OF THIS REQUEST FOR A STATUS CONFERENCE.

Unless a status or priority conference is requested, I have completed discovery on the issues listed above, and that all medical reports in my possession or control have been filed and served as required by the rules promulgated by the Court Administrator.

Copies of this Declaration have been served this date as shown on the attached proof of service.

Declarant's Signature, Robert G. Johnson

ROBERT G. JOHNSON, JR., LAW OFFICES OF ROBERT G. JOHNSON, JR.
Name and Law Firm (Print or Type)

27136 PASEO ESPADA B 1123
Address (Please leave blank spaces between numbers, names or words)

(949) 234-1100
Phone Number

Date 10|10|2016
MM/DD/YYYY

SCIF RECD DTE 10/13/2016 FRSCAN 36 10/13/2016 12:58 PM 057478 05 003

STATE OF CALIFORNIA
DWC DISTRICT OFFICE

# DOCUMENT COVER SHEET

Is this a new case? Yes ☐ No ☑ Companion Cases Exist ☐ Walkthrough Yes ☐ No ☑

More than 15 Companion Cases ☐

10/10/2016
Date:(MM/DD/YYYY)

SSN: [redacted]

☑ Specific Injury

Case Number 1

☐ Cumulative Injury

07/17/2015 (Start Date: MM/DD/YYYY) (End Date: MM/DD/YYYY)
(If Specific Injury, use the start date as the specific date of injury)

Body Part 1: 440

Body Part 3: 500

Body Part 2: 450

Body Part 4:

Other Body Parts:

Please check unit to be filed on ( check only one box )

☑ ADJ ☐ DEU ☐ SIF ☐ UEF ☐ INT ☐ RSU

Companion Cases

☐ Specific Injury

Case Number 2

☐ Cumulative Injury (Start Date: MM/DD/YYYY) (End Date: MM/DD/YYYY)
(If Specific Injury, use the start date as the specific date of injury)

Body Part 1:

Body Part 3:

Body Part 2:

Body Part 4:

Other Body Parts:

SCIF RECD DTE 10/13/2016 FRSCAN 36 10/13/2016 12:58 PM 057478 05 004

# DOCUMENT SEPARATOR SHEET

Product Delivery Unit ADJ

Document Type LEGAL DOCS

Document Title DECLARATION OF READINESS TO PROCEED TO EXPEDITED HEARING

Document Date 10/10/2016
MM/DD/YYYY

Author ROBERT JOHNSON SAN JUAN CAPISTRANO

Office Use Only

Received Date
MM/DD/YYYY

SCIF RECD DTE 10/13/2016 FRSCAN 36 10/13/2016 12:58 PM 057478 05 005

RE: ERIC CISNEY v. DEPT. OF FORESTRY
WCAB No. ADJ10458655

PROOF OF SERVICE

I, Linda Leone, am employed in the County of Orange, State of California, and I am over eighteen (18) years of age and am not a party to the within action; my business address is 27136 Paseo Espada, Suite B-1123, San Juan Capistrano, California 92675.

On the date indicated below, I caused a true and correct copy of the following document(s) described as **REQUEST FOR STATUS CONFERENCE** to be served in this action upon the person(s) addressed as follows, and by the method indicated below:

| | |
|---|---|
| Mr. Gregory Spita<br>State Compensation Insurance Fund<br>PO Box 3171<br>Suisun City, CA 94585 | Ms. Lauren V. Caldwell<br>State Contracts Legal -- Riverside<br>PO Box 65005<br>Fresno, CA 93650-5005 |
| | Department of Forestry<br>Return to Work Coordinator<br>PO Box 944246<br>Sacramento, CA 94244 |

[XX] **BY FIRST CLASS MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Juan Capistrano, California. I am "readily familiar" with the firm's practice of collecting and processing mail. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, services is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE TRANSMISSION:** I caused such document(s) to be transmitted to the addressee(s) via facsimile on the attached service list. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as completed and without error.

[ ] **BY PERSONAL DELIVERY:** I caused our attorney service to deliver such document(s) by hand to the addressee(s) listed on the attached service list.

[ ] **BY FEDERAL EXPRESS:** I caused Federal Express to deliver such envelope to the addressee(s) listed below.

[XX] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on October 10, 2016 at San Juan Capistrano, California.

Linda Leone

SCIF RECD DTE 10/13/2016 FRSCAN 36 10/13/2016 12:58 PM 057478 05 006

# DOCUMENT SEPARATOR SHEET

Product Delivery Unit ADJ

Document Type LEGAL DOCS

Document Title PROOF OF SERVICE

Document Date 10/10/2016
MM/DD/YYYY

Author ROBERT JOHNSON SAN JUAN CAPISTRANO

Office Use Only

Received Date
MM/DD/YYYY

# Exhibit B



November 29, 2016

Via U.S. Mail and Email

Robert Johnson, Jr.
LAW OFFICES OF ROBERT G. JOHNSON
27136 Paseo Espada, B-1123
San Jan Capistrano, California 92675

Re: *Erick Cisney and Kerri Cisney v. Metropolitan Property and Casualty Insurance et al.*
Riverside County Superior Court Case No. PSC1604367

Dear Mr. Johnson:

Please accept the correspondence outlining the deficiencies with your complaint in the matter *Erick Cisney and Kerri Cisney v. Metropolitan Property and Casualty Insurance et al.* as they relate to State Compensation Insurance Fund ("State Fund").

The complaint alleges the following causes of action against State Fund:

- Tortious Breach of Duty of Good Faith and Fair Dealing
- Breach of Contract
- Violation of Business and Professions Code Section 17200
- Intentional Interference with Prospective Economic Advantage
- Elder Abuse, Welfare & Institutions Code Section 15610.3 Negligence
- Declaratory Relief

The allegations against State Fund stem from a workers' compensation matter whereby Erick Cisney has received workers' compensation benefits related to alleged injuries suffered during the course of his employment with the California Department of Forestry, who is insured by State Fund. The alleged injuries were sustained when a third party, Jesus Rosales, struck the vehicle Mr. Cisney was in.

While pursuing a claim through workers' compensation, Mr. Cisney sought settlement from Mr. Rosales for his injuries. Based on understanding and belief, Mr. Cisney entered into a unilateral settlement with Mr. Rosales' insurance carrier and thereafter demanded that State Fund waive its lien rights asserted in the matter for treatment and care of injuries. After refusing to waive its lien rights, this civil action was filed while a separate action was still pending before the Workers' Compensation Appeals Board (WCAB).

All of the causes of action alleged against State Fund stem from the underlying workers' compensation matter and the lien rights asserted by State Fund.

Originally, the complaint was sent with a Notice and Acknowledgment of Receipt – Civil. It is the custom and practice of State Fund not to accept service in such a manner and as such, the Notice and Acknowledgment was not executed or returned. However, in an effort to avoid service of the complaint, State Fund reached out to you regarding the deficiencies with your complaint in Superior Court and a telephonic conference occurred on September 27, 2016.

ORANGE COUNTY CORPORATE LEGAL
1750 East Fourth Street, Fifth Floor, Santa Ana, CA 92705
Phone: (714) 347-6122 Fax: (714) 347-6145

During the telephonic conference, State Fund provided you with case law which supported the position that the WCAB had exclusive jurisdiction over the allegations being made in the Superior Court action. State Fund specifically provided the case *Hughes v. Argonaut Insurance Company* (2001) 88 Cal. App. 4th 517, whereby a complaint with nearly identical causes of action was filed against the workers' compensation insurer. The case steamed from lien rights asserted against a settlement between the plaintiff and a third party tortfeasor. The lower court sustained the demurrer without leave to amend and the action was dismissed for lack of subject matter jurisdiction. On appeal, the appellate court upheld the lower court's decision and found that the WCAB had exclusive jurisdiction over all of the claims.

There are countless cases which discuss the exclusive jurisdiction of the WCAB in claims identical to the claims you are now alleging, including claims for attorneys' fees related to third party settlements. You seemingly acknowledged this fact when you filed the Declaration of Readiness and request for a status conference with the WCAB to address the very same issues raised in the Superior Court complaint.

Rather than dismissing State Fund from the Superior Court action, you have opted to continue to pursue State Fund in Superior Court and proceeded to serve State Fund after efforts were made by State Fund to avoid the unnecessary service based on current case law and the exclusive jurisdiction of the WCAB over the claims alleged.

Pursuant to California Code of Civil Procedure § 430.41, the parties are required to meet and confer in person or by telephone prior to filing a demurrer. State Fund has previously conferred with you regarding the inappropriateness of the Superior Court action against State Fund. This correspondence once again cites case law which supports the position of State Fund that the action in Superior Court is inappropriate as to all causes of action alleged against State Fund.

Under C.C.P. § 430.41(a)(1), "[t]he party who filed the complaint, cross-complaint, or answer shall provide legal support for its position that the pleading is legally sufficient or, in the alternative, how the complaint, cross-complaint, or answer could be amended to cure any legal insufficiency."

Please let us know when you are available for a telephonic conference to meet and confer on this issue and when you can provide State Fund legal support for maintaining any of the causes of action alleged against State Fund in the complaint in Superior Court.

Very Truly Yours,

State Compensation Insurance Fund

By Matthew R. Day

MRD/

# Exhibit C

**Matthew R. Day**

**From:** Matthew R. Day
**Sent:** Tuesday, November 29, 2016 10:30 AM
**To:** rjohnson@robertgreyjohnson.com
**Subject:** Cisney v. Metropolitan Property and Casualty et al. - Defendant State Compensation Insurance Fund
**Attachments:** Nov 29 Corr to Johnson.pdf

Mr. Johnson,

Attached, please find the correspondence dated November 29, for your review regarding the above referenced matter.

Please let us know if you have any questions or concerns.

Thank you,

Matt

Matthew R. Day
State Compensation Insurance Fund
Orange County Corporate Legal
1750 E. Fourth St., 5th Floor
Santa Ana, CA 92705
Work: 714-347-6563
Mobile: 707-592-9548
Fax: 714-347-6145
Email: mrday@scif.com

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

# Exhibit D



December 16, 2016

Via U.S. Mail and Email

Robert Johnson, Jr.
LAW OFFICES OF ROBERT G. JOHNSON
27136 Paseo Espada, B-1123
San Jan Capistrano, California 92675

Re: *Erick Cisney and Kerri Cisney v. Metropolitan Property and Casualty Insurance et al.*
Riverside County Superior Court Case No. PSC1604367

Dear Mr. Johnson:

Please accept this correspondence to confirm the extension you have granted to provide a responsive pleading to the Complaint and regarding further efforts to meet and confer regarding the above referenced matter and the filing of a demurrer.

**Responsive Pleading**

Pursuant to our telephone conference on December 9, 2016, this letter will confirm that you have granted State Compensation Insurance Fund ("State Fund") 30 days to provide a responsive pleading to the Complaint. The original responsive pleading was due on or before December 22, 2016. The responsive pleading is now due on or before Friday, January 20, 2017. If this is incorrect, please promptly contact our office.

