LINDA B. OLIVER (SBN 166720)
loliver@maynardcooper.com
MAYNARD, COOPER & GALE, LLP
600 Montgomery Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 646-4700
Facsimile:  (205) 254-1999

Attorney for Defendant
METROPOLITAN PROPERTY and
CASUALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CISNEY, KERRI CISNEY, | ) Case No. 5:17-cv-0389 JGB (DTBx) |
| Plaintiffs, | ) Hon. Jesus G. Bernal |
| v. | ) **NOTICE OF MOTION AND MOTION** ) **BY DEFENDANT TO TRANSFER** |
| METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY, a Rhode Island corporation, | ) **Date: June 5, 2017** ) **Time: 9:00 a.m.** ) **Courtroom: 1** |
| Defendant. | ) |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 5, 2017, or as soon thereafter as the matter may be heard, in Courtroom 1 of the United States District Court, Central District of California, located at 3470 Twelfth Street Riverside, CA 92501-3801, Defendant Metropolitan Property and Casualty Insurance Company ("Met P&C"), by

- 1 -
NOTICE OF MOTION AND MOTION BY DEFENDANT TO TRANSFER

1  and through its undersigned counsel, will hereby move to transfer this litigation to the

2  United States District Court for the Northern District of Alabama.

3      Met P&C's motion is made on the ground that a substantially similar matter

4  involving the same parties, and same issues, was first-filed in the United States

5  District Court for the Northern District of Alabama.  Accordingly, as a matter of

6  judicial economy, and pursuant to the first-filed rule, this litigation should be

7  transferred. Met P&C met and conferred with Plaintiffs several times on this issue,

8  beginning on March 28, 2017, and were unable to reach a resolution.  Met P&C's

9  motion is based on this Notice of Motion, the attached Memorandum of Points and

10  Authorities, the attached Declaration of Linda Oliver, all pleadings and papers on

11  files herein, and on any such further evidence or argument as may be presented at or

12  before the hearing on the Motion.

13  Dated: April 25, 2017          MAYNARD, COOPER & GALE

14

15                         By:*/s/ Linda B. Oliver*
                               Linda B. Oliver

16                                 Attorney for Defendant METROPOLITAN
                               PROPERTY AND CASUALTY

17                                 INSURANCE COMPANY

18

19

20

21

NOTICE OF MOTION AND MOTION BY DEFENDANT TO TRANSFER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

This case concerns a disputed claim to underinsured motorist benefits. Met P&C initiated an action regarding this claim in the United States District Court for the Northern District of Alabama on June 14, 2016 (the "Alabama action"). Nearly three months later, Plaintiffs filed a competing action in the Superior Court for Riverside County, California. Certain non-diverse parties were dismissed from that action in February of this year, and Met P&C removed the case to this Court on March 1, 2017. Federal law, however, has long recognized that two federal courts should not decide a similar case, involving similar issues, and similar parties on parallel tracks. The first-to-file rule operates to prevent this inefficiency and directs that the court in the later-filed action should either stay, transfer, or dismiss the later-filed case. Pursuant to this rule, Met P&C respectfully requests that this Court transfer this litigation to the United States District Court for the Northern District of Alabama. The first-to-file rule dictates this result and 28 U.S.C. § 1404(a) further confirms the propriety of transfer given that this case concerns a claim made by citizens of the State of Alabama, on an insurance policy delivered in Alabama, governed by Alabama law. This action has no place in a California forum.

1

## II. ARGUMENT

2

**A. The First-to-File Rule Applies.**

3

This case is already being litigated in another court. Plaintiffs' attempt to have it decided here too is completely improper. As the Ninth Circuit explained, the "first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). The rule exists to promote efficiency and "should not be disregarded lightly." *Id.* (citations omitted). To decide whether the rule applies, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* at 1240. All of these elements are satisfied.

