1  Robert G. Johnson, Jr., Esq. SBN 64248
   LAW OFFICES OF ROBERT G. JOHNSON, JR.
2  41391 Kalmia Street, Suite 210
   Murrieta, California 92562
3  Telephone (951) 667-1700 Facsimile (951) 461-7700

4  Attorney for Plaintiffs, ERIC CISNEY and KERRI CISNEY

5

6               UNITED STATES DISTRICT COURT

7          FOR THE CENTRAL DISTRICT OF CALIFORNIA

8                    EASTERN DIVISION

9

10 ERIC CISNEY; KERRI CISNEY          ) Case No: 5:17-cv-0389 JGB (DTBx)
                                      )
11        Plaintiffs,                 )
                                      )
12        v.                          ) **PLAINTIFF'S NOTICE OF MOTION**
                                      ) **AND MOTION TO COMPEL**
                                      ) **ARBITRATION; MOTION TO STAY;**
13 METROPOLITAN PROPERTY AND          ) **MEMORANDUM OF POINTS AND**
   CASUALTY INSURANCE COMPANY,        ) **AUTHORITIES; DECLARATION OF**
14                                    ) **ROBERT G. JOHNSON, JR.;**
          Defendant.                  ) **[PROPOSED] ORDER**
15                                    )
                                      ) **Date:  June 12, 2017**
16                                    ) **Time: 9:00 a.m.**
                                      ) **Courtoom: "1"**
17                                    )
                                      )
18                                    )
                                      )
19                                    )
   _____)

20

21

22

23

24

25

26

27

28

- 1 -
PLAINTIFFS' MOTION TO COMPEL ARBITRATION

1  **TO DEFENDANT AND ITS ATTORNEYS FOR RECORD:**

2      **PLEASE TAKE NOTICE** that on June 12, 2017 at 9:00 a.m., or as soon thereafter as the

3  matter may be heard in Courtroom 1, of the above-entitled Court located at 3470 Twelfth Street,

4  Riverside, California 92501, plaintiffs Eric Cisney and Kerri Cisney, will move, and hereby, do

5  move, for an order compelling arbitration of the claims related to underinsured motorist benefits.

6  An order compelling arbitration is warranted because said claims are subject to a written and

7  enforceable arbitration agreement between the interested parties.

8      Plaintiffs further move this Court for an order to stay further proceedings in this action

9  pending the completion of arbitration.

10      This Motion is made pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9

11  U.S.C. §§3, 4.

12      This motion is based upon this Notice of Motion and Motion, the attached Memorandum of

13  Points and Authorities, the Declaration of Robert G. Johnson, Jr., the exhibits accompanying these

14  declarations, all other papers, pleadings and records on file herein, and on such other matters as may

15  properly come before the Court during oral argument or otherwise.

16      This motion is made following the conference of counsel pursuant to L.R. 7-3 which took

17  place beginning on March 28, 2017.

18

19  Dated:  May 2, 2017                                    Law Offices of Robert G. Johnson, Jr.

20

21

22

23

24                                                         Robert G. Johnson, Jr.
                                                           *Attorney for Plaintiffs,*
25                                                         Eric Cisney and Kerri Cisney

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2 **I.    INTRODUCTION AND STATEMENT OF FACTS**

3          On or about July 17, 2015, Eric Cisney was severely injured in an automobile accident that

4   occurred in Thermal, California.  He was a back seated passenger in a Riverside Fire Dept. Fire

5   Truck, helping to respond to an emergency fire call at about 11:30 p.m.  He was employed by Cal.

6   Fire, Dept. of Forestry, for whom he had been employed as a firefighter for 17 years.  He held the

7   rank of Fire Captain, and was 42 years of age.

8          This incident was caused by the negligence of an underinsured driver, Jesus Rosales, who

9   was insured at the time through a policy with Foremost Insurance, a subsidiary of Farmers

10  Insurance Group.  At the time of that incident, both Eric Cisney and his wife, Kerri Cisney, were

11  insured under a policy of automobile liability insurance [Policy Number 6572519330] issued by

12  Metropolitan Property and Casualty Insurance Company (hereafter "Met P&C"), which included

13  underinsured motorist coverage. The auto policy was purchased in Alabama, where the couple

14  lived. Mr. Cisney was employed in California by Cal Fire, but commuted monthly from Alabama

15  to California for work on Delta Airlines as a "Premiere Flyer, which afforded him reduced roundtrip

16  airfares.  He would routinely work 16 days on, and 14 days off, returning home to Alabama once a

17  month to be with his family, his wife and one year old son, born in August, 2014.  Plaintiffs

18  sustained losses compensable under their underinsured motorist coverage provided by the policy of

19  insurance issued by Met P&C.

