|  | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | **JS-6** |
|---|---|---|

| Case No. | **EDCV 17-0389 JGB (DTBx)** | Date | June 6, 2017 |
|---|---|---|---|
| Title | *Eric Cisney, et al. v. Metropolitan Property and Casualty Insurance Co.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**  Order (1) GRANTING Defendant Metropolitan Property and Casualty Insurance's Motion to Transfer (Dkt. No. 9); (2) DENYING Plaintiffs Eric and Kerry Cisney's Motion to Compel Arbitration as MOOT; and (3) VACATING the hearing on June 12, 2017 (IN CHAMBERS)

     Before the Court are two motions: (1) Defendant Metropolitan Property and Casualty Insurance Company's Motion to Transfer Case (Dkt. No. 9); and (2) Plaintiffs Eric Cisney and Kerri Cisney's Motion to Compel Arbitration.  (Dkt. No. 10.)  The Court finds these matters appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After consideration of the papers filed in support of and in opposition to the Motion to Transfer, the Court GRANTS the Motion to Transfer.  Accordingly, the Court DENIES the Motion to Compel Arbitration as MOOT, and VACATES the June 12, 2017 hearing.

## I. BACKGROUND

     Plaintiffs Eric and Kerri Cisney (collectively, the "Cisneys"), residents of the state of Alabama, were insured under an automobile liability policy (the "Policy") by Defendant Metropolitan Property and Casualty Insurance Company ("Met P&C,").  ("Complaint," Dkt. No. 1-1 ¶¶ 3-4, 10.)  On or about July 17, 2015, Plaintiff Eric Cisney was injured in an automobile accident that occurred during the course of his employment as a firefighter for the California Department of Forestry.  (Id. ¶ 12; "Opposition," Dkt. No. 17 at 5.)  The accident was caused by the negligence of an underinsured driver and resulted in damages, which the Cisneys claim are compensable under the Policy.  (Compl. ¶ 12.)

On June 14, 2016, Met P&C filed a complaint for declaratory judgment against the Cisneys in the Northern District of Alabama (the "Alabama action"). (Oliver Decl. Ex. 1 at 1.) Then, on September 2, 2016, the Cisneys filed this action against Met P&C and other parties in the Superior Court for the County of Riverside. (See Compl. at 1.) The Complaint asserts seven claims: (1) tortious breach of duty of good faith and fair dealing; (2) breach of contract; (3) negligence; (4) violation of Business and Professions Code § 17200 et seq.; (5) intentional interference with prospective economic advantage; (6) violation of the Elder Abuse, Welfare, & Institutions Code § 15610.30; and (7) declaratory relief. (Id.)

Met P&C filed its Motion to Transfer Case ("Motion to Transfer") on April 25, 2017, seeking transfer of this matter to the Northern District of Alabama pursuant to the first-to-file rule and 28 U.S.C. § 1404(a). ("MTC," Dkt. No. 9.) The Cisneys opposed the Motion to Transfer on May 11, 2017, ("MTC Opposition," Dkt. No. 17), and Met P&C filed its reply memorandum on May 26, 2017. ("MTC Reply," Dkt. No. 21.)

On May 2, 2017, Plaintiff filed a Motion to Compel Arbitration. ("MTCA," Dkt. No. 10.) Met P&C opposed the Motion to Compel Arbitration on May 22, 2017. ("MTCA Opp'n" Dkt. No. 20.) The Cisneys failed to timely file their reply memorandum.

## II.   MOTION TO TRANSFER

### A.   Legal Standard

Under the comity doctrine, a district court may decline jurisdiction over a matter if a complaint has already been filed in another district. Church of Scientology of Cal. v. United States Dep't of Army, 611 F.2d 738, 749 (9th Cir. 1979) overruled on other grounds by Animal Legal Def. Fund v. United States Food & Drug Admin., No. 13-17131, 2016 WL 4578362 (9th Cir. Sept. 2, 2016). The doctrine is designed "to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." Id. at 750. The Ninth Circuit has further emphasized that "[t]he first-to-file rule was developed to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'" Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 625 (9th Cir. 1991) (quoting Church of Scientology, 611 F.2d at 750. However, the first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). "The most basic aspect of the first-to-file rule is that it is discretionary." Alltrade, Inc., 946 F.2d at 628.