**Further Meet and Confer Efforts**

During our telephone conference on December 9, you agreed that several of the causes of action would not be appropriately venued in Superior Court based on *Hughes v. Argonaut Insurance Company* (2001) 88 Cal. App. 4th 517. However, you are of the opinion that the bad faith cause of action (Tortious Breach of Duty of Good Faith and Fair Dealing) would not be subject to the jurisdiction of the WCAB.

We would urge you to review the *Hughes* opinion again as Hughes asserted causes of action for:

- Insurance Bad Faith
- Intentional Interference with Contractual Relations
- Interference with Prospective Economic Advantage
- Wrongful Assertion of Lien
- Declaratory and Injunctive Relief
- California Unfair Competition (Bus. & Prof. Code § 17200)

See *Hughes, supra.*, 88 Cal. App. 4th at 522.

Further the *Hughes* Court went on to state "[t]he core activity upon which all causes of action hinge is Argonaut's purportedly wrongful assertion of the full value of its lien, in derogation of the section 3860 duty to apportion attorney fees." *Id.* at 525. The Court then stated "[t]he only

conditions essential to exercise of the WCAB's section 3860 jurisdiction is the settlement of a nonlitigated claim against a third party that includes the employee's claim, as well as the employer's or carrier's subrogated claim against the tortfeasor." *Id.* at 526.

The authority of the WCAB is not simply limited to the causes of action alleged by Hughes, but is much more broad.

**Conclusion**

Even though you have provided us an extension to file a responsive pleading, we would still urge you to review *Hughes* and what it stands for. After doing so, we believe you will reach the same conclusion that we have reached; the proper venue for any claims you have against State Fund arising out of the facts and circumstances alleged in the Complaint is the WCAB.

Should you wish to discuss this matter further, please contact the undersigned.

Very Truly Yours,

State Compensation Insurance Fund

By Matthew R. Day

MRD/

# Exhibit E

**Matthew R. Day**

| | |
|---|---|
| **From:** | Matthew R. Day |
| **Sent:** | Friday, December 16, 2016 9:06 AM |
| **To:** | rjohnson@robertgreyjohnson.com |
| **Subject:** | RE: Cisney v. Metropolitan Property and Casualty et al. - Defendant State Compensation Insurance Fund |
| **Attachments:** | Dec 16 Corr to Johnson.pdf |

Mr. Johnson,

Attached, please find the correspondence dated December 16, for your review regarding the above referenced matter.

Please let us know if you have any questions or concerns.

Thank you,

Matt

Matthew R. Day
State Compensation Insurance Fund
Orange County Corporate Legal
1750 E. Fourth St., 5th Floor
Santa Ana, CA 92705
Work: 714-347-6563
Mobile: 707-592-9548
Fax: 714-347-6145
Email: mrday@scif.com

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

# Exhibit F

**Matthew R. Day**

| | |
|---|---|
| **From:** | Robert Johnson <rjohnson@robertgreyjohnson.com> |
| **Sent:** | Friday, December 16, 2016 8:23 PM |
| **To:** | Matthew R. Day |
| **Cc:** | ericcisney@me.com; rrankin@robertgreyjohnson.com |
| **Subject:** | RE: Cisney v. Metropolitan Property and Casualty et al. - Defendant State Compensation Insurance Fund |

Thank you very much, Matthew. I will review the decision in Hughes again, so that we can resolve this issue prior to the expiration of our extension on January 20, 2017. I will also keep an open mind as to dismissing the entire action. In the meantime, I would appreciate your help also. We cannot get Lauren Caldwell to return our phone calls, or respond to us in anyway. Further, we had a status set in the WCAB matter for last Monday, December 12, but due to the heavily congested calendar at the Riverside Board, and the unavailability of the judge to hear the matter, they continued it until February 17th, an enormous delay. We have been holding the settlement check for over 6 months, it draws no interest, and our client has suffered considerable hardship in the process.
He had to live on credit cards for the entire year he was disabled prior to his June retirement, and with only 2/3 of his base pay, and no overtime, he was relegated to going into significant debt in the process. We have also spent in excess of $17,000 in attorney fees fighting the likes of Metlife in Northern District AL Federal Court with local counsel, and we need to bring the subrogation issue to a head. We get no cooperation and no communication to any of our resolution overtures. It is not fair to this disabled former employee of SCIF's insured, Cal Fire, Department of Forestry. For those reasons, we could use some intercession from a supervisor, a senior counsel, of a Board Member of SCIF to look into this rather monumental abuse of this disabled veteran. If you could bring this to the attention of the proper party(s) in your organization, I would appreciate it very much, and my client would also be very appreciative of your assistance. Please have a nice weekend, and perhaps we can speak this coming week. Best wishes for a most wonderful Christmas holiday. Thank you again, Robert.

Robert G. Johnson, Jr.
Attorney at Law
27136 Paseo Espada, Suite B-1123
San Juan Capistrano, CA 92675
Tel: 949-234-1100 ext. 15
Fax: 949-234-1101

---

From: Matthew R. Day [MRDay@scif.com]
Sent: Friday, December 16, 2016 12:06 PM
To: Robert Johnson
Subject: RE: Cisney v. Metropolitan Property and Casualty et al. - Defendant State Compensation Insurance Fund

Mr. Johnson,

Attached, please find the correspondence dated December 16, for your review regarding the above referenced matter.

Please let us know if you have any questions or concerns.

Thank you,

Matt

Matthew R. Day

State Compensation Insurance Fund
Orange County Corporate Legal
1750 E. Fourth St., 5th Floor
Santa Ana, CA 92705
Work: 714-347-6563
Mobile: 707-592-9548
Fax: 714-347-6145
Email: mrday@scif.com<mailto:mrday@scif.com>

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

This e-mail message from State Compensation Insurance Fund and all attachments transmitted with it may be privileged or confidential and protected from disclosure.
If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or taking any action based on it is strictly prohibited and may have legal consequences.
If you have received this e-mail in error, please notify the sender by reply e-mail and destroy the original message and all copies.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Exhibit G

Page 3 of 15 received on 5/18/2016 7:21:29 AM [Pacific Daylight Time] on server VLTELRPFAX2 from 707 586 4854.

STATE OF CALIFORNIA
DIVISION OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD
APPLICATION FOR ADJUDICATION OF CLAIM

☐ Amended Application

Case No.

[redacted]
SSN (Numbers Only)

Venue choice is based upon: (Completion of this section is required)

☐ County of residence of employee (Labor Code section 5501.5(a)(1) or (d).)

☐ County where injury occurred (Labor Code section 5501.5(a)(2) or (d).)

☑ County of principal place of business of employee's attorney (Labor Code section 5501.5(a)(3) or (d).)

ANA
Select 3 - Letter Office Code For Place/Venue of Hearing (From the Document Cover Sheet)

Injured Worker (Completion of this section is required)

Eric
First Name                MI

Cisney
Last Name

[redacted]
Street Address/PO Box (Please leave blank spaces between numbers, names or words)

Street Address2/PO Box (Please leave blank spaces between numbers, names or words)

International Address (Please leave blank spaces between numbers, names or words)

[redacted]          AL          [redacted]
City          State          Zip Code

Applicant (If other than Injured Worker)

☐ Insurance Carrier     ☐ Employer     ☐ Lien Claimant

Name (Please leave blank spaces between numbers, names or words)

Street Address/PO Box (Please leave blank spaces between numbers, names or words)

Street Address2/PO Box (Please leave blank spaces between numbers, names or words)

City          State          Zip Code

FROM:State Fund TO:6406099 05/18/2016 07:21:36 #27750 P.004/015
Page 4 of 15 received on 5/18/2016 7:21:29 AM [Pacific Daylight Time] on server VLTELRFPFAX2 from 707 588 4854.

Employer Information (Completion of this section is required)

[✓] Insured [ ] Self-Insured [ ] Legally Uninsured [ ] Uninsured

Department of Forestry
Employer Name (Please leave blank spaces between numbers, names or words)

1234 E Shaw Avenue
Employer Street Address/PO Box (Please leave blank spaces between numbers, names or words)

Fresno — City | CA — State | 93710 — Zip Code

Insurance Carrier Information (If known and if applicable - include even if carrier is adjusted by claims administrator)

State Compensation Insurance Fund
Insurance Carrier Name (Please leave blank spaces between numbers, names or words)

PO Box 3171
Insurance Carrier Street Address/PO Box (Please leave blank spaces between numbers, names or words)

Suisun City — City | CA — State | 94585 — Zip Code

Claims Administrator Information (If known and if applicable)

Name (Please leave blank spaces between numbers, names or words)

Street Address/PO Box (Please leave blank spaces between numbers, names or words)

City | State | Zip Code

IT IS CLAIMED THAT (Complete all relevant information):

1. The injured worker, born [redacted] (DATE OF BIRTH: MM/DD/YYYY), while employed as a(n) Fire Captain (OCCUPATION AT THE TIME OF INJURY)

(Choose only one)

[✓] specific injury 07/17/2015 (Date of injury: MM/DD/YYYY)

suffered a:

[ ] cumulative injury which began on (Start Date: MM/DD/YYYY) and ended on (End Date: MM/DD/YYYY)

The injury occurred at Van Buren Street at 62nd Avenue
Street Address/PO Box - Please leave blank spaces between numbers, names or words

Thermal — City | CA — State | 92274 — Zip Code

DWC/WCAB Form 1A (11/2008) - (Page 2) WCAB1

(State which parts of the body were injured)

Body Part 1: 450 SHOULDER

Body Part 2: 440 HIPS

Body Part 3: 500 LOWER EXT

Body Part 4:

Other Body Parts:

2. The injury occurred as follows:

(EXPLAIN WHAT THE WORKER WAS DOING AT THE TIME OF INJURY AND HOW THE INJURY OCCURED)

Applicant was a passenger in a Cal-Fire engine that was responding to an emergency call. As the fire engine entered an intersection, an approaching vehicle collided with the fire engine. The area within the fire engine that Applicant was seated was directly impacted by the collision.