The first factor is easily met—the Alabama action was filed before this one. *Compare* Alabama action complaint filed in June 2016, (Ex. 1 to Decl. of Linda Oliver) *with* California complaint filed three months later (Doc. 1-1). The second factor is too—the parties in these two cases are identical: Met P&C on the one hand, and Eric and Kerri Cisney on the other.[1] *Compare* Notice of Removal (Doc. 1) *with* Alabama complaint (Ex. 1). Finally, the issues in these two cases are substantially similar. The Ninth Circuit has held that in order to trigger the first-to-file rule the "issues in both cases . . . need not be identical, only substantially similar." *Kohn Law*

*Grp., Inc.*, 787 F.3d at 1240. "To determine whether two suits involve substantially similar issues, [the court] look[s] at whether there is 'substantial overlap' between the two suits." *Id.* at 1241. This action substantially overlaps with the already pending Alabama action.

Here, the Plaintiffs allege that Met P&C breached its insurance policy by failing to pay UIM benefits. (Complaint, Doc. 1-1, at ¶¶ 46, 47). Plaintiffs also seek a declaration that they are entitled to benefits under the Policy. (*Id.* at ¶ 75). All of the other counts against Met P&C derive from this claim for Policy benefits. For example, Plaintiffs contend that Met P&C acted in bad faith; engaged in unfair business practices; interfered with economic advantage; and violated the elder abuse act. These other counts, however, are based on the same nucleus of fact as the breach of contract and declaratory judgment counts—namely, that Met P&C wrongly denied coverage for UIM benefits. This alleged wrongful denial of coverage is the exact same issue at stake in the Alabama action.

There, Met P&C filed a complaint seeking a declaration that it properly denied benefits under the Policy. (Ex. 1). Plaintiff has moved to file a counterclaim for breach of contract. (Decl. of Linda Oliver, Ex. 2 [Ala. Motion to Amend]). Accordingly, the issues between this case and the Alabama action "substantially overlap" and all elements of the first-filed rule are met.

---

[1] Notably, the rule does not even require exact identity of parties, s*ee Kohn Law Grp., Inc*, 787 F.3d at 1240. And, while this action initially included other defendants, all of

- 3 -

1   While the first-to-file rule has certain exceptions, none apply here.  The Ninth

2   Circuit has identified the "circumstances under which an exception to the first-to-file

3   rule typically will be made [as] includ[ing] bad faith; anticipatory suit; and forum

4   shopping."  *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)

5   (citations omitted).  "Bad faith is evident when the plaintiff in the first action induces

6   the other party to rely, in good faith, on representations made by the plaintiff that it

7   will not file first in order to preempt the other party from filing a suit in its preferred

8   forum."  *Therapy Stores, Inc. v. JGV Apparel Grp., LLC*, 2016 WL 4492583, at *5

9   (N.D. Cal. Aug. 26, 2016).  No bad faith occurred here.  Met P&C did not attempt to

10  secure an Alabama forum by stating it would not file first.  "A suit is anticipatory

11  where a plaintiff files it upon receipt of 'specific, concrete indications that a suit by

12  the defendant is imminent.'"  *Id.* at *4.  That situation did not occur either.  The

13  Alabama action was not filed in a "race to the courthouse."  Finally, Met P&C did not

14  engage in forum shopping by bringing suit in Alabama.  The Cisneys are from

15  Alabama, (Doc. 1-1 at ¶¶ 3-4), so Met P&C simply brought suit in the Cisneys' home

16  forum.  No exception operates to foreclose application of the rule.

17  **B.     This Action Should Be Transferred to the United States District Court for the Northern District of Alabama.**

18   Because the first-to-file rule applies, the case should not proceed in this Court.

19  The Court may either, stay, dismiss, or transfer an action when a similar complaint has

20  

21  those other parties have been dismissed.  Doc. 1 at ¶ 10.