20         Defendant driver, Jesus Rosales, was determined to be the sole cause of this accident

21  collision, and his insurance carrier, Foremost Insurance Co., a subsidiary of Farmers Insurance,

22  accepted 100% liability for this loss.  As a result of this extreme collision at a high rate of speed, the

23  Rosales' vehicle was declared a total loss.  Eric Cisney and another Cal Fire passenger, Jesus

24  Ortega, were seriously injured in this collision.

25         Mr. Cisney was immediately placed on disability leave, and within a few months, it was

26  determined that he would need rotator cuff surgery, which he underwent by his surgeon in

27  Huntsville, AL.  Unfortunately, the surgery was not totally successful, and Mr. Cisney will likely

28  have to undergo another reconstructive surgery at a later date.  In addition, he suffered injuries to

1    his neck, lower back and hip.  His injuries became so debilitating that he was forced to resign his
2    position at Cal. Fire, and accept an involuntary early retirement from his PERS position.  He could
3    no longer wear the 85 lbs. of fire clothing and equipment gear, nor could he lift the 165 lb. ladders
4    necessary to respond to building fires or to traverse burning mountainous terrain.  He retired in
5    June, 2016, at the age of 42.  He will no longer be able to be employed by the Dept. of Forestry for
6    the State of California.

7    In addition to his third party complaint against Mr. Rosales, Mr. Cisney submitted a
8    Workers Compensation claim to his employer, which is now pending before the Riverside Workers
9    Compensation Appeals Board.  In that action he is adjudicating his injuries to the above-referenced
10   body parts, shoulder, hip, neck, and lower back.  He has recently settled by Stipulation of Findings
11   and Award, the shoulder and hip, with a combined ratable permanent partial disability of 32%.  The
12   matter settled recently for $44,080.00, leaving open his future medical bills.

13   Foremost Insurance Co. insured Jesus Rosales, and tendered its policy limits in the amount
14   of $50,000.  This check was received in May, 2016, but has not been yet cashed.  It contains the
15   name of the lien holder, State Compensation Insurance Fund.  SCIF refuses to allow Mr. and Mrs.
16   Cisney to negotiate the check while its lien for over $60,000 remains unresolved.  Also at issue in
17   that controversy is the comparative fault of the driver, another member of the Cal Fire first
18   responder team who was involved in the collision.  SCIF is claiming the entire amount of the third
19   party settlement, despite the fact that Kerry Cisney is also a plaintiff in that underlying case, and has
20   also received no compensation for her Loss of Consortium claim, which is subsumed in the
21   underlying third party claim with Foremost Ins. Co.

22   On May 9, 2016, subsequent to the execution of the settlement agreement with Foremost,
23   Eric Cisney made a written demand on Met P&C for the applicable underinsured motorist coverage
24   limits under the policy.  Plaintiff denied the claim, asserting a defense that its insured, Eric Cisney,
25   failed to request and obtain permission to "settle his bodily injury claim" with Foremost's insured
26   driver, thereby voiding any underinsured motorist coverage.  Met P&C then filed an action seeking
27   declaratory relief in the United States District Court for the Northern District of Alabama, under

28

1  case number 5:16-cv-00973. It was necessary for Mr. and Mrs. Cisney to engage separate counsel
2  in Birmingham, AL, in order to defend the declaratory relief action.

3      On September 2, 2016, Eric and Kerri Cisney brought an action for tortious breach of the
4  duty of good faith and fair dealing, among other causes of action, against Met P&C in California
5  Superior Court under case number PSC 1604367. Other named defendants in that case, driver Jesus
6  Rosales, and SCIF, were subsequently dismissed and the case was removed to Federal Court and
7  converted to the instant action. The Rosales claim was settled for the policy limits, and the SCIF
8  subrogation claim, though not resolved, was temporarily relegated to the WCAB for resolution, and
9  offset for comparative negligence under the holding in *Witt vs. Jackson* (1961) 57 C2d 57.