When two actions involving similar parties and issues are commenced in separate forums, a court should typically give preference to the first-filed plaintiff's choice of forum under the first-to-file rule. Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 269 (C.D. Cal. 1998). In determining whether to apply the first-to-file rule, courts consider three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and

(3) the similarity of the issues. Alltrade, Inc., 946 F.2d at 625-26. Courts have further clarified the second requirement does not mandate the two actions be identical, but is satisfied if they are

"substantially similar."  See, e.g., Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006).  However, a party to the later-filed action may request the court disregard the first-to-file rule pursuant to several equitable exceptions: (1) bad faith; (2) anticipatory suits; (3) forum shopping; and (4) a balance of convenience weighing in favor of the latter filed suit.  Guthy-Renker, 179 F.R.D. at 269; see also Alltrade, Inc., 946 F.3d at 628.

**B. Discussion**

Met P&C moves to transfer this action to the Northern District of Alabama on the ground that the first-to-file rule applies.  (MTC at 1.)  Met P&C argues the Alabama action was the first filed, the parties in these two actions are identical, and the issues involved in both actions are substantially similar.  (Id. at 2-4.)  Moreover, Met P&C contends the propriety of the requested transfer is confirmed by 28 U.S.C § 1404(a).  The Cisneys oppose the transfer and argue that Met P&C filed the Alabama action in bad faith and their choice of forum is entitled to deference.  (MTC Opp'n at 2-5.)

Whether the first-to-file rule applies turns on analysis of the three threshold factors: (1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues.  Alltrade, Inc., 946 F.2d at 625–26.  Here, there is no dispute that each of these factors favor Met P&C: (1) Met P&C filed its action for declaratory judgment on June 14, 2016 before the Cisneys filed the present action on September 2, 2016, (MTC at 2; Oliver Decl. Ex. 1 at 1); (2) the parties in both matters are the Cisneys on the one hand and Metro P&C on the other hand, (see Compl. at 1; Oliver Decl. Ex. 1 at 1); and (3) both matters derive from the benefits recoverable under the Policy.  (MTC at 2-4.)  Instead, the Cisneys argue equitable considerations require a departure from the first-to-file rule.  (MTC Opp'n at 3-5.)  Specifically, the Cisneys contend Met P&C filed the Alabama action in bad faith and the balance of convenience weighs in favor of this Court adjudicating the instant action.  (Id.)

According to the Cisneys, Met P&C seeks "to enforce a provision within its policy that required [the Cisneys] to request permission to settle any third-party bodily injury claim against an uninsured motorist."  (Id. at 4.)  The Cisneys argue Met P&C filed the Alabama action in bad faith on two grounds.  (Id.)  First, they claim Met P&C had constructive notice of the third-party claim via a letter of representation sent from the Cisneys' Counsel to Met P&C on September 30, 2015.  (Id.)  Second, because the third-party claim was against an underinsured, rather than an uninsured driver, and California does not authorize the subrogation of underinsured motorist claims by the insurers of its own uninsured, Met P&C knew or should have known that it had no basis to deny the Cisneys' claim.  (Id.)  In response, Met P&C contends its filing of the Alabama action does not constitute bad faith conduct and that the propriety of its denial of the Cisneys' claim does not have any bearing on the applicability of the first-to-file rule.  (MTC Reply at 3-4.)  The Court agrees with Met P&C.

"[B]ad faith is evident when the plaintiff in the first action induces the other party to rely, in good faith, on representations made by the plaintiff that it will not file first in order to preempt the other party from filing a suit in its preferred forum."  Therapy Stores, Inc. v. JGV Apparel Grp., LLC, No. 4:16-cv-02588-YGR (N.D. Cal. Aug. 26, 2016).  Filing first to establish tactical

advantage over the defendant, or engaging in good-faith negotiations prior to filing suit, does not establish bad faith conduct by the filing party.  Id.