3. Actual earnings at the time of injury:

Rate of Pay $ 5,018.00 [x] Monthly [ ] Weekly [ ] Hourly

State value of tips, meals, lodging, or other advantages, regularly received $ ______ [ ] Monthly [ ] Weekly [ ] Hourly

Number of hours worked per week 40+

4. The injury caused disability as follows:

Last day off work due to injury: 07/17/2015 (MM/DD/YYYY)

First Period of Disability: Start Date 07/017/2015 (MM/DD/YYYY) End Date ______ (MM/DD/YYYY)

Second Period of Disability: Start Date ______ (MM/DD/YYYY) End Date ______ (MM/DD/YYYY)

5. Compensation:

Compensation was paid: [x] Yes [ ] No

Total paid: $30,108.00

Weekly rate(s):

Date of last payment: ______ (MM/DD/YYYY)

6. Has the worker received any unemployment insurance benefits and/or any unemployment compensation disability benefits (state disability) since the date of injury? [ ] Yes [x] No

7. Medical treatment:

Medical treatment was received: [✓] Yes [ ] No

All treatment was furnished by the Employer or Insurance Carrier: [✓] Yes [ ] No

Date of last treatment: 04/25/2016
MM/DD/YYYY

Other treatment was provided/paid by: ______________________
(NAME OF PERSON OR AGENCY PROVIDING OR PAYING FOR MEDICAL CARE)

Did Medi-Cal pay for any health care related to this claim? [ ] Yes [✓] No

Names and addresses of doctor(s)/hospital(s)/clinic(s) that treated or examined for this injury, but that were not provided or paid for by the employer or insurance carrier:

______________________
Name of Doctor/Hospital/Clinic 1 (Please leave blank spaces between numbers, names or words)

______________________
Name of Doctor/Hospital/Clinic 2 (Please leave blank spaces between numbers, names or words)

8. Other cases have been filed for industrial injuries by this worker as follows:

______________________ Case Number 1

______________________ Case Number 2

______________________ Case Number 3

______________________ Case Number 4

9. This application is filed because of a disagreement regarding liability for:

- [✓] Temporary disability indemnity
- [✓] Reimbursement for medical expense
- [✓] Medical treatment
- [✓] Compensation at proper rate
- [✓] Permanent disability indemnity
- [✓] Rehabilitation
- [✓] Supplemental Job Displacement/Return to Work
- [✓] Other (Specify) ALL PER LC

FROM:State Fund TO:6466099 05/18/2016 07:23:23 #27750 P.007/015

Page 7 of 15 received on 5/18/2016 7:21:29 AM [Pacific Daylight Time] on server VLTELRFPFAX2 from 707 586 4854.

Is the Applicant Represented? [x] Yes [ ] No If "No", applicant is to sign and date below.

If "Yes", applicant's representative is to complete the following and is to sign and date below.

[x] Law Firm/Attorney [ ] Non-Attorney Representative

Law Office of Robert Grey Johnson
Law Firm or Company Name (If Applicable)

Law Firm Number (If Applicable)

Robert — G
Attorney/Representative First Name — MI

Johnson, Jr.
Attorney/Representative Last Name

27136 Paseo Espada, B 1123
Street Address/PO Box (Please leave blank spaces between numbers, names or words)

San Juan Capistrano — CA — 92675
City — State — Zip Code

Applicant Attorney/Representative Signature — Applicant Signature

Dated at San Juan Capistrano, California
City

Date 05/12/2016
MM/DD/YYYY

DWC/WCAB Form 1A (11/2008) - (Page 5) — WCAB1

FROM:State Fund TO:6466099 05/18/2016 07:23:56 #27750 P.008/015

Page 8 of 15 received on 5/18/2016 7:21:28 AM [Pacific Daylight Time] on server VL TELRFFFAX2 from 707 586 4854.

# DOCUMENT SEPARATOR SHEET

Product Delivery Unit: ADJ

Document Type: LEGAL DOCS

Document Title: 4906 (g) DECLARATION

Document Date: 05/12/2016 MM/DD/YYYY

Author: ROBERT JOHNSON SAN JUAN CAPISTRANO

Office Use Only

Received Date: MM/DD/YYYY

DWC-CA form 10232.2 Rev. 9/2014 Page 1

DECLARATION PURSUANT TO LABOR CODE SECTION 4906(g)

Pursuant to Labor Code Section 4906(g), I declare under penalty of perjury that I have not violated Section 139.3 and I have not offered, delivered, received, or accepted any rebate, refund, commission, preference, patronage dividend, discount, or other consideration, whether in the form of money or otherwise, as compensation or inducement for any referred examination or evaluation.

Dated: May 12, 2016

Signature

Before signing this form, you should be aware that: "Any person who makes or causes to be made any knowingly false or fraudulent material statement or representation for the purpose of obtaining or denying workers' compensation benefits or payments is guilty of a felony."

FROM:State Fund TO:6466099 05/18/2016 07:24:59 #27750 P.010/015

Page 10 of 15 received on 5/18/2016 7:21:29 AM [Pacific Daylight Time] on server VLTELRFPFAX2 from 707 586 4854.

# DOCUMENT SEPARATOR SHEET

Product Delivery Unit ADJ

Document Type LEGAL DOCS

Document Title VENUE VERIFICATION

Document Date 05/12/2015
MM/DD/YYYY

Author ROBERT JOHNSON SAN JUAN CAPISTRANO

Office Use Only

Received Date
MM/DD/YYYY

DWC-CA form 10232.2 Rev. 9/2014 Page 1

FROM:State Fund TO:6466099 05/18/2016 07:25:34 #27750 P.011/015 Case 5:17-cv-00959-HNJ Document 1-1 Filed 03/01/17 Page 153 of 196

Page 11 of 15 received on 5/18/2016 7:21:29 AM [Pacific Daylight Time] on server VLTELRFPFAX2 from 707 588 4854.

VENUE AUTHORIZATION

I HEREBY AUTHORIZE MY WORKERS' COMPENSATION CASE(S) FOR INJURY(IES) DATED July 17, 2015 TO BE FILED AT THE SANTA ANA WORKERS' COMPENSATION APPEALS BOARD.

DATED: 05 | 12 | 2016

APPLICANT

APPLICANT'S ATTORNEY: Law Office of Robert Grey Johnson
27136 Paseo Espada, B 1123
San Juan Capistrano, CA 92675

FROM:State Fund TO:6466099 05/18/2016 07:25:57 #27750 P.012/015

Page 12 of 15 received on 5/18/2016 7:21:29 AM [Pacific Daylight Time] on server VLTELRFPFAX2 from 707 586 4854.

# DOCUMENT SEPARATOR SHEET

Product Delivery Unit: ADJ

Document Type: LEGAL DOCS

Document Title: FEE DISCLOSURE STATEMENT

Document Date: 05/12/2015
MM/DD/YYYY

Author: ROBERT JOHNSON SAN JUAN CAPISTRANO

Office Use Only

Received Date: ____________
MM/DD/YYYY

DWC-CA form 10232.2 Rev. 9/2014 Page 1

FROM:State Fund TO:6466099 05/18/2016 07:26:32 #27750 P.013/015

Page 13 of 15 received on 5/18/2016 7:21:29 AM [Pacific Daylight Time] on server VLTELRFPFAX2 from 707 586 4854.

State of California
Department of Industrial Relations
Division of Workers' Compensation

# FEE DISCLOSURE STATEMENT

If you choose to be represented by an attorney, your attorney's fees will be deducted from your benefits. The fee will be approved by the Workers' Compensation Appeals Board with consideration given to the: (1) responsibility assumed by the attorney; (2) care exercised in representing you; (3) time involved; and, (4) results obtained.

Attorney's fees normally range from 9% to 12% of the benefits awarded. If your attorney has also represented you before the Rehabilitation Unit, there may also be a fee allowed for this representation.

There are certain circumstances where your employer (or his/her insurer) may be liable to pay your attorney's fees. For example, if the employer disputes a permanent disability evaluation obtained when you were not represented by an attorney, your employer may be liable for any attorney fees you incur because of the dispute.

If at any time you no longer wish to be represented by the attorney, you may withdraw from representation by notifying the attorney. If you withdraw from representation, the fee amount found by a workers' compensation judge to be the fair value of any work the attorney did in your case will be deducted from your award.

*An Information and Assistance Officer may be able to answer your questions concerning your workers' compensation benefits at no charge to you. He/She may be able to resolve your problems without the need for litigation.*

*Call this toll-free number: 1-800-736-7401*

Employee's Signature [signature] Date 9/24/2015

Employee's Name Eric C[illegible]

Attorney's Signature [signature] Date 10/2/2015

Attorney's name ROBERT G. JOHNSON, JR.

Address 27136 PASEO ESPADA

B 1123

SAN JUAN CAPISTRANO, CA 92675

Phone No. (949) 234-1100

[illegible]

Page 14 of 15 received on 5/18/2016 7:21:28 AM [Pacific Daylight Time] on server VL TELRFFAX2 from 707 586 4854.

# DOCUMENT SEPARATOR SHEET

Product Delivery Unit: ADJ

Document Type: LEGAL DOCS

Document Title: PROOF OF SERVICE

Document Date: 05/12/2016
MM/DD/YYYY

Author: ROBERT JOHNSON SAN JUAN CAPISTRANO

Office Use Only

Received Date: ____________
MM/DD/YYYY

**RE: ERIC CISNEY v. DEPT. OF FORESTRY**
WCAB No.

**PROOF OF SERVICE**

I, Linda Leone, am employed in the County of Orange, State of California, and I am over eighteen (18) years of age and am not a party to the within action; my business address is 27136 Paseo Espada, Suite B-1123, San Juan Capistrano, California 92675.

On the date indicated below, I caused a true and correct copy of the following document(s) described as **APPLICANT'S APPLICATION FOR ADJUDICATION** to be served in this action upon the person(s) addressed as follows, and by the method indicated below:

| | |
|---|---|
| Mr. Gregory Spita<br>State Compensation Insurance Fund<br>PO Box 3171<br>Suisun City, CA 94585 | Ms. Lauren V. Caldwell<br>State Contracts Legal – Riverside<br>PO Box 65005<br>Fresno, CA 93650-5005 |
| Workers' Compensation Appeals Board/ANA<br>605 W Santa Ana Blvd, Bldg 28, Ste 451<br>Santa Ana, CA 92701 | Department of Forestry<br>Deborah Alfors<br>1234 E Shaw Ave<br>Fresno, CA 93710-7899 |

[XX] **BY FIRST CLASS MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Juan Capistrano, California. I am "readily familiar" with the firm's practice of collecting and processing mail. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, services is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE TRANSMISSION:** I caused such document(s) to be transmitted to the addressee(s) via facsimile on the attached service list. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as completed and without error.

[ ] **BY PERSONAL DELIVERY:** I caused our attorney service to deliver such document(s) by hand to the addressee(s) listed on the attached service list.

[ ] **BY FEDERAL EXPRESS:** I caused Federal Express to deliver such envelope to the addressee(s) listed below.

[XX] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on May 12, 2016 at San Juan Capistrano, California.

Linda Leone

STATE OF CALIFORNIA
DWC DISTRICT OFFICE

DOCUMENT COVER SHEET

Is this a new case? Yes [✓] No [ ] Companion Cases Exist [ ] Walkthrough Yes [ ] No [✓]

More than 15 Companion Cases [ ]

05/12/2016
Date:(MM/DD/YYYY)

SSN: [redacted]

[✓] Specific Injury

07/17/2015

Case Number 1 [ ] Cumulative Injury (Start Date: MM/DD/YYYY) (End Date: MM/DD/YYYY)

(If Specific Injury, use the start date as the specific date of injury)

Body Part 1: 440 Body Part 3: 500

Body Part 2: 450 Body Part 4:

Other Body Parts:

Please check unit to be filed on ( check only one box )

[✓] ADJ [ ] DEU [ ] SIF [ ] UEF [ ] INT [ ] RSU

Companion Cases

[ ] Specific Injury

Case Number 2 [ ] Cumulative Injury (Start Date: MM/DD/YYYY) (End Date: MM/DD/YYYY)

(If Specific Injury, use the start date as the specific date of injury)

Body Part 1: Body Part 3:

Body Part 2: Body Part 4:

Other Body Parts:

FROM:State Fund TO:6466099 05/18/2016 07:20:19 #27750 P.002/015

Page 2 of 15 received on 5/18/2016 7:21:29 AM [Pacific Daylight Time] on server VLTELRFPFAX2 from 707 586 4854.