- 4 -

already been filed in another federal court. *United States v. One Oil Painting Entitled Femme en Blanc by Pablo Picasso*, 362 F. Supp. 2d 1175, 1184 (C.D. Cal. 2005). Typically, the remedy of stay is appropriate when the first-filed action presents a likelihood of dismissal. *See Therapy Stores, Inc. v. JGV Apparel Grp., LLC*, 2016 WL 4492583, at *3 (N.D. Cal. Aug. 26, 2016). The Alabama Action has been pending since June of last year. No motion to dismiss has been filed or is pending. Dismissal, therefore, is unlikely and a stay is not the appropriate remedy. A transfer, however, serves the interest of judicial economy by ensuring that only one court decides what benefits should be paid under the Policy. A transfer (as opposed to dismissal) also provides Plaintiff an opportunity to present its claims for extracontractual relief. The Court, therefore, should transfer this action to the Northern District of Alabama.

**C. The Factors for Transfer Under 28 U.S.C. § 1404(a) Confirm That This Action Should be Transferred.**

Although the first-to-file rule squarely governs, transfer would also be appropriate under 28 U.S.C. § 1404(a). Under § 1404(a), an action may be transferred to a court where the case "might have been brought" for the convenience of the parties and in the interests of justice. 28 U.S.C. § 1404(a). As evidenced by the currently pending Alabama action, this case could have been brought in the Northern District of Alabama. The other factors considered on a transfer motion also weigh in favor of transfer. The Ninth Circuit has instructed that the Court consider:

(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). This is an action on an Alabama contract, that was delivered or issued for delivery in Alabama, and that is governed by Alabama law.[2]  (Decl. of Linda Oliver, Ex. 3, Response to RFAs). Alabama, therefore, is the location where the agreement was negotiated and the forum most familiar with the governing law. The Plaintiffs are citizens of, and reside in, Alabama. (California Complaint, Doc. 1-1 at ¶¶ 3-4). Many of Mr. Cisney's treating medical providers who might be necessary witnesses to establish his damages are located in the Northern District of Alabama. Thus, the access to proof is easier in Alabama. The cost of litigating the case will also be lower in Alabama since the Cisneys reside there and much of the evidence relevant to this case is located there.

The only tie this case has to California is that the accident occurred here and that the alleged tortfeasor is located in California. Plaintiffs, however, have released the tortfeasor so he will not be a material witness in this case and this connection to California should be given little weight.

On balance, the convenience factors weigh heavily in favor of transfer to the Northern District of Alabama. Accordingly, transfer is appropriate not only under the first-to-file rule but also under § 1404(a).

### III.   CONCLUSION

For the foregoing reasons, Met P&C respectfully requests that this action be transferred to the United States District Court for the Northern District of Alabama.

Respectfully submitted this 25th day of April 2017.

        MAYNARD, COOPER & GALE, LLP

        By: */s/ Linda B. Oliver*
        Linda B. Oliver

        Attorney for Defendant
        METROPOLITAN PROPERTY AND
        CASUALTY INSURANCE COMPANY

---

[2] California's underinsured motorist statute is clear that it applies to policies "issued or delivered in this State." Cal. Ins. Code § 11580.2. By Plaintiff's own admission, the Policy was issued in Alabama so California's underinsured motorist law does not apply to this case.

# PROOF OF SERVICE

STATE OF CALIFORNIA            )
COUNTY OF SAN FRANCISCO   )

I am employed in the County of San Francisco, State of California. I am over the age of 21 and am not a party to the within action. My business address is Maynard, Cooper & Gale, LLP, 600 Montgomery Street, Suite 2600, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION BY DEFENDANT TO TRANSFER**

on the interested parties in this action by placing: [ ] the original document - OR- [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

Robert Grey Johnson, Jr., Esq. (SBN #64248)
27136 Paseo Espada B-1121
San Juan Capistrano, CA 92675

Law Offices of Robert G Johnson, JR
41391 Kalmia Street Ste 210
Murrieta, CA 92562
(951) 667-1700

Attorneys for Plaintiffs
Eric Cisney and Kerri Cisney

[X] **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed above on the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed April 25, 2017, in San Francisco, California.

_____
Claudia Wu