10     The settlement release between Eric Cisney and Jesus Rosales was flawed as it did not name
11 Kerri Cisney as a releasor for her valid claim for loss of consortium related to the underlying
12 incident. In addition, Foremost failed to include the name of the driver on the Release, and only the
13 owner of the vehicle.  On December 29, 2016, Foremost Insurance rescinded the formerly executed
14 settlement agreement between its insured and Eric Cisney and issued a new, unexecuted settlement
15 agreement which properly addressed all interested parties. Foremost's letter of rescission and the
16 proposed and unexecuted settlement agreement are attached hereto under Exhibit A.

17     On January 5, 2017, counsel for Met P&C was presented with confirmation that the
18 previously executed settlement agreement between Eric Cisney and Foremost's insured had been
19 rescinded. Also at that time, Eric Cisney requested Met P&C's permission to settle the underlying
20 third-party claim. Met P&C ultimately relented in denying Eric and Kerri Cisney's claims for UIM
21 benefits and allowed that underlying settlement to go forward. The parties to the UIM claim, the
22 Cisney's and Met P & C, continued with settlement discussions. However, after substantial
23 discussions over the value of the UIM claim, negotiations failed. Thus, a valid dispute exists as to
24 the value of the damages alleged by and through Eric and Kerri Cisney's UIM claim against the
25 policy of insurance issued by Met P&C. Plaintiff has produced the entire medical file, the entire
26 WCAB file, and an amount of lifetime loss of earnings of over $900,000.00, which would totally
27 consume the combined policy limits of the insurance policies of Eric and Kerri Cisney. [Alabama
28 allows for the stacking of their policies, each of which contains bodily injury limits of $250,000,

thus providing coverage in the amount of $500,000 to the husband and wife for Eric Cisney's injuries, and Kerri Cisney's Loss of Consortium claim.]

## II.   DISCUSSION.

### A.   Arbitration is Compelled under the Federal Arbitration Act.

The FAA provides that a written contract provision expressing the parties' intent to resolve disputes through arbitration is not only valid, but "irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2. This is true irrespective of contrary state law or any choice of law provisions in the contract. *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1269 (7th Cir. 1976).

Further, the U.S. Supreme Court has concluded that an insurance company, like Met P&C, is subject to federal regulation under the Commerce Clause because such companies engage in acts of interstate commerce by conducting business beyond state lines. *United States v. South–Eastern Underwriters Association,* 322 U.S. 533, 552–53, 64 S.Ct. 1162, 88 L.Ed. 1440 (1944).

"[T]he Supreme Court has interpreted the phrase 'involving commerce' very broadly, holding that it extends beyond 'persons or activities within the flow of interstate commerce' to include anything that affects commerce." *Clay v. Permanente Med. Grp., Inc.,* 540 F. Supp. 2d 1101, 1105 (N.D. Cal. 2007).

Thus, it is appropriate to apply the FAA here because the subject arbitration clause is a written provision in a home and automobile insurance contract involving commerce within the meaning of 9 U.S.C. §2.

### B.   Plaintiffs' Written Contract with Defendant Contains an Enforceable Arbitration Provision.

Plaintiffs' written contract with Defendant requires the arbitration of the dispute over the value of Plaintiffs damages as alleged within their claim for underinsured motorist benefits. Specifically, the contract agreement, under Endorsement AE40AL 0513, provides:

"B. ARBITRATION

    1. THE ARBITRATION PROVISION WILL NOT APPLY IF LEGAL ACTION HAS BEEN COMMENCED BY THE INSURED AGAINST THE OWNER OR OPERATOR OF AN UNINSURED MOTOR VEHICLE.

    2. THE ARBITRATION PROVISION APPLIES AS FOLLOWS:

a. IF WE AND A COVERED PERSON DO NOT AGREE:

    i. WHETHER THAT COVERED PERSON IS LEGALLY ENTITLED TO RECOVER DAMAGES; OR

    ii. AS TO THE AMOUNT OF DAMAGES WHICH ARE RECOVERABLE BY THAT COVERED PERSON;

FROM THE OWNER OR OPERATOR OF AN UNINSURED MOTOR VEHICLE THEN THE MATTER MAY BE ARBITRATED.  HOWEVER, DISPUTES CONCERNING COVERAGE UNDER THIS PART MAY NOT BE ARBITRATED.