Here, the Cisneys fail to demonstrate bad faith conduct on the part of Met P&C. Compare Ward v. Follet Corp., 158 F.R.D. 645, 649 (N.D. Cal. Oct. 25, 1994) (finding no bad faith where the first filing party engaged in nine months of discussion to resolve the action on grounds different from that raised in the complaint, and the defendant was not notified or served with the complaint for nearly four months after it was filed) with Payne v. Kennedy Johnson Gallagher LLC, No. CV-10-297-PHX-DGC, 2010 WL 2079928, at *2 (D. Ariz. 2010) (holding that the plaintiff had engaged in bad faith, as well as forum shopping, when the plaintiff represented to the defendant that he would provide the requested security interest only if there continued to be no litigation between the parties, after the plaintiff secretly filed suit just days before).  Instead, the Cisneys contest the propriety of Met P&C's denial of their claim by arguing Met P&C had constructive notice of their claim via a representation letter—not provided to the Court—and by referencing, but not specifically citing to, California law. (MTC Opp'n at 4.) The propriety of Met P&C's denial is a question of law that is not relevant to the determination of whether the first-to-file rule applies because the question of whether the Cisneys are entitled to benefits under the policy remains undecided in the Alabama action.  Moreover, there is no evidence that Met P&C made misrepresentations to the Cisneys to prevent them from filing in their preferred forum.  Thus, the bad faith exception does not apply.

The Court now turns to the parties' contentions regarding the balance of convenience. As previously stated, a court may relax the first-to-file rule "if the balance of convenience weighs in favor of the later-filed action."  Ward, 158 F.R.D. at 648.  While "the respective convenience of the two courts normally 'should be addressed to the court in the first filed action' rather than the court in the later-filed action," in some cases it may "be relevant for the court in the second-filed action to give consideration to the convenience of the parties and witnesses." Id. (quoting Alltrade, Inc., 946 F.2d at 628).  This inquiry is closely aligned with the change of venue analysis under § 1404, which also considers the convenience of the parties, witnesses, and evidence. Guthy-Renker, 179 F.R.D. at 272.

Here, with regard to the location of witnesses and evidence, Met P&C notes the following: (1) the Cisneys are citizens of, and reside in, Alabama; (2) Eric Cisney's treating medical providers, who may be necessary to establish damages, are located in Alabama; and (3) much of the evidence relevant to the case is in Alabama. (MTC at 6.)  Conversely, the Cisneys maintain the convenience analysis favors this Court retaining this action for the following reasons. (MTC Opp'n at 4-5.)  First, the underlying accident occurred in California, while Eric Cisney was working as a firefighter for the California Department of Forestry. (Id. at 5.)  Second, key witnesses and evidence are located in California. (Id. at 2, 5.)  The testimony of Dr. David Wood will support the Cisneys' claim for policy benefits is located in California. (Id.) Specifically, Dr. Wood acted as the Agreed Medical Examiner for Eric Cisney's workers compensation claim and determined that he could no longer be employed as a firefighter as a result of the accident. (Id.)  Dr. Wood's testimony is thus necessary to establish the value of Eric Cisney's claim. (Id.)  Another witness—an economist also based in California—may be required

to provide testimony as to the value of Eric Cisney's lost earning capacity.  (Id.)  Third, California is the location of Plaintiff's chosen counsel.  (Id. at 2.)  Fourth and finally, counsel for Met P&C, maintains offices in California.  (Id.)

Based on the foregoing, it appears that the Cisneys have some reasons for maintaining the action before this Court.  However, the Court does not find that the location of one key witness, a possible witness, and some evidence to be sufficient to justify departure from the first-to-file rule, particularly when the Cisneys do not reside in California.  The location of the Cisneys' chosen counsel is also insufficient to deviate from the first-to-file rule in these circumstances.  Met P&C clearly establishes the factors providing for the application of the first-to-file rule, while the Cisneys fail to demonstrate that equitable considerations outweigh the application of the rule in this case.  Therefore, the Court GRANTS Met P&C's Motion to Transfer the present action to the Northern District of Alabama.

### III.   MOTION TO COMPEL ARBITRATION

The Cisneys' Motion to Compel Arbitration is also before the Court.  As discussed above, the Court grants Met P&C's Motion to Transfer.  (See Part II.)  Therefore, the Court DENIES the Cisneys' Motion to Compel Arbitration as MOOT.

### IV.   CONCLUSION

For the foregoing reasons, MET P&C's Motion to Transfer is GRANTED and this matter is hereby TRANSFERRED to the Northern District of Alabama.  The Cisneys' Motion to Compel is accordingly DENIED as MOOT and the hearing on June 12, 2017 is VACATED.

**IT IS SO ORDERED.**