# DOCUMENT SEPARATOR SHEET

Product Delivery Unit: ADJ

Document Type: LEGAL DOCS

Document Title: APPLICATION FOR ADJUDICATION

Document Date: 05/12/2015
MM/DD/YYYY

Author: ROBERT JOHNSON SAN JUAN CAPISTRANO

Office Use Only

Received Date: ________
MM/DD/YYYY

DWC-CA form 10232.2 Rev. 9/2014 Page 1

# PROOF OF SERVICE

**STATE OF CALIFORNIA)**
**COUNTY OF ORANGE)**

I am a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1750 E. Fourth Street, 5th Floor, Santa Ana, CA 92705-3930.

On the date executed below, I served the within

**Declaration of Matthew R. Day in Support of Demurrer to Plaintiffs' Complaint**

on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope, addressed as stated on attached service list:

[√] **(BY MAIL)** I served the above-described documents by:

[√] Depositing the above-described documents enclosed in envelopes(s) sealed, or to be sealed for collection and mailing following ordinary course of business. I am readily familiar with our State Compensation Insurance Fund's practice of collection and processing correspondence for mailing with the United States Postal Service, which causes it to be sealed and deposited with said Postal Service with the postage prepaid the same day it is mailed or placed for collection and processing.

| | |
|---|---|
| Robert G. Johnson, Jr.<br>Robert Grey Johnson Law<br>27136 Paseo Espada, Suite B-1123<br>San Juan Capistrano, CA 92675<br>Tel: 949-234-1100 ext. 15<br>Fax: 949-234-1101<br>**Attorneys for Plaintiffs, Eric and Kerri Cisney** | Linda B. Oliver<br>Maynard, Cooper & Gale, LLP<br>600 Montgomery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-646-4700<br>Fax: 205-714-6450<br>**Attorneys for Metropolitan Property and Casualty Insurance** |

I declare, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 17, 2017 at Santa Ana, California.

Christine G. San Luis, Declarant

MATTHEW R. DAY, Staff Counsel SBN250945
GINA MARIA S. ONG, Assistant Chief Counsel SBN204137
STATE COMPENSATION INSURANCE FUND
1750 East Fourth Street, 5th Floor
Santa Ana, California 92705-3930
Telephone: (714) 667-7413
Facsimile: (714) 347-6145

Attorneys for Defendant
STATE COMPENSATION INSURANCE FUND
A Public Enterprise Fund and
Independent Agency of the State of California

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JAN 18 2017
H.CARVER

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| ERIC CISNEY, an individual; KERRI CISNEY, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Delaware Corporation; STATE COMPENSATION INSURANCE FUND, a California Corporation; JESUS ROSALES, an individual; and DOES 1-50, Inclusive<br><br>Defendants. | Case No. PSC 1604367<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFFS' COMPLAINT**<br><br>Assigned to Hon. David M. Chapman for all purposes<br><br>DATE: February 16, 2017<br>TIME: 8:30 a.m.<br>PLACE: Department PS2 |

Defendant, State Compensation Insurance Fund ("State Fund") A Public Enterprise Fund and Independent Agency of the State of California (erroneously sued as a California Corporation) requests the Court take judicial notice of the following documents pursuant to California Evidence Code sections 451 and/or 452:

1. Complaint including exhibits in Riverside County Superior Court Case No. PSC 1604367. A true and correct copy will be provided upon request.

2. Application for Adjudication of Claim filed by Robert Johnson on behalf of Eric Cisney before the Santa Ana Workers' Compensation Appeals Board Case No. ADJ 1045865. A true and

correct copy of the Application for Adjudication of Claim is attached to the declaration of Matthew R. Day, filed concurrently.

3. Declaration of Readiness to Proceed filed by Robert Johnson on behalf of Eric Cisney before the Riverside Workers' Compensation Appeals Board Case No. ADJ 1045865. A true and correct copy of the Declaration of Readiness is attached to the declaration of Matthew R. Day, filed concurrently.

4. Cases, Statutes and Other Authorities cited in the table of contents and the memorandum of points and authorities in support of the demurrer.

Dated: January 17, 2017

STATE COMPENSATION INSURANCE FUND

By [signature]

Matthew R. Day
Attorneys for Defendant
STATE COMPENSATION INSURANCE FUND

**PROOF OF SERVICE**

**STATE OF CALIFORNIA)**
**COUNTY OF ORANGE)**

I am a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1750 E. Fourth Street, 5th Floor, Santa Ana, CA 92705-3930.

On the date executed below, I served the within

**Request for Judicial Notice in Support of Demurrer to Plaintiffs' Complaint**

on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope, addressed as stated on attached service list:

[√] **(BY MAIL)** I served the above-described documents by:

[√] Depositing the above-described documents enclosed in envelopes(s) sealed, or to be sealed for collection and mailing following ordinary course of business. I am readily familiar with our State Compensation Insurance Fund's practice of collection and processing correspondence for mailing with the United States Postal Service, which causes it to be sealed and deposited with said Postal Service with the postage prepaid the same day it is mailed or placed for collection and processing.

| | |
|---|---|
| Robert G. Johnson, Jr.<br>Robert Grey Johnson Law<br>27136 Paseo Espada, Suite B-1123<br>San Juan Capistrano, CA 92675<br>Tel: 949-234-1100 ext. 15<br>Fax: 949-234-1101<br>**Attorneys for Plaintiffs, Eric and Kerri Cisney** | Linda B. Oliver<br>Maynard, Cooper & Gale, LLP<br>600 Montgomery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-646-4700<br>Fax: 205-714-6450<br>**Attorneys for Metropolitan Property and Casualty Insurance** |

I declare, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 17, 2017 at Santa Ana, California.

Christine G. San Luis, Declarant

ORIGINAL

BY FAX

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 64248
NAME: Robert G. Johnson, Jr.
FIRM NAME: Law Offices of Robert G. Johnson, Jr.
STREET ADDRESS: 41391 Kalmia Street, Ste 210
CITY: Murrieta STATE: CA ZIP CODE: 92562
TELEPHONE NO.: (951) 667-1700 FAX NO.: (951) 461-7700
E-MAIL ADDRESS:
ATTORNEY FOR (Name): Eric Cisney

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
FEB 09 2017
B. Shelton

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: ~~4050 Main Street~~
MAILING ADDRESS: ~~4050 Main Street~~
CITY AND ZIP CODE: ~~Riverside 92501~~
BRANCH NAME: ~~Riverside Historic Courthouse~~

SUPERIOR COURT OF CALIFORNIA
3255 E. TAHQUITZ CANYON WAY
PALM SPRINGS, CA 92262

Plaintiff/Petitioner: Eric Cisney
Defendant/Respondent: Metropolitan Property & Casualty Insurance Co., et al.

FEB 10 2017

**REQUEST FOR DISMISSAL**

CASE NUMBER: PSC 1604367

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [ ] With prejudice (2) [X] Without prejudice
   b. (1) [ ] Complaint (2) [ ] Petition
   (3) [ ] Cross-complaint filed by *(name):* on *(date):*
   (4) [ ] Cross-complaint filed by *(name):* on *(date):*
   (5) [ ] Entire action of all parties and all causes of action
   (6) [X] Other *(specify):** All causes of action against defendant State Compensation Insurance Fund
2. *(Complete in all cases except family law cases.)*
   The court [ ] did [X] did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: 2/9/2017
Robert G. Johnson, Jr.
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY) (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[X] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY) (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross Complainant

*(To be completed by clerk)*

4. [X] Dismissal entered as requested on *(date):* FEB 0 9 2017
5. [ ] Dismissal entered on *(date):* as to only *(name):*
6. [ ] Dismissal **not entered** as requested for the following reasons *(specify):*
7. a. [ ] Attorney or party without attorney notified on *(date):*
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
   [ ] a copy to be conformed [ ] means to return conformed copy

Date: FEB 0 9 2017 Clerk, by __________, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

**PROOF OF SERVICE**

*Cisney v. Metropolitan Property, et al.*
*Case No.:PSC1604367*

I am employed in the County of Orange, State of California, and I am over eighteen (18) years of age and am not a party to the within action; my business address is 41391 Kalmia Street, Suite 210, Murrieta, California 92562. I am familiar with the practice at my place of business for collection and processing of correspondence. On **February 9, 2017**, I caused a true and correct copy of the following document(s) described as: **REQUEST FOR DISMISSAL,** to be served in this action upon the person(s) addressed as follows, and by the method indicated below.

[ ] **BY U.S. MAIL:** I caused such envelope with postage thereon fully prepared to be placed in the United States mail at Murrieta, California. I am "readily familiar" with the firm's practice of collecting and processing mail. It is deposited with the US Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, services is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE TRANSMISSION:** I caused such document(s) to be transmitted to the addressee(s) via facsimile to Liberty Mutual Insurance Company. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as completed and without error.

[ ] **BY FACSIMILE TRANSMISSION or ELECTRONIC SERVICE:** Based upon an agreement of the parties to accept service by facsimile transmission or email, or by application of Rules of Court, Rule 2.251(b)(1)(B), I caused such document(s) to be transmitted to the addressee(s) via facsimile or email address as provided by counsel on the attached service list. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as completed and without error.

[**XX**] **BY EXPRESS SERVICE CARRIER:** I deposited in a box or other facility regularly maintained by an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents a copy of the above-referenced document, together with an unsigned copy of this declaration, in an envelope designated by the said express service carrier, with delivery fees paid or provided for, addressed to the above-referenced parties.

[XX] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on **February 9, 2017** at Murrieta, California.

Linda Leone

**PROOF OF SERVICE**

| | |
|---|---|
| Linda B. Oliver, Esq.<br>Maynard, Cooper & Gale, LLP<br>600 Montgomery Street, Suite 2600<br>San Francisco, CA 94111 | *Attorneys for Defendant,* Metropolitan Property and Casualty Insurance Company |
| Matthew Day, Esq.<br>State Compensation Insurance Fund<br>1750 East Fourth Street, 5th Floor<br>Santa Ana, CA 92705 | *Attorneys for Defendant,* State Compensation Insurance Fund |
| Michael Portigal, Esq.<br>Law Offices of Vivian L. Schwartz<br>Inland Empire Branch Legal Office<br>560 E. Hospitality Lane, Ste 460<br>San Bernardino, CA 92408 | *Attorney for Defendant,* Jesus Rosales |

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 09 2017

H.CARVER

MATTHEW R. DAY, Staff Counsel SBN250945
GINA MARIA S. ONG, Assistant Chief Counsel SBN204137
STATE COMPENSATION INSURANCE FUND
1750 East Fourth Street, 5th Floor
Santa Ana, California 92705-3930
Telephone: (714) 667-7413
Facsimile: (714) 347-6145

Attorneys for Defendant
STATE COMPENSATION INSURANCE FUND
A Public Enterprise Fund and
Independent Agency of the State of California

"BY FAX"

FEB 10 2017

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| ERIC CISNEY, an individual; KERRI CISNEY, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Delaware Corporation; STATE COMPENSATION INSURANCE FUND, a California Corporation; JESUS ROSALES, an individual; and DOES 1-50, Inclusive<br><br>Defendants. | Case No. PSC 1604367<br><br>**STATE COMPENSATION INSURANCE FUND'S REPLY TO NONOPPOSITION**<br><br>Assigned to Hon. David M. Chapman for all purposes<br><br>DATE: February_16, 2017<br>TIME: 8:30 a.m.<br>PLACE: Department PS2 |

STATE COMPENSATION INSURANCE FUND ("State Fund") files this Reply to the Nonopposition to its Demurrer to the Complaint of Plaintiffs Eric Cisney and Kerri Cisney (collectively thereafter "Plaintiffs"). Plaintiffs did serve a dismissal of State Fund for certain causes of action, however, State Fund has not been dismissed from two causes of action, Tortious Breach of the Duty of Good Faith and Fair Dealing and Declaratory Relief. As causes of action are still pending against State Fund, the Demurrer is still proper.