BOTH PARTIES MUST AGREE TO ARBITRATION.  IF SO AGREED, EACH PARTY WILL SELECT AN ARBITRATOR.  THE TWO ARBITRATORS WILL SELECT A THIRD.  IF THEY CANNOT AGREE WITHIN 30 DAYS, EITHER  MAY REQUEST.

THAT SELECTION BE MADE BY A JUDGE OF A COURT HAVING JURISDICTION.

THE ARBITRATION PROCEEDINGS SHALL COMMENCE WITHIN ONE YEAR AFTER THE DATE BOTH PARTIES AGREE TO SETTLE A DISPUTE BY ARBITRATION.

b. EACH PARTY WILL:

    i. PAY THE EXPENSES IT INCURS; AND
    ii.BEAR THE EXPENSES OF THE THIRD ARBITRATOR EQUALLY.

c. UNLESS BOTH PARTIES AGREE OTHERWISE, ARBITRATION WILL TAKE PLACE IN THE COUNTY IN WHICH THE COVERED PERSON LIVES.  LOCAL RULES OF LAW AS TO PROCEDURE AND EVIDENCE WILL APPLY.  A DECISION AGREED TO BY AT LEAST TWO OF THE ARBITRATORS WILL BE BINDING AS TO:

    i. WHETHER THE COVERED PERSON IS LEGALLY ENTITLED TO RECOVER DAMAGES; AND
    ii.THE AMOUNT ODAMAGES.  THIS APPLIES  ONLY IF THE AMOUNT DOES  NOT  EXCEED THE MINIMUM LIMIT FOR BODILY INJURY SPECIFIED BY THE FINANCIAL RESPONSIBILITY LAW OF ALABAMA.  IF THE AMOUNT EXCEEDS THAT LIMIT, EITHER PARTY MAY DEMAND THE RIGHT TO ATRIAL.  THIS DEMAND MUST BE MADE WITHIN 60 DAYS OF THE ARBITRATORS' DECISION.  IF THIS DEMAND IS NOT MADE, THE AMOUNT OF DAMAGES AGREED TO BY THE ARBITRATORS WILL BE BINDING."

**C.**    **The Terms of the Arbitration Provision are Sufficient to Compel Arbitration of this Dispute.**

1

2        There exists a robust federal policy that favors arbitration, and courts have been consistent in

3   broadly construing arbitration agreements, resolving any doubts concerning the scope of arbitrable

4   issues in favor of arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Contr. Corp.,* 460 U.S. 1,

5   24-25 (1983); *Fedmet Corp. v. M/V Buyalk*, 194 F.3d 674, 676 (5th Cir. 1999). Furthermore, where

6   a pending action contains both arbitrable and non-arbitrable claims, the FAA requires courts to

7   compel arbitration of the arbitrable claims, even where this may result in inefficient maintenance of

8   separate proceedings in different forums. *KPMG, LLC v. Cocchi,* 132 S.Ct. 23, 24-26 (2011).

9        Here, as demonstrated above, the dispute over the value of Plaintiffs' UIM claim constitutes

10  an arbitrable claim, and indeed, defendant Met P&C has agreed to arbitrate this issue. In fact, all

11  parties have agreed, verbally, to dismiss, without prejudice, all outstanding pending actions, both in

12  California and Alabama, and arbitrate the limited issue of the value of Plaintiffs' UIM claim. The

13  last remaining barrier to resolving this unnecessarily complex matter is agreeing to a venue for

14  arbitration.

15  **D.      The Subject Policy Language Should Not Control Arbitration Venue Selection.**

16       It is a basic principle in contract law that ambiguities in contracts are to be resolved against

17  the drafter. The subject policy contains language stating that "unless both parties agree otherwise,

18  arbitration will take place in the county in which the covered person lives." This language is

19  ambiguous and vague. The term "lives," here, has no purposeful legal meaning, thus it would be

20  impossible to interpret this language and infer that it is meant to serve as a venue selection.