Pursuant to California Code of Civil Procedure § 1005(b) "[a]ll papers opposing a motion so noticed shall be filed with the court and a copy served on each party at least nine court days, and all reply papers at least five court days before the hearing." (Cal. Code Civ. Proc. § 1005(b).)

Due to a court holiday on February 13, 2017 for President's Day, any opposition would have had to be filed and served on or before Friday, February 3, 2017. (Declaration of Matthew R. Day ¶ 3.) As of the date of the filing of this Reply, State Fund has not received any opposition to the demurrer. (Decl. of Day ¶ 4.)

Plaintiffs have not offered any authority, as required during the meet and confer process, or in opposition to the demurrer, as to why the two remaining causes of action are proper against State Fund.

State Fund renews its request that the demurrer be sustained without leave to amend as the WCAB is the exclusive and proper venue to handle these issues. Further, State Fund renews its request for sanctions against Plaintiffs.

Date: February 9, 2017

STATE COMPENSATION INSURANCE FUND

By ______________________
Matthew R. Day[
Attorneys for Defendant
STATE COMPENSATION INSURANCE FUND

**PROOF OF SERVICE**

**ERIC CISNEY and KERRI CISNEY v. METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, et al.**

**Case No. PSC 1604367**

**STATE OF CALIFORNIA**
**COUNTY OF RIVERSIDE**

I am over the age of eighteen years and not a party to the within entitled action; my business address is 1750 E. Fourth Street, 5th Floor, Santa Ana, CA 92705-3930.

On the date executed below, I served the within

**STATE COMPENSATION INSURANCE FUND'S REPLY TO NONOPPOSITION**

on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope, addressed as stated on attached service list:

[√] **(Overnight Delivery)** I served the above-described documents by:

[√] Depositing the above-described documents enclosed in envelopes(s) or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

| | |
|---|---|
| Robert G. Johnson, Jr.<br>Law Offices of Robert G. Johnson, Jr<br>41391 Kalmia Street Suite 210<br>Murrieta, CA 92562<br>Tel: 951-667-1700<br>Fax: 951-461-7700<br>**Attorneys for Plaintiffs, Eric and Kerri Cisney** | Linda B. Oliver<br>Maynard, Cooper & Gale, LLP<br>600 Montgomery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-646-4700<br>Fax: 205-714-6450<br>**Attorneys for Metropolitan Property and Casualty Insurance** |
| Michael Portigal<br>Law Offices of Vivian L. Schwartz<br>Inland Empire Branch Legal Office<br>560 E. Hospitality Lane, Ste 460<br>San Bernardino, CA 92408<br>**Attorneys for Jesus Rosales** | |

I declare, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 8, 2017 at Santa Ana, California.

[signature]

Ligaya K. Adolfo, Declarant

MATTHEW R. DAY, Staff Counsel SBN250945
GINA MARIA S. ONG, Assistant Chief Counsel SBN204137
STATE COMPENSATION INSURANCE FUND
1750 East Fourth Street, 5th Floor
Santa Ana, California 92705-3930
Telephone: (714) 667-7413
Facsimile: (714) 347-6145

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
FEB 09 2017
H.CARVER

Attorneys for Defendant
STATE COMPENSATION INSURANCE FUND
A Public Enterprise Fund and
Independent Agency of the State of California

FEB 10 2017

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

"BY FAX"

| | |
|---|---|
| ERIC CISNEY, an individual; KERRI CISNEY, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Delaware Corporation; STATE COMPENSATION INSURANCE FUND, a California Corporation; JESUS ROSALES, an individual; and DOES 1-50, Inclusive<br><br>Defendants. | Case No. PSC 1604367<br><br>**DECLARATION OF MATTHEW R. DAY IN SUPPORT OF STATE COMPENSATION INSURANCE FUND'S REPLY TO NONOPPOSITION**<br><br>Assigned to Hon. David M. Chapman for all purposes<br><br>DATE: February 16, 2017<br>TIME: 8:30 a.m.<br>PLACE: Department PS2 |

I, Matthew R. Day, declare,

1. I am an attorney licensed to practice in all Courts in the State of California and am counsel of record in the above-caption action for Defendant State Compensation Insurance Fund ("State Fund"). I am currently employed at State Fund. I have personal knowledge of the following facts, and if called as a witness, could and would competently testify thereto.

2. On or about February 2, 2017 State Fund received a dismissal as to four causes of action in the above-captioned matter. The dismissal did not include the causes of action of

Tortious Breach of the Duty of Good Faith and Fair Dealing or Declaratory Relief. A true and correct copy of the dismissal is attached hereto as Exhibit A.

3. Based on my calculation, any opposition papers would have been required to be filed and served no later than February 3, 2017. Monday, February 13, 2017 is a court holiday in observance of President's Day.

4. As of the date of this declaration, State Fund has not received an opposition to its Demurrer to the Plaintiffs' Compliant.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 9 th day of February, 2017 in Santa Ana, California.

Matthew R. Day

# Exhibit A

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 64248 | FOR COURT USE ONLY |
|---|---|
| NAME: Robert G. Johnson, Jr.<br>FIRM NAME: Law Offices of Robert G. Johnson, Jr.<br>STREET ADDRESS: 41391 Kalmia Street, Ste 210<br>CITY: Murrieta STATE: CA ZIP CODE: 92562<br>TELEPHONE NO.: (951) 667-1700 FAX NO.: (951) 461-7700<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name): Eric Cisney | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS: 4050 Main Street<br>CITY AND ZIP CODE: Riverside 92501<br>BRANCH NAME: Riverside Historic Courthouse | |
| Plaintiff/Petitioner: Eric Cisney<br>Defendant/Respondent: Metropolitan Property and Casualty Insurance Co., et al. | |
| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>PSC 1604367 |

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [ ] With prejudice (2) [X] Without prejudice
   b. (1) [ ] Complaint (2) [ ] Petition
   (3) [ ] Cross-complaint filed by *(name)*: on *(date)*:
   (4) [ ] Cross-complaint filed by *(name)*: on *(date)*:
   (5) [ ] Entire action of all parties and all causes of action
   (6) [X] Other *(specify)*:* see attachment (form MC025)
2. *(Complete in all cases except family law cases.)*
   The court [ ] did [X] did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: 1/30/2017
Robert G. Johnson, Jr.
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY) ▶ (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[X] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date: 1/30/2017
Robert G. Johnson, Jr.
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY) ▶ (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[X] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross Complainant

*(To be completed by clerk)*
4. [ ] Dismissal entered as requested on *(date)*:
5. [ ] Dismissal entered on *(date)*: as to only *(name)*:
6. [ ] Dismissal not entered as requested for the following reasons *(specify)*:

7. a. [ ] Attorney or party without attorney notified on *(date)*:
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
   [ ] a copy to be conformed [ ] means to return conformed copy

Date: Clerk, by ____________________, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

REQUEST FOR DISMISSAL

Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Cisney v. Metropolitan Property and Casualty Insurance Co., et al. | PSC 1604367 |

**ATTACHMENT** *(Number)*: 1

*(This Attachment may be used with any Judicial Council form.)*

Please dismiss, without prejudice, the following causes of action as to defendant, State Compensation Insurance Fund, only:

Breach of Contract,
Violation of Business & Professions Code 17200,
Intentional Interference with Prospective Economic Advantage, and
Elder Abuse [Welfare & Institutions Code 15610.30]

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ______ of ______

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

**PROOF OF SERVICE**

**ERIC CISNEY and KERRI CISNEY v. METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, et al.**

**Case No. PSC 1604367**

**STATE OF CALIFORNIA**
**COUNTY OF RIVERSIDE**

I am over the age of eighteen years and not a party to the within entitled action; my business address is 1750 E. Fourth Street, 5th Floor, Santa Ana, CA 92705-3930.

On the date executed below, I served the within

**DECLARATION OF MATTHEW R. DAY IN SUPPORT OF STATE COMPENSATION INSURANCE FUND'S REPLY TO NONOPPOSITION**

on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope, addressed as stated on attached service list:

[√] **(Overnight Delivery)** I served the above-described documents by:

[√] Depositing the above-described documents enclosed in envelopes(s) or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

| | |
|---|---|
| Robert G. Johnson, Jr.<br>Law Offices of Robert G. Johnson, Jr<br>41391 Kalmia Street Suite 210<br>Murrieta, CA 92562<br>Tel: 951-667-1700<br>Fax: 951-461-7700<br>**Attorneys for Plaintiffs, Eric and Kerri Cisney** | Linda B. Oliver<br>Maynard, Cooper & Gale, LLP<br>600 Montgomery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-646-4700<br>Fax: 205-714-6450<br>**Attorneys for Metropolitan Property and Casualty Insurance** |
| Michael Portigal<br>Law Offices of Vivian L. Schwartz<br>Inland Empire Branch Legal Office<br>560 E. Hospitality Lane, Ste 460<br>San Bernardino, CA 92408<br>**Attorneys for Jesus Rosales** | |

I declare, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 8, 2017 at Santa Ana, California.

[signature]

Ligaya K. Adolfo, Declarant

FEB 0 2 2017

ORIGINAL

Robert G. Johnson, Jr. (SBN 64248)
Robert K. Rankin (SBN 298437)
Law Offices of Robert G. Johnson, Jr.
41391 Kalmia Street, Ste 210
Murrieta, CA 92562
Telephone (951) 667-1700 Facsimile (951) 461-7700

Attorneys for Plaintiff, Eric Cisney

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
FEB 15 2017
H.CARVER

JGW
FEB 16 2017

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| ERIC CISNEY and KERRI CISNEY,<br>Plaintiffs,<br>v.<br>METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY; STATE COMPENSATION INSURANCE FUND; JESUS ROSALES, and DOES 1-50, inclusive,<br>Defendant(s). | Case No. PSC 1604367<br><br>**NOTICE OF CHANGE OF FIRM ADDRESS** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that effective January 30, 2017, the Law Offices of Robert G. Johnson, Jr. will change the firm address and contact information as follows:

Law Offices of Robert G. Johnson, Jr.
41391 Kalmia Street, Suite 210
Murrieta, California 92562
Telephone: (951) 667-1700
Facsimile: (951) 461-7700

Please note your records accordingly.