21       To be enforceable, forum and/or venue selection clauses in contracts must be precise and

22  unequivocal. The language here is not sufficiently clear. Which venue applies when a covered

23  person "lives" in two or more states, spending an equal amount of time in each. As it happens, at

24  the time of the underlying automobile accident, plaintiff Eric Cisney spent approximately six

25  months of the year living in California and the rest in Alabama. Had he not sustained career-ending

26  injuries in that accident, he would have continued to "live" in both California and Alabama.

27       Under 9 U.S.C. §4, "the court shall hear the parties, and upon being satisfied that the making

28  of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall

1  make an order directing the parties to proceed to arbitration in accordance with the terms of the

2  agreement.  The hearing and proceedings, under such agreement, *shall be within the district in*

3  *which the petition for an order directing such arbitration is filed."*

4      Thus, because the language addressing venue selection within the subject arbitration

5  agreement is unenforceable, Plaintiffs request this Court compel arbitration to be venued in

6  California, in accordance with the FAA.

7      **E.      The Public Policy in California Is to Arbitrate Under-insured Motorist Claims.**

8      In California, automobile insurance policies providing uninsured motorist coverage must

9  also include underinsured motorist coverage (Ins. C. §11580.2).  The minimum limits are the same

10  as for uninsured motorist coverage.  (Ins. C. § 11580.2(p)(7).

11

12      Insurance Code Section 11580.2(f) provides that, in the event of a dispute between insurer

13  and insured, the determination as to whether the insured is entitled to recover damages and the

14  amount of such damages "shall" be made by arbitration. [Ins. C. § 11580.2(f)] Following the

15  settlement of the underlying third party claim of Mr. and Mrs. Cisney against Jesus Rosales with

16  Foremost Ins. in the amount of $50,000,  they made a claim to Metropolitan Property & Casualty

17  ("Met P & C"), requesting Arbitration of their Underinsured Motorist claim for damages exceeding

18  the Foremost Ins. policy. [Ins. C. § 11580.2(i)(1)(c)].  See attached hereto as Exhibit B a true and

19  correct of plaintiff's Request for Arbitration.  Met P & C failed to respond to this request.  Instead,

20  it has filed a Motion with this Court to transfer the case to Alabama for the purpose of litigating the

21  Underinsured Motorist claim of plaintiffs.

22

23      If the insurer refuses to arbitrate or the parties cannot agree on the method of arbitration, the

24  proper remedy is to file a petition for an order compelling arbitration (CCP § 1281.2) or appointing

25  an arbitrator (CCP § 1281.6).  [Ins. C. § 11580.2(f); see *Gordon v. G.R.O.U.P., Inc.* (1996) 49

26  CA4th 998, 1005.]

27

28

1
2

**F.     The Court Should Stay Further Proceedings Pending the Conclusion of Arbitration.**

3       Section 3 of the FAA permits this Court to stay this action pending the conclusion of
4  arbitration between the Plaintiffs and Defendant.

5       Defendant has sought to transfer Plaintiffs' claims under the instant action to Alabama in
6  order to join the now moot declaratory action pending there.  As has been outlined above, resolution
7  of Plaintiffs' UIM claim will potentially act to resolve all pending matters stemming from the 2015
8  accident and thus obviate the need for all interested parties, including the Courts, to direct any
9  further valuable resources toward this matter.

10       Thus, it is with those interests in mind that Plaintiffs request this Court stay proceedings
11  pending the outcome of arbitration.

12  **III.   CONCLUSION.**

13       Based upon the foregoing, Plaintiffs respectfully request that the Court grant their motion to
14  compel arbitration and stay this action pending completion thereof.

15

16  Dated: May 2, 2017                                      Law Office of Robert G. Johnson, Jr.

17

18

19

20                                                          Robert G. Johnson, Jr.
21                                                          *Attorney for Plaintiffs,*
                                                            Eric Cisney and Kerri Cisney

22

23

24

25

26

27

28

PLAINTIFFS' MOTION TO COMPEL ARBITRATION

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on May 2, 2017, a true and correct copy of the foregoing documents:
**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION;**
3   **MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES**
was filed with the Clerk of court using the CM/ECF system, which will send notice of the electronic
4
filing to all counsel of record.
5

6

7
Robert G. Johnson, Jr.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION TO COMPEL ARBITRATION