Dated: January 30, 2017

Law Offices of Robert G. Johnson, Jr.

Robert G. Johnson, Jr.
Robert K. Rankin
*Attorneys for Plaintiffs,*
Eric Cisney and Kerri Cisney

**PROOF OF SERVICE**

*Cisney v. Metropolitan Property, et al.*
*Case No.:PSC1604367*

I am employed in the County of Orange, State of California, and I am over eighteen (18) years of age and am not a party to the within action; my business address is 41391 Kalmia Street, Suite 210, Murrieta, California 92562. I am familiar with the practice at my place of business for collection and processing of correspondence. On **January 30, 2017**, I caused a true and correct copy of the following document(s) described as: **NOTICE OF CHANGE OF ADDRESS,** to be served in this action upon the person(s) addressed as follows, and by the method indicated below.

[XX] **BY U.S. MAIL:** I caused such envelope with postage thereon fully prepared to be placed in the United States mail at Murrieta, California. I am "readily familiar" with the firm's practice of collecting and processing mail. It is deposited with the US Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, services is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE TRANSMISSION:** I caused such document(s) to be transmitted to the addressee(s) via facsimile to Liberty Mutual Insurance Company. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as completed and without error.

[ ] **BY FACSIMILE TRANSMISSION or ELECTRONIC SERVICE:** Based upon an agreement of the parties to accept service by facsimile transmission or email, or by application of Rules of Court, Rule 2.251(b)(1)(B), I caused such document(s) to be transmitted to the addressee(s) via facsimile or email address as provided by counsel on the attached service list. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as completed and without error.

[ ] **BY EXPRESS SERVICE CARRIER**: I deposited in a box or other facility regularly maintained by an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents a copy of the above-referenced document, together with an unsigned copy of this declaration, in an envelope designated by the said express service carrier, with delivery fees paid or provided for, addressed to the above-referenced parties.

[XX] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on **January 30, 2017** at Murrieta, California.

Linda Leone

**PROOF OF SERVICE**

| | |
|---|---|
| Linda B. Oliver, Esq.<br>Maynard, Cooper & Gale, LLP<br>600 Montgomery Street, Suite 2600<br>San Francisco, CA 94111 | *Attorneys for Defendant,* Metropolitan Property and Casualty Insurance Company |
| Matthew Day, Esq.<br>State Compensation Insurance Fund<br>1750 East Fourth Street, 5th Floor<br>Santa Ana, CA 92705 | *Attorneys for Defendant,* State Compensation Insurance Fund |
| Michael Portigal, Esq.<br>Law Offices of Vivian L. Schwartz<br>Inland Empire Branch Legal Office<br>560 E. Hospitality Lane, Ste 460<br>San Bernardino, CA 92408 | *Attorney for Defendant,* Jesus Rosales |

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 64248
NAME: Robert G. Johnson, Jr.
FIRM NAME: Law Offices of Robert G. Johnson, Jr.
STREET ADDRESS: 41391 Kalmia Street, Suite 210
CITY: Murrieta STATE: CA ZIP CODE: 92562
TELEPHONE NO.: (951) 667-1700 FAX NO.: (951) 416-7700
E-MAIL ADDRESS:
ATTORNEY FOR (Name): Eric Cisney

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
FEB 24 2017
M. Allen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME: Riverside Historic Courthouse

Plaintiff/Petitioner: Eric Cisney
Defendant/Respondent: Metropolitan Property & Casualty Insurance Company, et al.

REQUEST FOR DISMISSAL

CASE NUMBER: PSC 1604367

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [x] With prejudice (2) [ ] Without prejudice
   b. (1) [ ] Complaint (2) [ ] Petition
   (3) [ ] Cross-complaint filed by *(name):* on *(date):*
   (4) [ ] Cross-complaint filed by *(name):* on *(date):*
   (5) [ ] Entire action of all parties and all causes of action
   (6) [x] Other *(specify):** All causes of action against Jesus Rosales ONLY

2. *(Complete in all cases except family law cases.)*
   The court [ ] did [x] did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: 2/17/2017
Robert G. Johnson, Jr.
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[x] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

(SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross Complainant

*(To be completed by clerk)*

4. [✓] Dismissal entered as requested on *(date):* FEB 24 2017
5. [ ] Dismissal entered on *(date):* as to only *(name):*
6. [ ] Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. [ ] Attorney or party without attorney notified on *(date):*
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
   [ ] a copy to be conformed [ ] means to return conformed copy

Date: FEB 24 2017 Clerk, by ______________________, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

REQUEST FOR DISMISSAL

Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

Re: CISNEY V. METROPOLITAN PROPERTY
Case Number: PSC1604367

**PROOF OF SERVICE**
**Code of Civil Procedure §§ 1013a, 2015.5**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 560 E. Hospitality Lane, Suite 460 , San Bernardino, CA 92408-3545. On February 21 , 2017, I served the following document(s):

**REQUEST FOR DISMISSAL**

X By placing the document(s) listed above in a sealed envelope, addressed as set forth below, and placing the envelope for collection and mailing in the place designated for such in our offices, following ordinary business practices.

______ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

______ By causing a true copy thereof to be personally delivered to the person(s) at the address(es) set forth below.

______ By electronically serving the document(s) described above via a Court approved File & Serve vendor on those recipients designated on the Transaction Receipt located on the vendor's Website.

______ By electronically serving the document(s) to the electronic mail address set forth below on this date before 5:00 p.m. pursuant to the signed stipulation of the parties and consistent with Code of Civil Procedure section 1010.6(a)(2).

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 21 , 2017, at San Bernardino, California.

Kim Majeske
KIM MAJESKE

Re: CISNEY V. METROPOLITAN PROPERTY
Case Number: PSC1604367

**SERVICE LIST**

Robert G. Johnson, Jr., Esq.
Law Offices of Robert G. Johnson, Jr.
41391 Kalmia Street, Suite 210
Murrieta, CA 92562
Attorney for Plaintiffs, Eric Cisney and Kerri Cisney
Phone: (951) 461-7700
Fax: (951) 667-1700

Matthew Day, Esq.
State Compensation Insurance Fund
1750 East Fourth Street, 5th Floor
Santa Ana, CA 92705

Attorneys for Defendant, State Compensation Insurance Fund

Linda B. Oliver, Esq.
Maynard, Cooper & Gale, LLP
600 Montgomery Street, Suite 2600
San Francisco, CA 94111

Attorneys for Defendant, Metropolitan Property and Casualty Insurance Company

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Robert Grey Johnson, Jr. (SBN #64248)
LAW OFFICES OF ROBERT G. JOHNSON, JR.
41391 Kalmia Street, Ste. 210
Murrieta, CA 92562

TELEPHONE NO.: (951) 667-1700 FAX NO. (Optional): (951)461-7700
E-MAIL ADDRESS (Optional): rjohnson@robertgreyjohnson.com
ATTORNEY FOR (Name): Plaintiffs, Eric Cisney and Kerri Cisney

FOR COURT USE ONLY

FILED
Superior Court of California
County of Riverside
2/28/2017
bmiller
By Fax

Per CRC 3.725
UNTIMELY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 3255 E. Tahquitz Cyn Way
MAILING ADDRESS: Same
CITY AND ZIP CODE: Palm Springs, CA 92262
BRANCH NAME: Palm Springs

PLAINTIFF/PETITIONER: ERIC CISNEY, an individual; KERRI CISNEY, an individual
DEFENDANT/RESPONDENT: METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Delaware Corporation, etc.

# CASE MANAGEMENT STATEMENT

(Check one): [X] UNLIMITED CASE (Amount demanded exceeds $25,000) [ ] LIMITED CASE (Amount demanded is $25,000 or less)

CASE NUMBER: PSC 1604367

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: March 1, 2017 Time: 8:30 a.m. Dept.: PS 2 Div.: Room:

Address of court *(if different from the address above)*:

[X] **Notice of Intent to Appear by Telephone, by** ***(name)***: Robert G. Johnson, Jr.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [X] This statement is submitted by party *(name)*: Plaintiffs, Eric Cisney and Kerri Cisney
   b. [ ] This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: September 2, 2016
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint *(Describe, including causes of action)*:
   Insurance Bad Faith

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Legal Solutions Plus

Cal. Rules of Court, rules 3.720–3.730

CM-110

| PLAINTIFF/PETITIONER: ERIC CISNEY, an individual; KERRI CISNEY, an individual<br>DEFENDANT/RESPONDENT: METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Delaware Corporation, etc. | CASE NUMBER:<br>PSC 1604367 |
|---|---|

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

This claim is for the wrongful denial of the permission to settle the underlying third party personal injury claim against the defendant driver. It also involves the wrongful denial of the obligation of the Plaintiffs' own insurance carrier, Metropolitan Property Casualty Insurance Company to provide underinsured/uninsured benefits.

[ ] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request [X] a jury trial [ ] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. [ ] The trial has been set for *(date):*

b. [X] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. [X] days *(specify number):* Five Days

b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial [X] by the attorney or party listed in the caption [ ] by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. E-mail address:

f. Fax number:

g. Party represented:

[ ] Additional representation is described in Attachment 8.

9. **Preference**

[ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel [X] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: ERIC CISNEY, an individual; KERRI CISNEY, an individual<br>DEFENDANT/RESPONDENT: METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Delaware Corporation, etc. | CASE NUMBER:<br>PSC 1604367 |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | [X] | [X] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date):*<br>[ ] Agreed to complete mediation by *(date):*<br>[ ] Mediation completed on *(date):* |
| (2) Settlement conference | [X] | [X] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date):*<br>[ ] Agreed to complete settlement conference by *(date):*<br>[ ] Settlement conference completed on *(date):* |
| (3) Neutral evaluation | [X] | [X] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date):*<br>[ ] Agreed to complete neutral evaluation by *(date):*<br>[ ] Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | [X] | [X] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date):*<br>[ ] Agreed to complete judicial arbitration by *(date):*<br>[ ] Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date):*<br>[ ] Agreed to complete private arbitration by *(date):*<br>[ ] Private arbitration completed on *(date):* |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date):*<br>[ ] Agreed to complete ADR session by *(date):*<br>[ ] ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: ERIC CISNEY, an individual; KERRI CISNEY, an individual<br>DEFENDANT/RESPONDENT: METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Delaware Corporation, etc. | CASE NUMBER:<br>PSC 1604367 |
|---|---|

11. **Insurance**
   a. [ ] Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: [ ] Yes [ ] No
   c. [ ] Coverage issues will significantly affect resolution of this case *(explain)*:

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   [ ] Bankruptcy [ ] Other *(specify)*:
   Status:

13. **Related cases, consolidation, and coordination**
   a. [ ] There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
   [ ] Additional cases are described in Attachment 13a.
   b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party)*:

14. **Bifurcation**
   [ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

15. **Other motions**
   [ ] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

16. **Discovery**
   a. [ ] The party or parties have completed all discovery.
   b. [X] The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Form & Special Interrogatories to Defendant | March 2017 |
| Plaintiffs | Request for Production & Request for Admissions to Defendant | April 2017 |
| Plaintiffs | Deposition of Defendant | June 2017 |

   c. [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER: ERIC CISNEY, an individual; KERRI CISNEY, an individual<br>DEFENDANT/RESPONDENT: METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Delaware Corporation, etc. | CASE NUMBER:<br>PSC 1604367 |
|---|---|

17. **Economic litigation**

a. [ ] This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. [ ] This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

[ ] The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. [ ] The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 27, 2017

Robert G. Johnson, Jr.
(TYPE OR PRINT NAME)

Robert G. Johnson Jr.
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

[ ] Additional signatures are attached.

**PROOF OF SERVICE**

*Cisney v. Metropolitan Property, et al.*
*Case No.:PSC1604367*

I am employed in the County of Orange, State of California, and I am over eighteen (18) years of age and am not a party to the within action; my business address is 41391 Kalmia Street, Suite 210, Murrieta, California 92562. I am familiar with the practice at my place of business for collection and processing of correspondence. On **February 27, 2017**, I caused a true and correct copy of the following document(s) described as: **CASE MANAGEMENT STATEMENT** to be served in this action upon the person(s) addressed as follows, and by the method indicated below.

[ ] **BY U.S. MAIL:** I caused such envelope with postage thereon fully prepared to be placed in the United States mail at Murrieta, California. I am "readily familiar" with the firm's practice of collecting and processing mail. It is deposited with the US Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, services is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE TRANSMISSION:** I caused such document(s) to be transmitted to the addressee(s) via facsimile to Liberty Mutual Insurance Company. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as completed and without error.

[XX] **BY FACSIMILE TRANSMISSION or ELECTRONIC SERVICE:** Based upon an agreement of the parties to accept service by facsimile transmission or email, or by application of Rules of Court, Rule 2.251(b)(1)(B), I caused such document(s) to be transmitted to the addressee(s) via facsimile or email address as provided by counsel on the attached service list. The facsimile machine I used complied with Rule 2003(3) and the transmission was reported as completed and without error.

[ ] **BY EXPRESS SERVICE CARRIER**: I deposited in a box or other facility regularly maintained by an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents a copy of the above-referenced document, together with an unsigned copy of this declaration, in an envelope designated by the said express service carrier, with delivery fees paid or provided for, addressed to the above-referenced parties.

[XX] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on **February 27, 2017** at Murrieta, California.

Linda Leone

**PROOF OF SERVICE**

| Linda B. Oliver, Esq.<br>Maynard, Cooper & Gale, LLP<br>600 Montgomery Street, Suite 2600<br>San Francisco, CA 94111<br>(415) 646-4703 | *Attorneys for Defendant,* Metropolitan Property and Casualty Insurance Company |
| --- | --- |

2/28/2017 Case 5:17-cv-00959-HNJ Document 1-1 Filed 03/01/17 Page 192 of 196 LexisNexis CourtLink - Dockets & Documents - Case View

LexisNexis® CourtLink®

Switch Client | My Briefcase | Order Runner Documents | Lexis Advance | Lexis.com | Sign Out |
Welcome, Claudia Wu

Single Search - with Terms and Connectors

Enter keywords - Search multiple dockets & documents

Search Info

My CourtLink | Search | Dockets & Documents | Track | Alert | Strategic Profiles | Breaking Complaints | My Account | Court Info

Dockets & Documents - Online Arrived > Case View

Item 3 of 48

Docket Tools

Get Updated Docket
This docket was retrieved from the court on 2/28/2017

Track Docket Activity
CourtLink can alert you when there is new activity in this case

Search for Similar
Start a new search based on the characteristics of this case

Set Alert for Similar Dockets
CourtLink alerts you when there are new cases that match characteristics of this case

[Add to My Briefcase]
[Email this Docket]
[Printer Friendly Format]

Order Runner Documents from our nationwide Document Retrieval Service.
- Or - Call 1.866.540.8818.

Additional resources for cases like this may be found in our LexisNexis Practice Area communities.

Docket

Lexis® Web Search is enabled on this docket

## California Superior Courts

**CA Superior - Riverside**
**(Riverside)**

## psc1604367

## Cisney Vs. Metroplitan Property

**This case was retrieved from the court on Tuesday, February 28, 2017**

Update Now

**Header**

| | |
|---|---|
| **Case Number:** | psc1604367 |
| **Date Filed:** | 09/02/2016 |
| **Date Full Case Retrieved:** | 02/28/2017 |
| **Misc:** | (0) Breach of Contract-Over $25,000 (Palm Springs); (PSC) Palm Springs Civil |

[Summary][Participants][Proceedings][Complaints][Minutes][Pending Hearings]

**Summary**

**No Information is Available for this case**

Back to Top

**Participants**

| Litigant | Attorney |
|---|---|
| Eric Cisney<br>Plaintiff<br>Complaint Number: 0001<br>Status: First Paper Fee Paid | Law Offices of Robert G Johnson, JR<br>41391 Kalmia Street Ste 210<br>Murrieta, CA 92562<br>(951) 667-1700 |
| Kerri Cisney<br>Plaintiff<br>Complaint Number: 0001<br>Status: First Paper Fee Paid | Law Offices of Robert G Johnson, JR<br>41391 Kalmia Street Ste 210<br>Murrieta, CA 92562<br>(951) 667-1700 |
| Metropolitan Property And Casulaty Ins.<br>Defendant<br>Complaint Number: 0001<br>Status: Answer 10/18/2016 | Maynard Cooper & Gale Llp<br>600 Montgomery St #2600<br>San Francisco, CA 94111<br>(415) 646-4700 |
| State Compensationinsurance Fund<br>Defendant<br>Complaint Number: 0001<br>Status: Erroneously Sued/Disposed 01/18/2017 | Unrepresented<br>State Compensationinsurance Fund |
| Jesus Rosales<br>Defendant<br>Complaint Number: 0001<br>Status: Served 10/07/2016 | Unrepresented<br>Rosales, Jesus |

https://courtlink.lexisnexis.com/DocketsAndDocuments/DocsCaseView.aspx?CrumbPage=DDArrived&CrumbText=Online+Arrived&SearchID=295097588 1/5

State Compensationinsurance Fund
Defendant
Complaint Number: 0001
Status: Dismissed 02/09/2017

State Compensationinsurance Fund
1750 East Fourth Street 5th Floor
Santa Ana, CA 92705
(714) 347-6142

Back to Top

**Complaints**

| Nbr | Type | Date Filed | Status |
|---|---|---|---|
| 1 | CMP Complaint of ERIC CISNEY | 09/02/2016 | Active |

Back to Top

**Minutes**

| Type | Details |
|---|---|
| Reference Action | Notice of Case Assigned to Department Ps2. (Palm Springs)<br>09/02/2016 |
| Reference Action | Complaint Filed Fast Track. (Palm Springs)<br>09/02/2016 |
| Reference Action | Non-Proof of Service Hearing Set For 11/01/16 at 8:30 in Dept Clkp<br>09/02/2016 |
| Reference Action | First Appearance Fee Paid by Eric Cisney, Kerri Cisney<br>09/02/2016<br>Receipt: 160902-0116 $450.00 160902-0116-CK Reference Number 441495 |
| Reference Action | Certificate of Counsel Filed. The Zip Code is 92274.<br>09/02/2016 |
| Reference Action | Summons Issued on Complaint Filed 09/02/2016 of Eric Cisney And Filed.<br>09/02/2016 |
| Reference Action | First Appearance Fee Paid by Metropolitan Property And Casulaty Ins.<br>10/18/2016<br>Receipt: 161018-0121 $450.00 161018-0121-CK Reference Number 109476 |
| Reference Action | Answer to Complaint Filed 09/02/2016 of Eric Cisney by Metropolitan Property And Casulaty Ins. Represented by Maynard Cooper & Gale Llp Filed. (Over $25,000.00)<br>10/18/2016 |
| Reference Action | Non-Proof of Service Clerk's Tracking Hearing (Non-Appearance)<br>11/01/2016 8:30 AM<br>Dept. Clkp |
| Reference Action | Npscth Hearing Set For 11/01/16 at 08:30 is Vacated -For The Reason: Failure to File Proof of Service on All Parties<br>11/02/2016 |
| Reference Action | System Generated Notice Re: Osc Why Sanction Should Not be Imposed.<br>11/02/2016 |
| Reference Action | Notice And Acknowledgement of Receipt of Summons And Complaint Filed 09/02/2016 of Eric Cisney as to Metropolitan Property And Casulaty Ins. With Receipt Date of 11/16/16<br>11/18/2016 |
| Reference Action | Proof of Service on The Complaint Filed 09/02/2016 of Eric Cisney Served on Jesus Rosales With Service Date of 10/07/16 Filed. (Personal Service)<br>11/21/2016 |
| Reference Action | Proof of Service on The Complaint Filed 09/02/2016 of Eric Cisney Served on State Compensationinsurance Fund With Service Date of 11/22/16 Filed.(Personal Service)<br>11/29/2016 |
| Reference Action | Eric Cisney/Law Offices of Robert G. Johnson Jr. is Ordered to Appear And Show Cause, if Any, Why Sanctions Not to Exceed $1500.00 or Dismissal Should Not be Imposed For Failure to File Failure to File Proof of Service on All Parties.<br>12/02/2016 8:30 AM<br>Dept. Ps2 |
| Reference Action | Court Reporter Hearing Fee For One Hour or Less Paid by State Compensation Insurance Fund in The Amount of $30.00; For Hearing Reserved For Motion For Demurrer on 02/16/2017.<br>01/17/2017 |
| Reference Action | On-Line Motion Reserved on Behalf of State Compensation Insurance Fund.<br>01/17/2017 |
| Reference Action | Hearing Reserved For Demurrer on 02/16/17 at 8:30 in Department Ps2 - Res64044.<br>01/17/2017 |
| Reference Action | First Appearance Fee Paid by State Compensationinsurance Fund (On-Line Reservation).<br>01/17/2017 |
| Reference Action | Court Reporter Fee (Under One Hour) Paid by State Compensation Insurance Fund For Hearing 02/16/17.<br>01/18/2017 |

Receipt: 170118-0111 $30.00 170118-0111-OR Reference Number 8921

Reference Action First Paper Fee Paid as to State Compensationinsurance Fund (On-Line Reservation).

01/18/2017

Receipt: 170118-0110 $450.00 170118-0110-OR Reference Number 8921

Reference Action State Compensationinsurance Fund Erroneously Sued as State Compensationinsurance Fund

01/18/2017

Reference Action Demurrer to Complaint Filed 09/02/2016 of Eric Cisney by State Compensationinsurance Fund Represented by State Compensationinsurance Fund Filed.

01/18/2017

Receipt: 170118-0123 $450.00 170118-0123-RP Reference Number 8921

Reference Action Court Reporter Fee (Under One Hour) Paid by State Compensation Insurance Fund For Hearing 02/16/17.

01/18/2017

Receipt: 170118-0124 $30.00 170118-0124-RP Reference Number 8921

Reference Action Hearing on Demurrer Set For 2/16/17 at 8:30 in Dept Ps2

01/18/2017

Reference Action Filed: Points And Authorities in Support of Demurrer to Plaintiffs Complaint

01/18/2017

Reference Action Notice of Demurrer to Plaintiffs Complaint by State Compensationinsurance Fund Filed.

01/18/2017

Reference Action Declaration of Matthew R Day in Support of Demurrer to Complaint Filed

01/18/2017

Reference Action Request For Judicial Notice Filed by State Compensationinsurance Fund.

01/18/2017

Reference Action Motion Hearing Reservation Re: Motion For Demurrer Set For 02/16/17 at 08:30 is Confirmed.

01/18/2017

Reference Action Returned Document: Notice of Change of Address Submitted by Eric Cisney.

02/08/2017

Reference Action Request For Dismissal on Complaint Filed 09/02/2016 of Eric Cisney as to Defendant State Compensationinsurance Fund Filed Without Prejudice.

02/09/2017

Reference Action Hde Hearing Set For 02/16/17 at 08:30 is Vacated -For The Reason: Party Dismissed

02/09/2017

Reference Action Reply to Nonopposition by State Compensationinsurance Fund Filed

02/09/2017

Reference Action Declaration of Matthew R Day in Support of State Compensation Insurance Funds Reply to Nonopposition Filed

02/09/2017

Reference Action On Complaint Filed 09/02/2016 of Eric Cisney as to Eric Cisney, Kerri Cisney Change Attorney Law Offices of Robert G. Johnson Jr. to Attorney Law Offices of Robert G Johnson, Jr.

02/15/2017

Reference Action Notice of Change of Address of Plaintiffs Attorney Filed (Address Previously Changed on System)

02/15/2017

Reference Action Hearing Re: Demurrer to Complaint Filed 09/02/2016 of Eric Cisney by State Compensationinsurance Fund

02/16/2017 8:30 AM

Dept. Ps2

Reference Action Hearing Reserved For Demurrer on Motion For Demurrer - Res64044.

02/16/2017 8:30 AM

Dept. Ps2

Reference Action Request For Dismissal (Other) All Causes of Action as to Jesus Rosales Filed.

02/24/2017

Reference Action Fax Filing by Eric Cisney, Kerri Cisney ($2.00 Per Page).

02/28/2017

Receipt: 170228-0051 $14.00 170228-0051-MC Reference Number 7363

Reference Action *Case Management Statement by Eric Cisney, Kerri Cisney Filed Untimely Pursuant to Crc 3.725.

02/28/2017

Reference Action Case Management Conference Hearing

03/01/2017 8:30 AM

Dept. Ps2

Back to Top

**Pending Hearings**

| Date | Department | Description |
|---|---|---|
| 03/01/2017 8:30 AM | Dept. Ps2 | Case Management Conference Hearing |

Back to Top

**Documents**

Retrieve Document(s)

Items 1 to 43 of 43

| Availability | Nbr | Date | Details | Disposition | Department |
|---|---|---|---|---|---|
| Free | 1 | 09/02/2016 | Notice of Case Assigned to Department Ps2. (Palm Springs) | | |
| Free | 2 | 09/02/2016 | Complaint Filed Fast Track. (Palm Springs) | Disposition: Not Applicable | |
| Runner | 3 | 09/02/2016 | Non-Proof of Service Hearing Set For 11/01/16 at 8:30 in Dept Clkp | | |
| Runner | 4 | 09/02/2016 | First Appearance Fee Paid by Eric Cisney, Kerri Cisney | Disposition: Not Applicable | |
| Free | 5 | 09/02/2016 | Certificate of Counsel Filed. The Zip Code is 92274. | Disposition: Not Applicable | |
| Free | 6 | 09/02/2016 | Summons Issued on Complaint Filed 09/02/2016 of Eric Cisney And Filed. | Disposition: Not Applicable | |
| Runner | 7 | 10/18/2016 | First Appearance Fee Paid by Metropolitan Property And Casulaty Ins. | Disposition: Not Applicable | |
| Free | 8 | 10/18/2016 | Answer to Complaint Filed 09/02/2016 of Eric Cisney by Metropolitan Property And Casulaty Ins. Represented by Maynard Cooper & Gale Llp Filed. (Over $25,000.00) | Disposition: Not Applicable | |
| Runner | 9 | 11/01/2016 8:30 AM | Non-Proof of Service Clerk's Tracking Hearing (Non-Appearance) | Disposition: Vacated | Department: Dept. Clkp |
| Runner | 10 | 11/02/2016 | Npscth Hearing Set For 11/01/16 at 08:30 is Vacated -For The Reason: Failure to File Proof of Service on All Parties | Disposition: Not Applicable | |
| Free | 11 | 11/02/2016 | System Generated Notice Re: Osc Why Sanction Should Not be Imposed. | Disposition: Not Applicable | |
| Free | 12 | 11/18/2016 | Notice And Acknowledgement of Receipt of Summons And Complaint Filed 09/02/2016 of Eric Cisney as to Metropolitan Property And Casulaty Ins. With Receipt Date of 11/16/16 | Disposition: Not Applicable | |
| Free | 13 | 11/21/2016 | Proof of Service on The Complaint Filed 09/02/2016 of Eric Cisney Served on Jesus Rosales With Service Date of 10/07/16 Filed.(Personal Service) | Disposition: Not Applicable | |
| Free | 14 | 11/29/2016 | Proof of Service on The Complaint Filed 09/02/2016 of Eric Cisney Served on State Compensationinsurance Fund With Service Date of 11/22/16 Filed.(Personal Service) | Disposition: Not Applicable | |
| Runner | 15 | 12/02/2016 8:30 AM | Eric Cisney/Law Offices of Robert G. Johnson Jr. is Ordered to Appear And Show Cause, if Any, Why Sanctions Not to Exceed $1500.00 or Dismissal Should Not be Imposed For Failure to File Failure to File Proof of Service on All Parties. | Disposition: Vacated | Department: Dept. Ps2 |
| Runner | 16 | 01/17/2017 | Court Reporter Hearing Fee For One Hour or Less Paid by State Compensation Insurance Fund in The Amount of $30.00; For Hearing Reserved For Motion For Demurrer on 02/16/2017. | | |
| Runner | 17 | 01/17/2017 | On-Line Motion Reserved on Behalf of State Compensation Insurance Fund. | | |
| Runner | 18 | 01/17/2017 | Hearing Reserved For Demurrer on 02/16/17 at 8:30 in Department Ps2 - Res64044. | | |
| Runner | 19 | 01/17/2017 | First Appearance Fee Paid by State Compensationinsurance Fund (On-Line Reservation). | | |
| Runner | 20 | 01/18/2017 | Court Reporter Fee (Under One Hour) Paid by State Compensation Insurance Fund For Hearing 02/16/17. | Disposition: Not Applicable | |
| Runner | 21 | 01/18/2017 | First Paper Fee Paid as to State Compensationinsurance Fund (On-Line Reservation). | Disposition: Not Applicable | |
| Runner | 22 | 01/18/2017 | State Compensationinsurance Fund Erroneously Sued as State Compensationinsurance Fund | Disposition: Not Applicable | |
| Free | 23 | 01/18/2017 | Demurrer to Complaint Filed 09/02/2016 of Eric Cisney by State Compensationinsurance Fund Represented by State Compensationinsurance Fund Filed. | Disposition: Not Applicable | |
| Runner | 24 | 01/18/2017 | Court Reporter Fee (Under One Hour) Paid by State Compensation Insurance Fund For Hearing 02/16/17. | Disposition: Not Applicable | |
| Runner | 25 | 01/18/2017 | Hearing on Demurrer Set For 2/16/17 at 8:30 in Dept Ps2 | | |
| Free | 26 | 01/18/2017 | Filed: Points And Authorities in Support of Demurrer to Plaintiffs Complaint | Disposition: Not Applicable | |
| Free | 27 | 01/18/2017 | Notice of Demurrer to Plaintiffs Complaint by State Compensationinsurance Fund Filed. | Disposition: Not Applicable | |
| Free | 28 | 01/18/2017 | Declaration of Matthew R Day in Support of Demurrer to Complaint Filed | Disposition: Not Applicable | |
| Free | 29 | 01/18/2017 | Request For Judicial Notice Filed by State Compensationinsurance Fund. | Disposition: Not Applicable | |
| Runner | 30 | 01/18/2017 | Motion Hearing Reservation Re: Motion For Demurrer Set For 02/16/17 at 08:30 is Confirmed. | Disposition: Not Applicable | |
| Runner | 31 | 02/08/2017 | Returned Document: Notice of Change of Address Submitted by Eric Cisney. | Disposition: Not Applicable | |
| Free | 32 | 02/09/2017 | Request For Dismissal on Complaint Filed 09/02/2016 of Eric Cisney as to Defendant State Compensationinsurance Fund Filed Without Prejudice. | Disposition: Not Applicable | |
| Runner | 33 | 02/09/2017 | Hde Hearing Set For 02/16/17 at 08:30 is Vacated -For The Reason: Party Dismissed | Disposition: Not Applicable | |
| Free | 34 | 02/09/2017 | Reply to Nonopposition by State Compensationinsurance Fund Filed | Disposition: Not Applicable | |

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ | Free | 35 | 02/09/2017 | Declaration of Matthew R Day in Support of State Compensation Insurance Funds Reply to Nonopposition Filed | Disposition: Not Applicable | |
| ☐ | Runner | 36 | 02/15/2017 | On Complaint Filed 09/02/2016 of Eric Cisney as to Eric Cisney, Kerri Cisney Change Attorney Law Offices of Robert G. Johnson Jr. to Attorney Law Offices of Robert G Johnson, Jr. | Disposition: Not Applicable | |
| ☐ | Free | 37 | 02/15/2017 | Notice of Change of Address of Plaintiffs Attorney Filed (Address Previously Changed on System) | Disposition: Not Applicable | |
| ☐ | Runner | 38 | 02/16/2017 8:30 AM | Hearing Re: Demurrer to Complaint Filed 09/02/2016 of Eric Cisney by State Compensationinsurance Fund | Disposition: Vacated | Department: Dept. Ps2 |
| ☐ | Runner | 39 | 02/16/2017 8:30 AM | Hearing Reserved For Demurrer on Motion For Demurrer - Res64044. | Disposition: Calendared (Reservation Hearings) | Department: Dept. Ps2 |
| ☐ | Free | 40 | 02/24/2017 | Request For Dismissal (Other) All Causes of Action as to Jesus Rosales Filed. | Disposition: Not Applicable | |
| ☐ | Runner | 41 | 02/28/2017 | Fax Filing by Eric Cisney, Kerri Cisney ($2.00 Per Page). | Disposition: Not Applicable | |
| ☐ | Free | 42 | 02/28/2017 | *Case Management Statement by Eric Cisney, Kerri Cisney Filed Untimely Pursuant to Crc 3.725. | Disposition: Not Applicable | |
| ☐ | Runner | 43 | 03/01/2017 8:30 AM | Case Management Conference Hearing | | Department: Dept. Ps2 |

**Items 1 to 43 of 43**

**Retrieve Document(s)**

LexisNexis | About LexisNexis | Terms & Conditions | Pricing | Privacy | Customer Support - 1-888-311-1966 | Copyright © 2017 LexisNexis®. All rights reserved.